1. In The United States District Court For The District Of Delaware

Mustafa A. Whitfield 317479
1181 Paddock Road Smyrna Delaware 19977

vs.

Wilmington Police Department
Delaware Attorney General's Office

0-541 (Case #)

Civil Complaint

.. Jury Trial Requested

FILED
SEP - 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. Previous Lawsuits

A. I file a lawsuit which the number is 1:06-CV-512 and the Judges name is Gregory M. Sleet.

II. Exhaustion Of Administrative Remedies

The prisoner grievance system doesn't apply to this complaint.

III. Defendants

1) Wilmington Police Department
   1.) 4th and Walnut Street Wilmington, DE. 19801

2.) Attorney General's Office
    820 N. French Street Wilmington, DE. 19801

2.

IV. Statement Of Claim

1) On October 15, 2002 an arrest warrant was issued for my arrest for a robbery/shooting. Stated as "facts" for my arrested Detective Stephen Misetic of the Wilmington Police Department (WPD) claimed that Officers "positively identified" me as a suspect in this crime. Misetic also used as probable cause in this warrant that I fit the victim's description of the suspects. At my trial it was revealed that there were no officers who "positively identified" me. Detective Stephen Misetic made it up to justify my arrest or "hype" the report up. It was also revealed that Misetic changed the victims description of the suspects to match what I had on.

The victim didn't remember saying what Misetic put in his report but he did remember saying the suspects looked like twins. For some reason Misetic left that out. The victim's transcribed statement clearly states "Uh they had the white tee shirt uh whatever that was over their face and it was like uh a matching outfit like gray or dark black or charcoal uh..." Misetic says "Okay" the victim continues "Like a shirt in their pants like a uh was it uh like a I'm trying to think of that (CU) military might wear. Like you might go to the store and get you know like a matching, a whole outfit. Misetic said "Okay" the victim continues "Like that but it was just that same color (CU) outfit. Misetic asked "Both of them had on the same or...? The victim said "Yeah seemed it seemed to be (CU) Misetic said "Okay". Detective Misetic after he heard the victim's description of the suspects (the above is the transcribed

3.

interview) Misetic started typing in reports (which he stated as probable cause): "and described the other two subjects as black males who had their faces covered with white t-shirts except their eyes. He added that one of these subjects was wearing a dark gray shirt and the other was wearing a dark or black colored shirt."

Then after claiming I was seen running away from the crime (which again couldn't produce one person who saw this) he said: "Furthermore, your affiant can state that upon being stopped, Mustafa Whitfield BMN-17 D.O.B. 2-17-1986 was wearing a dark gray sweater with a white t-shirt under it and Emmanuel Robinson (co-defendant) was wearing a black shirt." Misetic said that as to say the victim didn't see their faces, but look he described their clothing. I had on a light gray sweater with Pepe Lepew covering the whole chest. Greawood Robinson had on a black shirt with light colored jeans. That's why when it came to writting the probable cause Misetic forgot about the matching outfits, the military clothing, the gray, charcoal or dark black, for probable cause you don't see what the victim said yet Misetic said "O'Kay" twice when the victim gave that description. So Misetic lied about me being identified by officers yet couldn't produce one person to verify this and lied about the victims description of the suspects to fit my description by not saying what the victim said.

On or around May 4, 2006 my stepfather Eddie Whitly took a hand written complaint to the Wilmington Police Station and the Delaware Attorney General's Office. The complaint to the Wilmington Police Department was that I wanted to file a complaint

against Detective Stephen Misetic for lying about officers positively identifying me as a suspect and lying about the victims description. I was told in July of 06 that because it was over three years ago they will not investigate a complaint against a police officer and that my complaint (my complaint about Misetic lying in my affidavit for probable cause) didn't fall under special circumstances to bypass department rules for an investigation.

2.) On January 29, 2004 Deputy Attorney General Martin B. O'Connor said that officers Matthew Derbyshire and David Prado would testify they saw me. O'Connor said that Prado jumped over a fence chasing the suspects, came over another fence, walked down a street and saw me and recognize me (and the guy I was walking with) as the person he was looking for who jumped over the fence. Neither Prado or Derbyshire said they saw me, and it was clear prior to trial they didn't from their reports, because neither put it in reports, it was Misetics fabrication and O'Connor running with it without stopping to ask if it was true. It's in all reports has probable cause.

From the complaint filed on or around May 4, 06, the State never responded when I asked for an investigation.

V. Relief:

1.) I would like for the Wilmington Police Department to investigate Detective Stephen Misetic promptly about my cases false affidavit and others if necessary and I would like to file charges.

2.) I would like to for the Attorney General's Office to investigate

5. Why O'Connor never investigated the reports that Misetic typed yet would go to trial off their information and I would like the A.G.'s office to investigate my complaint they never responded to.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this day of August 24th 2006.

Mustafa Whitfield
Mustafa Whitfield
317479