IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-541-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT | ) |
| and DELAWARE ATTORNEY | ) |
| GENERAL'S OFFICE | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Mustafa A. Whitfield ("Whitfield"), a prisoner incarcerated at the Delaware

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and  was

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)  For the

reasons discussed below, the claims against the Delaware Attorney General's Office are

dismissed as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Whitfield is allowed to proceed against the remaining defendant.

I.     **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.    ANALYSIS

Whitfield alleges that he made a request to the Wilmington Police Department and the Delaware Attorney General's Office to investigate a complaint he made against Detective Stephan Misetic ("Misetic"). Whitfield alleges that in October 2002 Misetic "made up" information to justify his arrest and further that Misetic "lied" in an affidavit to support a finding of probable cause for an arrest warrant. Whitfield alleges that when he requested an investigation in May 2006, he was told that because three years had passed, no investigation would take place on his complaint that Misetic had lied in the affidavit of probable because it did not "fall under special circumstances."

As discussed, one of the named defendants is the Delaware Attorney General's Office. The office of the Delaware Attorney General falls under the umbrella of the Delaware Department of Justice. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F3d 491 (3d Cir.

2001) (states are generally immune from private suits in federal court).  The Eleventh

Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction."

*Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 694 (3d Cir.1996) (citing Pennhurst State

*School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).  Because the Delaware Department

of Justice is a duly constituted state agency whose Eleventh Amendment immunity has not been

waived, it is immune from suit.  Accordingly, the court will dismiss Whitfield's claims against

the Office of the Attorney General for the State of Delaware.

## III.    CONCLUSION

Based upon the foregoing analysis, the claim against the defendant the Delaware Attorney

General's Office is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) as it is immune from suit.  Whitfield may proceed with his remaining claims against

the Wilmington Police Department.  An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

November 16, 2006
Wilmington, Delaware

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-541-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT | ) |
| and DELAWARE ATTORNEY | ) |
| GENERAL'S OFFICE | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of November, 2006, for the reasons set forth in the

Memorandum issued this date, IT IS HEREBY ORDERED that:

1.    The claim against the defendant Delaware Attorney General's Office is

DISMISSED without prejudice as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)

and 28 U.S.C. § 1915A(b)(1).

2.    The court has identified a cognizable claim within the meaning of 28 U.S.C. §

1915 and § 1915A(b) against the defendant Wilmington Police Department.  Whitfield is

allowed to proceed against this defendant.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2), 4(i) and (j), Whitfield shall complete and

return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining**

**defendant, the Wilmington Police Department**, as well as for the **chief executive officer for**

the City of Wilmington, Delaware.  Whitfield shall provide the court with one copy of the

complaint (D.I. 2) for service upon the remaining defendant.  **Whitfield is notified that the**

**United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have**

**been received by the clerk of the court.  Failure to provide the "U.S. Marshal 285" forms**

**for the remaining defendant and the chief executive officer for the City of Wilmington,**

**Delaware within 120 days of this order may result in the complaint being dismissed or**

**defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

      3.      Upon receipt of the completed "U.S. Marshal 285" form(s) as  required by

paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this

order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon

the defendant(s) identified in the 285 forms.

      4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of

Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been

received from a defendant, the United States Marshal shall personally serve said defendant(s)

pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related

to such service, unless good cause is shown for failure to sign and return the waiver.

      5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond to the

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice

of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities

and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.      **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

FILED

NOV 16 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3