IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MUSTAFA A. WHITFIELD,          :
                                  :

          Plaintiff,        :

                                  :

      v.                       :      C.A. No. 06-541 GMS

                                  :

WILMINGTON POLICE DEPARTMENT,  :

                                  :

          Defendant.      :

APPENDIX TO DEFENDANT WILMINGTON POLICE DEPARTMENT'S
OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

Vol. I

Andrea J. Faraone, Esquire (I.D. #3831)
Assistant City Solicitor
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant Wilmington Police
Department

Dated:  January 8, 2007

## TABLE OF CONTENTS

Vol. I

Plaintiff's § 1983 Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Civil Docket Sheet for *Whitfield v. Wilmington Police Dep't and Delaware Attorney General's Office*, D. Del., C.A. No. 1:06-cv-00541-GMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Memorandum Opinion dated November 16, 2006 in *Whitfield v. Wilmington Police Dep't and Delaware Attorney General's Office*, D. Del., C.A. No. 06-541-GMS. . . . . . . . . . . . . . . . . . . 10

Order dated November 16, 2006 in *Whitfield v. Wilmington Police Dep't and Delaware Attorney General's Office*, D. Del., C.A. No. 06-541-GMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Delaware Superior Court Criminal docket as of December 21, 2006 in *State of Delaware v. Whitfield*, I.D. No. 0210009174 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Order dated June 13, 2003 in *State of Delaware v. Whitfield*, I.D . No. 0210009174 (Del. Super. Ct.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Order dated July 7, 2003 in *State of Delaware v. Whitfield*, I.D . No. 0210009174 (Del. Super. Ct.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Deputy service sheet - subpoena return dated January 29, 2004 . . . . . . . . . . . . . . . . . . . . . . . 31

Subpoena to Jamila J. Reed dated January 22, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Notice of Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Motion for Habeas Corpus filed by Mustafa Whitfield in the Delaware Superior Court on November 2, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Delaware Superior Court Order dated November 3, 2004, denying Mustafa Whitfield's Petition for a Writ of Habeas Corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Petition for a Writ of Habeas Corpus filed by Mustafa Whitfield in the Delaware Superior Court on October 19, 2004, with attachments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Delaware Superior Court's Order dated November 17, 2004, denying Mustafa Whitfield's petition for habeas corpus and pro se motion to compel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Motion for Post Conviction Relief filed by Mustafa Whitfield in the Delaware Superior Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

Delaware Superior Court Order dated June 27, 2005 denying Mustafa Whitfield's Motion for
Post Conviction Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Delaware Supreme Court dockets for appeals filed by Mustafa Whitfield . . . . . . . . . . . . . . . . 71

Delaware Supreme Court Opinion dated December 29, 2004, denying
Mustafa Whitfield's direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

Supreme Court Order dated December 13, 2005 denying Mustafa Whitfield's applications for
post-conviction relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

Docket Sheet for Whitfield's federal Petition for a Writ of Habeas Corpus, D. Del., C.A. No.
1:06-cv-00137-GMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

Vol. II

Mustafa Whitfield's federal Petition for Writ of Habeas Corpus dated February 28, 2006
w/attachments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

Initial Crime Report prepared by Patrolman Matthew Derbyshire . . . . . . . . . . . . . . . . . . . . . . 136

Supplemental Crime Report prepared by Patrolman David Prado . . . . . . . . . . . . . . . . . . . . . . 139

Delaware Superior Court Trial Transcript for *State v. Whitfield, et al.* - January 29, 2004 . . . . 141

Delaware Superior Court Trial Transcript for *State v. Whitfield, et al.*- January 30, 2004  . . . . 155

Vol. III

Delaware Superior Court Trial Transcript for *State v. Whitfield, et al.*- February 3, 2004  . . . . 194

Delaware Superior Court Trial Transcript for *State v. Whitfield, et al.*- February 6, 2004  . . . . 221

Delaware Superior Court Verdict Transcript for *State v. Whitfield, et al.*- February 6, 2004  . . 252

Delaware Superior Court Hearing Transcript in *State v. Whitfield, et al.* - March 5, 2004 . . . . 259

Affidavit of Stephen Misetic w/attachments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 262

Investigative Reports Prepared by Detective Stephen Misetic . . . . . . . . . . . . . . . . . . . . . . . . . 266

Detective Stephen Misetic's handwritten notes of his October 15, 2002 interview of the victim at
Christiana Hospital . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 298

Arrest warrant application prepared by Detective Stephen Misetic for the arrest of Mustafa

Whitfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 306

Transcript of Detective Misetic's October 18, 2002 interview of the victim . . . . . . . . . . . . . 313

I. In The United States District Court For The District Of Delaware

Mustafa A. Whitfield 317479
1181 Paddock Road Smyrna Delaware 19977
vs.
Wilmington Police Department
Delaware Attorney General's Office

(Case #)

Civil Complaint

•• Jury Trial Requested

I. Previous Lawsuits.
A. I file a lawsuit which the number is 1:06-CV-512 and the Judge's name is Gregory M. Sleet.

II. Exhaustion Of Administrative Remedies
The prisoner grievance system doesn't apply to this complaint.

III. Defendants

1.) Wilmington Police Department
1.) 4th and Walnut Street Wilmington, DE. 19801

2.) Attorney General's Office
820 N. French Street Wilmington, DE 19801

000001

2.                                                    000002

IV. Statement Of Claim

1)  On October 15, 2002 an arrest warrant was issued for my arrest for a robbery/shooting. Stated as "facts" for my arrested Detective Stephen Misetic of the Wilmington Police Department (WPD) claimed that officers "positively identified" me as a suspect in this crime. Misetic also used as probable cause in this warrant that I fit the victim's description of the suspects. At my trial it was revealed that there were no officers who "positively identified" me. Detective Stephen Misetic made it up to justify my arrest or "hype" the report up. It was also revealed that Misetic changed the victims description of the suspects to match what I had on.

The victim didn't remember saying what Misetic put in his report but he did remember saying the suspects looked like twins. For some reason Misetic left that out. The victim's transcribed statement cleary states "? Uh they had the white tee shirt uh whatever that was over their face and it was like uh a matching outfit like gray or dark black or charcoal uh..." Misetic says "Okay" the victim continues "Like a shirt in their pants like a uh was it uh like a I'm trying to think of that (CU) military might wear. Like you might go to the store and get you know like a matching a whole outfit. Misetic said "Okay" the victim continues "Like that but it was just that some color (CU) outfit. Misetic asked "Both of them had on the same or...? The victim said "Yeah seemed it seemed to be" (CU) Misetic said "Okay." Detective Misetic after he heard the victims description of the suspects (the above is the transcribed

000003

3.

interview) Misetic started typing in reports(which he stated as probable cause):"and described the other two subjects as black males who had their faces covered with white t-shirts except their eyes. He added that one of these subjects was wearing a dark gray shirt and the other was wearing a dark or black colored shirt."

Then after claiming I was seen running away from the crime (which again couldn't produce one person who saw this) he said: "Furthermore, your affiant can state that upon being stopped, Mustafa Whitfield BMN-17, D.O.B. 2-17-1986 was wearing a dark gray sweater with a white t-shirt under it and Emmanuel Robinson(co-defendant was wearing a black shirt." Misetic said that as to say the victim didn't see their faces, but look he described their clothing. I had on a light gray sweater with Pepe Lapew covering the whole chest area and Robinson had on a black shirt with light colored jeans. That's why when it came to writing the probable cause Misetic forgot about the matching outfits, the military clothing, the gray, charcoal or dark black, for probable cause you don't see what the victim said yet Misetic said "Okay" twice when the victim gave that description. So Misetic lied about me being identified by officers yet couldn't produce one person to verify this and lied about the victims description of the suspects to fit my description by not saying what the victim said.

On or around May 4, 2006 my stepfather Eddie Whitly took a hand written complaint to the Wilmington Police Station and the Delaware Attorney General's Office. The complaint to the Wilmington Police Department was that I wanted to file a complaint

000004

4.

against Detective Stephen Misetic for lying about officers positively identifying me as a suspect and lying about the victims description. I was told in July of 06 that because it was over three years ago they will not investigate a complaint against a police officer and that my complaint (my complaint about Misetic lying in my affidavit for probable cause) didn't fall under special circumstances to bypass department rules for an investigation.

2.) On January 29, 2004 Deputy Attorney General Martin B. O'Connor said that officers Matthew Derbyshire and David Prado would testify they saw me. O'Connor said that Prado jumped over a fence chasing the suspects, came over another fence, walked down a street and saw me and recognize me (and the guy I was walking with) as the person he was looking for who jumped over the fence. Niether Prado or Derbyshire said they saw me, and it was clear prior to trial they didn't from their reports (because niether put it in reports, it was Misetics fabrication and O'Connor running with it without stopping to ask if it was true. It's in all reports as probable cause.

From the complaint filed on or around May 9, 06, the State never responded when I asked for an investigation.

V. Relief:

1.) I would like for the Wilmington Police Department to investigate Detective Stephen Misetic promptly about my cases false affidavit and others if necessary and I would like to file charges.

2.) I would like to for the Attorney Generals Office to investigate

5.

Why O'Connor never investigated the reports that Misetic typed yet would go to trial off that information and I would like the A.G's office to investigate my complaint they never responded to.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this day of August 24th 2006

Mustafa Whitfield
Mustafa Whitfield
317474

000005

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

000006

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Mustafa Whitfield
_____
Plaintiff

V.

Wilmington Police Department, Delaware Attorney
General's Office
_____
Defendant(s)

## APPLICATION TO PROCEED
## WITHOUT PREPAYMENT OF
## FEES AND AFFIDAVIT

CASE NUMBER:

I, Mustafa Whitfield _____ declare that I am the (check appropriate box)

• • Petitioner/Plaintiff/Movant     • • Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?     • Yes     • No     (If "No" go to Question 2)

    If "YES" state the place of your incarceration Delaware Correctional Center

    Inmate Identification Number (Required): 317479

    Are you employed at the institution? NO Do you receive any payment from the institution? NO

    *Attach a ledger sheet from the institution of your incarceration showing at least the past six months' transactions*

2.  Are you currently employed?     • • Yes     • No

    a.  If the answer is "YES" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.  If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
        Never had a job

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | Yes | No |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | • • Yes | • • No |
    | b. | Rent payments, interest or dividends | • • Yes | • • No |
    | c. | Pensions, annuities or life insurance payments | • • Yes | • • No |
    | d. | Disability or workers compensation payments | • • Yes | • • No |
    | e. | Gifts or inheritances | • • Yes | • • No |
    | f. | Any other sources | • • Yes | • • No |

    If the answer to any of the above is "YES" describe each source of money and state the amount received *AND* what you expect you will continue to receive. I received money orders
    See last 6 months monthly balance

AO 240 Reverse (Rev. 10/03)
DELAWARE (Rev. 4/05)

000007

4.  Do you have any cash or checking or savings accounts?    • • Yes    ✓ No

    If "Yes" state the total amount  $ _____

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?

    • • Yes    ✓ No

    If "Yes" describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support, *OR* state *NONE* if applicable.

    None

    I declare under penalty of perjury that the above information is true and correct.

    8/13/06                    Mustafa Whitfield
    _____            _____
    DATE                       SIGNATURE OF APPLICANT

**NOTE TO PRISONER:  A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00541-GMS

Whitfield v. Wilmington Police Department et al
Assigned to: Honorable Gregory M. Sleet
Related Cases: 1:06-cv-00137-GMS
                1:06-cv-00512-GMS
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/01/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Mustafa A. Whitfield**     represented by     **Mustafa A. Whitfield**
SBI#317479
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
PRO SE

V.

**Defendant**

**Wilmington Police Department**

**Defendant**

**Delaware Attorney Generals Office**     000008
*TERMINATED: 11/16/2006*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2006 | 1 | MOTION for Leave to Proceed in forma pauperis - filed by Mustafa A. Whitfield. (Attachments: # 1 6 Months Account Statement)(ead, ) (Entered: 09/05/2006) |
| 09/01/2006 | 2 | COMPLAINT filed pursuant to 42:1983 against Wilmington Police Department, Delaware Attorney Generals Office - filed by Mustafa A. Whitfield.(ead, ) (Entered: 09/05/2006) |
| 09/01/2006 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (ead, ) (Entered: 09/05/2006) |
| 09/13/2006 | | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb, ) (Entered: 09/13/2006) |
| 09/14/2006 | | CORRECTING ENTRY: The nature of suit has been changed from 440 to 550. (mwm, ) (Entered: 09/14/2006) |

| 09/14/2006 | 4 | ORDER granting Motion to Proceed IFP. Filing Fee of $350.00 assessed. An initial partial filing fee of $6.87 shall be required. Plaintiff shall return the attached payment authorization within 30 days. Failure to return payment authorization shall result in dismissal of action without prejudice. (Copy to pltf.). Notice of Compliance deadline set for 10/16/2006. Signed by Judge Gregory M. Sleet on 9/14/06. (mmm) (Entered: 09/14/2006) |
| 09/28/2006 | 5 | Authorization by Mustafa A. Whitfield requesting Prison Business Office to disburse payments to the Clerk of the Court. (copy of assessment order and authorization to Prison Business Office) (mmm) (Entered: 10/02/2006) |
| 11/16/2006 | 6 | MEMORANDUM AND SERVICE ORDER. The claim against the defendant Delaware Attorney General's Office is DISMISSED WITHOUT PREJUDICE. The claim against the defendant Wilmington Police Department will be allowed to proceed. The plaintiff shall return to Clerk original USM 285 form(s). Upon receipt, the U.S. Marshal shall serve process as directed by plaintiff. (Copy to pltf.) Signed by Judge Gregory M. Sleet on 11/16/06. (mmm) (Entered: 11/16/2006) |
| 12/11/2006 | | USM 285 forms received for the following defendants: the Wilmington Police Department, as well as for the chief executive officer for the City of Wilmington, Delaware. (rpg) (Entered: 12/11/2006) |
| 12/11/2006 | 7 | Letter to Mustafa A. Whitfield from Clerk of the Court. The court has received all required U.S. Marshal 285 forms. The forms, along with copies of the complaint, will be forwarded to the U.S. Marshal for service in accordance with the Court's Orders. (mmm) (Entered: 12/13/2006) |
| 12/13/2006 | | Exit USM 285 forms to U.S. Marshal. (mmm) (Entered: 12/13/2006) |
| 12/20/2006 | 8 | USM 285 Returned Executed. Wilmington Police Department served on 12/19/2006, answer due 1/8/2007. (mmm) (Entered: 12/20/2006) |
| 12/20/2006 | 9 | USM 285 Returned Executed. Chief Executive Officer for the City of Wilmington served on 12/19/06. (mmm) (Entered: 12/20/2006) |

000009

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/20/2006 12:26:26 | | | |
| PACER Login: | ci0009 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:06-cv-00541-GMS Start date: 1/1/1970 End date: 12/20/2006 |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MUSTAFA A. WHITFIELD,                )
                                     )
                    Plaintiff,       )
                                     )
            v.                       )   Civ. No. 06-541-GMS
                                     )
WILMINGTON POLICE DEPARTMENT )
and DELAWARE ATTORNEY                )
GENERAL'S OFFICE                     )
                                     )
                    Defendants.      )

## MEMORANDUM

The plaintiff Mustafa A. Whitfield ("Whitfield"), a prisoner incarcerated at the Delaware

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and  was

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)  For the

reasons discussed below, the claims against the Delaware Attorney General's Office are

dismissed as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Whitfield is allowed to proceed against the remaining defendant.

## I.      STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

000010

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.    ANALYSIS

Whitfield alleges that he made a request to the Wilmington Police Department and the Delaware Attorney General's Office to investigate a complaint he made against Detective Stephan Misetic ("Misetic"). Whitfield alleges that in October 2002 Misetic "made up" information to justify his arrest and further that Misetic "lied" in an affidavit to support a finding of probable cause for an arrest warrant. Whitfield alleges that when he requested an investigation in May 2006, he was told that because three years had passed, no investigation would take place on his complaint that Misetic had lied in the affidavit of probable because it did not "fall under special circumstances."

As discussed, one of the named defendants is the Delaware Attorney General's Office. The office of the Delaware Attorney General falls under the umbrella of the Delaware Department of Justice. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F3d 491 (3d Cir.

2

000011

2001) (states are generally immune from private suits in federal court).  The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 694 (3d Cir.1996) (citing Pennhurst State *School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).  Because the Delaware Department of Justice is a duly constituted state agency whose Eleventh Amendment immunity has not been waived, it is immune from suit.  Accordingly, the court will dismiss Whitfield's claims against the Office of the Attorney General for the State of Delaware.

**III.    CONCLUSION**

Based upon the foregoing analysis, the claim against the defendant the Delaware Attorney General's Office is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit.  Whitfield may proceed with his remaining claims against the Wilmington Police Department.  An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

November 16, 2006
Wilmington, Delaware

000012

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MUSTAFA A. WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-541-GMS |
| | ) | |
| WILMINGTON POLICE DEPARTMENT | ) | |
| and DELAWARE ATTORNEY | ) | |
| GENERAL'S OFFICE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At Wilmington this _16th_ day of November, 2006, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1.    The claim against the defendant Delaware Attorney General's Office is DISMISSED without prejudice as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

2.    The court has identified a cognizable claim within the meaning of 28 U.S.C. § 1915 and § 1915A(b) against the defendant Wilmington Police Department. Whitfield is allowed to proceed against this defendant.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2), 4(i) and (j), Whitfield shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendant, the Wilmington Police Department**, as well as for the **chief executive officer for**

000013

**the City of Wilmington, Delaware**. Whitfield shall provide the court with one copy of the complaint (D.I. 2) for service upon the remaining defendant. **Whitfield is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the chief executive officer for the City of Wilmington, Delaware within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.    Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

2

000014

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8.      **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*


_____
UNITED STATES DISTRICT JUDGE


```
                FILED

             NOV 1 6 2006

           U.S. DISTRICT COURT
         DISTRICT OF DELAWARE
```

3

000015

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    1
                        ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD


Co-Defendants:  AKEEM COLEMAN , EMMANUEL ROBINSON


Assigned Judge:

Charges:
```

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0210009174 | N03010734 | ATT CARJACKING | DISM | 05/20/2003 |
| 002 | 0210009174 | IN03010735R1 | ASLT 2ND | GLTY | 02/06/2004 |
| 003 | 0210009174 | IN03010736R1 | DISGUISE | GLTY | 02/06/2004 |
| 004 | 0210009174 | IN03010737R1 | CONSP 2ND | GLTY | 02/06/2004 |
| 005 | 0210009174 | IN03012167R1 | ATT. FELONY B | GLTY | 02/06/2004 |
| 006 | 0210009174 | IN03012168 | PFDCF | NG | 02/06/2004 |
| 007 | 0210009174 | IN03012169R1 | PFDCF | GLTY | 02/06/2004 |
| 008 | 0210009174 | IN03012170R1 | RECK END 1ST | GLTY | 02/06/2004 |
| 009 | 0210009174 | IN03012171R1 | PFDCF | GLTY | 02/06/2004 |
| 010 | 0210009174 | IN03012172 | PDWB JUVENILE | NG | 02/06/2004 |
| 011 | 0210009174 | IN03012173 | POSS DRUG PARAP | NOLP | 08/14/2003 |
| 012 | 0210009174 | IN03010738 | TRF.COC.5-50G | NOLP | 08/14/2003 |
| 013 | 0210009174 | IN03010739 | PWITD NSI CS | NOLP | 08/14/2003 |
| 014 | 0210009174 | IN03010740 | PWITD NSII CS | NOLP | 08/14/2003 |
| 015 | 0210009174 | IN03010741 | MAINT DWELLING | NOLP | 08/14/2003 |

```
      Event
No.   Date        Event                              Judge
-------------------------------------------------------------------------
1    01/14/2003
      CASE ACCEPTED IN SUPERIOR COURT.
      ARREST DATE: 10/15/2002
      PRELIMINARY HEARING DATE: WAVIED AT FAMILY COURT 12/19/03
      BAIL:  CASH BAIL                        62,000.00
2    02/10/2003
      INDICTMENT, TRUE BILL FILED.NO 19
      SCHEDULED FOR ARRAIGNMENT AND BAIL REPRESENTATION 02/25/03 AT 9:30
      CASE REVIEW 03/24/03 AT 9:00
3    02/10/2003
      CASE CONSOLIDATED WITH:0210013334
4    02/10/2003
      MEMORANDUM FILED, CONSOLIDATION FORM FAXED TO NCC DENTENTION CENTER.
5    02/28/2003
      CONFLICT LETTER FILED BY WENDY RUEBECK.
6    03/05/2003
      SUMMONS MAILED.
      03/14/2003                              REYNOLDS MICHAEL P.
```

000016

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                       ( as of  12/21/2006 )
```

```
State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD
```

```
      Event
No.   Date          Event                           Judge
------------------------------------------------------------------------------
      BAIL MODIFIED.  BAIL NOW SET AT
      CASH BAIL                    62,000.00 100%
          You are ordered to have no contact, direct or indirect
      ANTHONY MEEK
      (hereinafter the "Alleged Victim"), or with the alleged vict
      residence, place of employment, school, church, or at any ot
          No direct or indirect contact means that you are not to
      physical presence of the alleged victim.  Also, you cannot s
      messages or notes to the alleged victim by mail, other perso
      You cannot send messages to, or communicate with, the allege
      telephone, or other electronic medium.  You cannot send pres
      any other object to the alleged victim.  You are not to cont
      victim in ANY way.  It is a violation of this order if you h
      except your attorney, contact the alleged victim for you.
      ---
          You are to make no attempts to locate the alleged victi
      ---
7     03/14/2003                              REYNOLDS MICHAEL P.
      ARRAIGNMENT CALENDAR, ARRAIGNED.
8     03/14/2003                              REYNOLDS MICHAEL P.
      ORDER:  JOSEPH BERNSTEIN, ESQ. APPOINTED TO REPRESENT DEFENDANT.
      03/24/2003                              TOLIVER CHARLES H. IV
      CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 4/21/03 @ 1:45
9     04/10/2003
      MOTION TO TRANSFER DETENTION OF DEFENDANT FROM
      NEW CASTLE COUNTY DETENTION CENTER TO GANDER HILL.
      (CHRISTINA SHOWALTER, DAG.)
10    04/15/2003
      MOTION FOR TRANSFER GRANTED. DEFENDANT TO BE TRANSFERRED FROM
      NEW CASTLE COUNTY DETENTION CENTER TO GANDER HILL.
11    04/21/2003                              BABIARZ JOHN E. JR.
      CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED.
      DEFENDANT'S REQUEST-DEFENSE ATTY IN TRIAL.
12    05/08/2003
      MOTION FOR REDUCTION OF BAIL FILED.
      BY JOSEPH BERNSTEIN, ESQ
      SCHEDULED FOR 5/20/03 AT 9:30.
      05/19/2003                              JURDEN JAN R.
      FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
13    05/19/2003
      ORDER SCHEDULING TRIAL FILED.
      TRIAL DATE:__7/22/03
```

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    3
                   ( as of  12/21/2006 )
```

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

```
        Event
No.     Date           Event                          Judge
-----------------------------------------------------------------------------
        CASE CATEGORY:_____1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): RRC
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
14      05/20/2003                            VAVALA MARK STEPHEN
        MOTION FOR REDUCTION OF BAIL GRANTED.
        BAIL SET IN THE AMOUNT OF
        SECURED BAIL-HELD                107,000.00 100%
15      06/12/2003
        MOTION TO SUPPRESS FILED J BERNSTEIN
16      06/12/2003
        MOTION FOR SEVERANCE OF CHARGES FILED BY J BERNSTEIN
17      06/12/2003
        LETTER FROM J BERNSTEIN TO JUDGE COOCH
        RE: MOTIONS FILES WITH THE COURT  TO BE HEARD PRIOR TO TRIAL
18      06/13/2003                            DEL PESCO SUSAN C.
        ORDER: 1. DEFENDANT'S MOTION TO SUPPRESS HAS BEEN SCHEDULED FOR A
        HEARING ON FRIDAY, JULY 18TH 2002 AT 10:00AM
        2. THE STATE SHALL FILE A RESPONSE TO THE MOTION ON OR BEFORE JULY 11,
        2003 WHICH SETS FORTH FACTS AND LEGAL AUTHORITIES RELIED UPON BY THE
        STATE IN OPPOSITION TO THE MOTION. THE STATE SHALL ALSO ADVISE THE
        COURT OF THE STATUS OF ANY PLEA NEGOTIONS BY JULY 11, 2003.
        SEE FULL ORDER IN FILE
        IT IS SO ORDERED.
30      06/18/2003                            COOCH RICHARD R.
        LETTER FROM: JUDGE COOCH      TO: MARTIN O'CONNOR, ESQ. & JOSEPH
        BERNSTEIN, ESQ.
        RE: DEFENDANT HAS FILED A MOTION FOR SEVERANCE OF CHARGES.  THE STATE
        SHALL FILE A RESPONSE TO THE MOTION ON OR BEFORE JUNE 27, 2003.  I
        WILL HEAR THE MOTION (IN CHAMBERS) ON WEDNESDAY, JULY 9 AT 9:00AM (IF
        THIS DATE IS NOT CONVENIENT TO COUNSEL, PLEASE ADVISE MY SECRETARY
        IMMEDIATELY).  MS. BRENHOCH ADVISES ME THAT DEFENDANT'S NEWLY FILED
        MOTION FOR SUPPRESSION WILL BE SEPARATELY SCHEDULED BY HER AND HEARD
        POTENTIALLY BY ANOTHER JUDGE.  TRIAL IS SCHEDULED FOR JULY 22, 2003.
20      06/23/2003                            COOCH RICHARD R.
        COPY OF LETTER FROM JOSEPH BERNSTEIN, ESQ. TO JUDGE COOCH
        RE: THE ABOVE CASE IS A CATEGORY #1 CASE THAT IS ASSIGNED TO YOUR
        HONOR. ENCLOSED ARE COPIES OF THE FOLLOWING MOTIONS WHICH HAVE
        BEEN FILED WITH THE COURT:
        1. MOTION FOR SUPPRESSION OF EVIDENCE;
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    4
( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.          MUSTAFA A WHITFIELD

```
       Event
No.    Date          Event                              Judge
-------------------------------------------------------------------------
       2. MOTION FOR SEVERANCE OF CHARGES
       TRIAL IS SCHEDULED ON JULY 22, 2003. LEAVE WAS GRANTED BY THE COURT
       AT FINAL CASE REVIEW ON MAY 19, 2003 TO FILE THESE MOTIONS OUT OF
       TIME.
74     06/27/2003
       LETTER FROM: MARTIN B. O'CONNER, DAG.   TO: JUDGE COOCH.
       RE: THE STATE HAS HAD AN OPPORTUNITY TO REVIEW THE ABOVE DEFENDANT'S
       MOTION FOR SEVERANCE OF CHARGES. BY LETTER DIRECTIVE OF THIS COURT,
       THE STATE WAS TO RESPOND BY JUNE 27, 2003 TO THE DEFENDANT'S MOTION.
       (SEE LETTER IN FILE).
19     06/30/2003
       SUBPOENA(S) MAILED.
25     07/01/2003
       LETTER FROM M. O'CONNOR TO JOH
       RE: STATE'S REQUESTING THE TRIALS BE CONTINUED AND THAT THE COURT SET
       A SCHEDULING CONFERENCE TO ASSIGN A NEW TRIAL DATE
21     07/03/2003
       THE STATE IS REQUESTING THAT THE ABOVE REFERENCE TRIALS BE CONTINUED,
       AND THAT THE COURT SET A SCHEDULING CONFERENCE TO ASSIGN A NEW TRIAL
       DATE. FILED BY MARTIN B. O'CONNOR, DAG
       FILED ON 0210009174, 0210008663, 0210009188
24     07/03/2003
       LETTER FROM M. O'CONNOR TO RRC
       RE: COURT REQUESTED THE STATE TO NOTIFY IT AS TO WHAT SET OF CHARGES
       WILL BE TRIED FIRST. STATE REQUESTED A CONTINUANCE ON 6/27/03 IN THE
       SHOOTING CASE. IF GRANTED THE STATE WILL BE CONTENT TO GO FORWARD
       WITH THE NARCOTICS CHARGES
28     07/03/2003                              COOCH RICHARD R.
       COPY OF LETTER FROM JOSEPH BERNSTEIN, ESQ. TO JUDGE COOCH
       RE: I RECENTLY RECEIVED THE ENCLOSED ORDER DATED JULY 7, 2003 WHICH
       INDICATES THAT THE SUPPRESSION HEARING IS SCHEDULED ON AUGUST 15,
       2003. THIS CONFLICTS WITH INFORMATION I PREVIOUSLY RECEIVED THAT THE
       SUPPRESSION HEARING WAS SCHEDULED ON JULY 18, 2003 WITH JUDGE DELPESCO
       PLEASE CLARIFY THIS CONFLICT.  IN ANY EVENT, I WILL PROVIDE THE COURT
       WITH AN AMENDED MOTION IN ACCORDANCE WITH THE ORDER DATED JULY 7, 2003
       TO BE FILED ON OR BEFORE JULY 16, 2003.
22     07/07/2003
       SUBPOENA(S) MAILED.
27     07/07/2003                              COOCH RICHARD R.
       ORDER: CONCERNING SCHEDULED & DEADLINES FOR COUNSEL TO FILE RESPONCE
       ******ORDER VACATED 07/10/03
23     07/09/2003
```

```
                 SUPERIOR COURT CRIMINAL DOCKET              Page    5
                    ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                 DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.          MUSTAFA A WHITFIELD


        Event
No.     Date            Event                        Judge
---------------------------------------------------------------------
        HEARING, MOTION FOR SEVERANCE.  THE MOTION WAS PREVIOULSY GRANTED PER
        JUDGE COOCH.
39   07/10/2003
        EMAIL FILED TO:MARTIN O'CONNOR, ESQ. FROM JUDGE COOCH
        RE: THE SUPPRESSION  HEARING WILL BE HELD FRIDAY, JULY 18TH AT
        10 AM BEFORE JUDGE SLIGHTS. DEFENDANT SHALL FILL AN AMENDED MOTION
        TO SUPPRESS BY 5 PM ON JULY 14. STATE SHALL FILE RESPONSE BY NOON
        ON JULY 17TH.
26   07/14/2003
        AMENDED MOTION TO SUPPRESS FILED
29   07/15/2003                              HERLIHY JEROME O.
        ORDER: 1. TRIAL DATE OF 07/22/03 IS CONTINUED TILL 10/03 PER STATE'S
        REQUEST 2. STATE TO COMPLETE DNA TESTING BY 10/03/03 3. CASE TO BE
        REASSIGNED TO ANY JUDGE IN THE CRIMINAL ROTATION 4. NO DEFENSE OBJECTI
        ON TO CONTINUANCE. COURT SUGGESTED TO THE DAG THAT BECAUSE OF HIS AND
        DEFENSE COUNSEL'S CAPITAL CASE SCHEDULES, THE STATE MAY HAVE TO ARRANG
        E FOR A POSSIBLE PICK-UP.
32   07/16/2003
        LETTER FROM M. O'CONNOR TO JRS.
        RE: STATE'S RESPONSE TO DEFT'S MOTION
31   07/18/2003                              SLIGHTS JOSEPH R. III
        TRIAL CALENDAR/SUPPRESSION HEARING:  MOTION GRANTED
        DRUG CHARGES TO BE DROPPED
33   07/25/2003
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE: 10/15/03
        CASE CATEGORY: #1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): HLA
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
34   08/01/2003
        MOTION FOR REDUCTION OF BAIL FILED.
        BY JOSEPH BERNSTEIN, ESQ.
        SCHEDULED FOR 08/12/03 9:30AM
35   08/12/2003                              REYNOLDS MICHAEL P.
        MOTION FOR REDUCTION OF BAIL GRANTED.
        BAIL SET IN THE AMOUNT OF
        SECURED BAIL-HELD                88,000.00 100%
36   08/13/2003
        CASE REVIEW PLEA HEARING:  SET FOR TRIAL
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    6
                       ( as of  12/21/2006 )
```

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD

```
      Event
No.   Date           Event                          Judge
-----------------------------------------------------------------------------
37   08/14/2003
     EMAIL FILED TO: MARTIN O'CONNOR (DAG) FROM: C. LEMIEUX
     RE: INCORRECT CASE NUMBER ON NOLLE PROSEQUI. PERMISSION GRANTED TO
     CHANGE THE CASE NUMBER.
38   08/15/2003
     NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
     AS TO: IN03-01-0738, 0739, 0740, 0741 & 2173
     REASON: (20) EVIDENCE SUPRESSED
40   09/29/2003
     SUBPOENA(S) MAILED.
     10/09/2003                                GEBELEIN RICHARD S.
     TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
     DAG IN TRIAL OFFICE CONFERENCE TO BE SCHEDULED PER RSG.
     *APPROVED BY RSG ON 10/09/03 TRIAL IS SCHEDULED FOR 10/15/03.
41   11/07/2003
     ORDER SCHEDULING TRIAL FILED.
     TRIAL DATE:TRIAL IS SCHEDULED FOR THURSDAY, 01/29/2004.
     CASE CATEGORY:THIS MATTER IS A CATEGORY # 1 CASE.
     ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):TO JUDGE JOESPH R. SLIGHTS III.
     UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
     OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
     FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
     CONTINUANCE REQUESTS WILL BE DENIED.
44   11/26/2003
     DEFENDANT'S LETTER FILED.
42   12/15/2003
     DEFENDANT'S LETTER FILED.
     TO: JUDGE SLIGHTS
43   12/19/2003                                SLIGHTS JOSEPH R. III
     LETTER FROM JUDGE SLIGHTS     TO JOSEPH BERNSTEIN, ESQ. RE: SUPERIOR
     COURT CRIMINAL RULE 47 PROVIDES IN PERTINENT PART, THE COURT WILL NOT
     CONSIDER PRO SE APPLICATIONS BY DEFENDANTS WHO ARE REPRESENTED BY
     COUNSEL. PLEASE NOTIFY YOUR CLIENT THAT FURTHER CORRESPONDENCE OR
     MOTIONS SHOULD BE MAILED DIRECTLY TO YOUR OFFICE FOR APPROPRIATE
     ACTION.
46   12/30/2003
     DEFENDANT'S LETTER FILED.
45   01/05/2004
     SUBPOENA(S) MAILED.
47   01/29/2004                                DEL PESCO SUSAN C.
     TRIAL CALENDAR- WENT TO TRIAL JURY
48   01/29/2004
```

SUPERIOR COURT CRIMINAL DOCKET                     Page    7
( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                 DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD


        Event
No.     Date            Event                          Judge
--------------------------------------------------------------------------
        SUBPOENA(S) SERVED BY SHERIFF.
49      02/03/2004
        MOTION FOR JUDGEMENT OF ACQUITTAL FILED.
        FILED BY JOSEPH BERNSTEIN,ESQ
        SENT UP TO JURY TRIAL JUDGE DEL PESCO
50      02/06/2004                              DEL PESCO SUSAN C.
        CHARGE TO THE JURY FILED.
51      02/06/2004                              DEL PESCO SUSAN C.
        JURY TRIAL HELD. JURY SELECTED AND SWORN 1/29/04. ON 2/06/04 JURY
        FOUND DEFENDANT GUILTY OF (2167) ATT. ROB. 1ST; (0735) ASSAULT 2ND;
        (2169) PFDCF; (2170) REC. END. 1ST; (2171) WEARING DISGUISE DURING
        COM. FELONY; (0737) CONSP. 2ND. JURY FOUND DEFENDANT NOT GUILTY OF
        (2168) PFDCF AND (2172) PDWBPP. DEFENDANT REPRESENTED BY JOSEPH
        BERNSTEIN, ESQ. ATTORNEYS FOR STATE, MARTIN O'CONNOR, ESQ. AND
        JOHN DONAHUE, ESQ. PSI ORDERED. SENTENCING DATE TO BE DETERMINED.
        ALL EXHIBITS RETAINED BY PROTH. DEPT.  CR/BAIRD/GARRI/HONAKER
        CC/SHERR/BENNETT
54      02/10/2004
        MOTION TO AUTHORIZE PAYMENT FOR TRANSCRIPTS FILED.
        FILED BY JOSEPH M BERNSTEIN,ESQ
53      02/11/2004                              *only from*
        TRANSCRIPT FILED.                       *court report*
        VERDICT-FEBRUARY 6, 2004
        BEFORE: HONORABLE SUSAN C. DEL PESCO AND JURY
        (ORIGINAL TRANSCRIPT IN CASE # 0210008663)
52      02/12/2004                              DEL PESCO SUSAN C.
        MOTION AND ORDER TO AUTHORIZE PAYMENT FOR TRANSCRIPTS: IT IS ORDERED
        THAT THE COST OF PREPARATION OF THE TRIAL TRANSCRIPTS IN THE ABOVE
        ACTION BE BORNE BY THE STATE, IN LIGHT OF THE INDIGENCY OF THE
        DEFENDANT.
55      02/17/2004
        MOTION FOR NEW TRIAL FILED.
        BY JOSEPH M BERNSTEIN,ESQ
        REFERRED TO ISO FOR TRIAL JUDGE DEL PESCO (02/18)
60      03/03/2004
        LETTER FROM: MARTIN O'CONNER AND JOHN DONAHUE, DAG.
        TO: JUDGE DELPESCO.
        LETTER MEMORANDUM AS THE STATE'S RESPONSE TO THE ABOVE REFERENCED
        DEFENDANT'S MOTION FOR NEW TRIAL.
        THE STATE SUBMITS THAT THE DEFTS. MOTION FOR A NEW TRIAL BE DENIED.
        *SEE FULL LETTER IN FILE*
56      03/05/2004                              DEL PESCO SUSAN C.

```
             SUPERIOR COURT CRIMINAL DOCKET              Page    8
                  ( as of  12/21/2006 )
```

State of Delaware v.  MUSTAFE WHITFIELD                DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.          MUSTAFA A WHITFIELD

```
      Event
No.   Date           Event                          Judge
--------------------------------------------------------------------------
      HEARING HELD: MOTION FOR A NEW TRIAL BEFORE JUDGE DEL PESCO.
      DEFENSE ATTORNEY JOSEPH BERNSTEIN GAVE ARGUMENT FOR A NEW TRIAL, DUE
      TO THE WAY THE VERDICT CAME BACK, DEFENSE ATTORNEYS, JAMES BAYARD AND
      KEVIN O'CONNELL AGREES WITH ATTORNEY JOSEPH BERNSTEIN ARGUMENT.
      JUDGE DEL PESCO, STATED THAT A MOTION FOR A NEW TRIAL IS DENIED AND
      THAT THE STATE HAD VERY STRONG EVIDENCES AND NO REASON TO BELIEVE THAT
      THE JURORS WAS TRADING VOTES.
57    03/05/2004                                   DEL PESCO SUSAN C.
      ORDER: MOTION FOR JUDGEMENT OF ACQUITTALL: DENIED.
65    03/11/2004
      LETTER FROM: MARTIN O'CONNOR AND JOHN DONAHUE, DAG.
      TO: JUDGE DEL PESCO.
      PLEASE ACCEPT THIS LETTER MEMORANDUM AS THE STATE'S RESPONSE TO THE
      ABOVE REFERENCED DEFT. MUSTAFA WHITFIELD'S MOTION FOR A NEW TRIAL
      FILED ON OR ABOUT FEBRUARY 2, 2003. IT APPEAR THAT THE MOTION IS
      BASED ON AN ARGUMENT THAT THE COURT'S ALLEN CHARGE PRODUCED A
      COMPROMISE VERDICT. AS IS DISCUSSED IN THIS MEMORANDUM, DEFENDANTS
      ARE IN FACT NOT ENTITLED TO A NEW TRIAL, AND THE COURT SHOULD DENY
      THE MOTION.
      *SEE FULL LETTER IN FILE*
58    03/18/2004
      LETTER FROM SUPREME COURT TO JOSEPH BERNSTEIN, ESQ.
      RE: CONTINUING OBLIGATION.
59    04/05/2004
      MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE DEL PESCO.
61    04/05/2004
      AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS FILED
      PRO SE.  REFERRED TO JUDGE DEL PESCO
62    04/08/2004                                   DEL PESCO SUSAN C.
      LETTER FROM: JUDGE DEL PESCO               TO: MR WHITFIELD
           YOU CONTINUE TO FILE NUMEROUS PAPERS IN THIS COURT EVEN THOUGH
      YOU ARE REPRESENTED BY COUNSEL.  IT IS A WASTE OF THE TIME OF THE
      COURT TO PROCESS YOUR PAPERS.  A PERFECT EXAMPLE IS THE FACT THAT YOU
      FILED A MOTION TO PROCEED IN FORMA PAUPERIS AND A MOTION FOR A
      TRANSCRIPT WHEN I PREVIOUSLY SIGNED AN ORDER AUTHORIZING THE
      TRANSCRIPT IN RESPONSE TO A MOTION FILED BY MR. BERNSTEIN ON FEBRUARY
      9, 2004.  YOU ARE DIRECTED TO CEASE FILING PAPERS IN THIS COURT.
      PAPERS MUST BE FILED BY YOUR ATTORNEY.
63    04/16/2004                                   DEL PESCO SUSAN C.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
68    04/16/2004                                   DEL PESCO SUSAN C.
      CORRECTED ASOP ORDER SIGNED AND FILED. CORRECTION TO REFLECT
```

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page    9
                     ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                 DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD

       Event
No.    Date          Event                          Judge
-----------------------------------------------------------------------
       $50.00 ATTORNEY FEE.
64    04/21/2004                                 DEL PESCO SUSAN C.
       SENTENCE: ASOP ORDER SIGNED & FILED 4/21/04.
66    05/10/2004
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 96, 2004
       SUBMITTED: MARCH 26, 2004
       DECIDED: APRIL 20, 2004
       BEFORE HOLLAND, STEELE AND JACOBS, JUSTICES.
       *PURSUANT TO SUPREME COURT RULE 29(B) THE WITHIN APPEAL IS DISMISSED
67    06/29/2004
       LETTER FROM SUPREME COURT TO MICHELE HONAKER, COURT REPORTER
       RE: AN EXTENSION TO FILE THE TRANSCRIPT IS GRANTED, THE
       TRANSCRIPT IS NOW DUE JULY 22, 2004.
       156, 2004
      07/20/2004
       RECORDS SENT TO SUPREME COURT.
69    07/22/2004
       TRANSCRIPT FILED.
       TRIAL TRANSCRIPT - JANUARY 30, 2004
       BEFORE JUDGE DEL PESCO
70    07/22/2004
       TRANSCRIPT FILED.
       TRIAL TRANSCRIPT - JANUARY 29, 2004
       BEFORE JUDGE DEL PESCO
71    07/22/2004
       TRANSCRIPT FILED.
       TRIAL TRANSCRIPT - FEBRUARY 3, 2004
       BEFORE JUDGE DEL PESCO
72    07/22/2004
       TRANSCRIPT FILED.
       TRIAL TRANSCRIPT - FEBRUARY 6, 2004
       BEFORE JUDGE DEL PESCO
73    07/22/2004
       TRANSCRIPT FILED.
       VERDICT - FEBRUARY 6, 2004
       BEFORE JUDGE DEL PESCO
79    07/22/2004
       LETTER FROM JUDY F. GOFF                     TO MUSTAFA WHITFIELD
       YOUR LETTER ADDRESSED TO JUDGE T. HENLEY GRAVES WAS FORWARDED TO
       SUSSEX COUNTY SUPERIOR COURT, WHERE JUDGE GRAVES PRESIDES.
       YOUR CASE IS A NEW CASTLE COUNTY SUPERIOR COURT CASE, AND YOU WERE
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    10
                       ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.          MUSTAFA A WHITFIELD

      Event
No.   Date           Event                              Judge
-----------------------------------------------------------------------------
      SENTENCED BY JUDGE SUSAN C. DELPESCO. THEREFORE, YOUR CORRESPONDENCE
      IS BEING FORWARDED TO NEW CASTLE COUNTY FOR ANY ACTION DEEMED
      NECESSARY.
76   07/29/2004
      LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
      RE: TRANSCRIPT AND RECORD ARE DUE 08/02/04.
      174, 2004
      (ALSO WHITFIELD 156, 2004 AND COLEMAN 208, 2004)
75   07/30/2004
      LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
      RE: TRANSCRIPT AND RECORD DUE AUGUST 2, 2004
      156, 2004
      (ALSO ROBINSON 174, 2004 AND COLEMAN 208, 2004)
      07/30/2004
      RECORDS SENT TO SUPREME COURT.
77   08/02/2004                            DEL PESCO SUSAN C.
      LETTER FROM JUDY GOFF, SECRETARY TO JUDGE T. HENLEY GRAVES
      TO DEFENDANT
      RE: YOUR LETTER ADDRESSED TO JUDGE T. HENLEY GRAVES WAS FORWARDED TO
      SUSSEX COUNTY SUPERIOR COURT, WHERE JUDGE GRAVES PRESIDES.
      YOUR CASE IS A NEW CASTLE COUNTY SUPERIOR CASE, AND YOU WERE
      SENTENCED BY JUDGE SUSAN C. DEL PESCO. THEREFORE, YOUR CORRESPONDENCE
      IS BEING FORWARDED TO NEW CASTLE COUNTY FOR ANY ACTION DEEMED
      NECESSARY.
78   08/03/2004
      DEFENDANT'S LETTER FILED.
      LETTER REGARDING WHAT WAS DONE WRONG AT THE TRIAL.
      *SEE FULL LETTER IN FILE.
80   08/06/2004
      RECEIPT OF RECORD ACKNOWLEDGED BY SUPREME COURT
81   10/06/2004
      TRANSCRIPT FILED.
      TRIAL- FEBRUARY 6, 2004
      BEFORE JUDGE DEL PESCO AND JURY
82   10/07/2004
      TRANSCRIPT FILED.
      TRIAL- FEBRUARY 6,2004
      BEFORE JUDGE DEL PESCO AND JURY
83   10/14/2004
      DEFENDANT'S REQUEST FILED.
      REQUEST FOR COMPLETE COPY OF TRANSCRIPT.  FEBRUARY 3RD PORTION OF THE
      TRANSCRIPT NOT GIVEN.  COPY OF LETTER REFERRED TO THE COURT REPORTERS
```

SUPERIOR COURT CRIMINAL DOCKET                Page    11
( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.         MUSTAFA A WHITFIELD

```
       Event
No.    Date         Event                              Judge
-----------------------------------------------------------------------------
       OFFICE.
86     10/27/2004
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE DELPESCO.
       DATE REFERRED: 11/01/04
       CIVIL CASE NO: 04M-10-083
84     11/02/2004
       DEFENDANT'S LETTER FILED, CONCERNING CASE.
85     11/02/2004
       REFERRAL MEMORANDUM. REFERRED TO JOSEPH BERNSTEIN, ESQ. BY JUDGE
       DELPESCO.
       REF.# 84
87     11/03/2004
       ORDER: HABEAS CORPUS PETITION 04M-10-083 IS DENIED.
       THIS 3RD DAY OF NOVEMBER, 2004, UPON REVIEW OF THE FOREGOING PETITION
       FOR A WRIT OF HABEAS CORPUS AND THE RECORD IN THIS CASE, IT IS THE
       DECISION OF THE COURT THAT THE PETITION IS HEREBY DENIED. PETITIONER
       IS LEGALLY DETAINED. PETITIONER FAILS TO STATE A CLAIM UPON WHICH
       SUCH A WRIT MAY BE ISSUED. THE RELIEF REQUESTED IS NOT PROPERLY
       GRANTED THROUGH A WRIT OF HABEAS CORPUS.
       IT IS SO ORDERED. SCD
88     11/05/2004
       MOTION TO COMPEL FILED PRO SE.  REFERRED TO JUDGE DEL PESCO
89     11/05/2004
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE DELPESCO.
       DATE REFERRED: 11/8/04
       CIVIL CASE NO: 04M-11-028
90     11/15/2004
       MOTION TO COMPEL FILED PRO SE. REFERRED TO JUDGE DEL PESCO
91     11/17/2004                              DEL PESCO SUSAN C.
       ORDER: 1. DEFENDANT'S PETITION FOR HABEAS CORPUS 04M-11-028 IS DENIED
       AS FRIVILOUS AND REPETATIVE; 2. DEFENDANT'S PRO SE MOTION TO COMPEL
       (FILED NOVEMBER 5, 2004) IS DENIED; AND 3. DEFENDANT IS HEREBY
       ENJOINED FROM FUTURE FILINGS PRO SE FILINGS IN THIS COURT PENDING THE
       DECISION OF THE SUPREME COURT APPEAL (NO. 156,2004). THE PROTHONOTARY
       IS DIRECTED TO REJECT ANY SUCH FILINGS.
       SO ORDERED THIS 17TH DAY OF NOVEMBER, 2004. SCD
92     11/17/2004
       DEFENDANT'S LETTER FILED CONCERNING CASE.
93     01/06/2005
       DEFENDANT'S LETTER FILED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    12
                       ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                   DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.          MUSTAFA A WHITFIELD

       Event
No.    Date          Event                        Judge
-----------------------------------------------------------------------------
       TO: JUDGE DEL PESCO
       LETTER REQUESTING AN EXPLAINATION FOR DENIAL OF PREVIOUSLY FILED
       MOTIONS.
94     02/09/2005
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 156, 2004
       SUBMITTED: NOVEMBER 17, 2004
       DECIDED: DECEMBER 29, 2004
       BEFORE HOLLAND, JACOBS AND RIDGELY, JUSTICES.
95     03/08/2005
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE DELPESCO
96     04/14/2005
       DEFENDANT'S REQUEST FILED.
       REQUEST TO APPOINT ATTORNEY FOR RULE 61 MOTION.
97     05/05/2005
       MOTION TO COMPEL FILED PROSE.  REFERRED TO JUDGE DELPESCO.
98     05/13/2005
       LETTER FROM MR. WHITFIELD    TO MR. BERNSTEIN. RE: LETTER SENT TO BE
       ADDED TO SUPERIOR COURT DOCKET.
99     06/27/2005                            DEL PESCO SUSAN C.
       ORDER: MOTION FOR POSTCONVICTION RELIEF: SUMMARILY DISMISSED.
       IT IS SO ORDERED
100    06/27/2005                            DEL PESCO SUSAN C.
       ORDER: MOTION TO COMPEL: DENIED. NO BASIS FOR THE REQUEST WAS STATED.
       ADDITIONALLY, IT APPEARS THAT DEFENDANT HAS THE AFFADAVIT OF PROBABLE
       CAUSE AS A COPY WAS ATTACHED TO THE MOTION FOR POSTCONVICTION.
101    07/26/2005
       LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
       RE: A NOTICE OF APPEAL WAS FILED IN SUPREME COURT
       ON JULY 21, 2005. THE RECORD IS DUE AUGUST 15, 2005.
       327, 2005
102    08/22/2005
       LETTER FROM SUPREME COURT TO L. JABLONSKI, CASE MANAGER
       RE: EXTENSION TO FILE RECORD HAS BEEN GRANTED. THE
       RECORD IS DUE 09/06/05.
       327, 2005
       09/01/2005
       RECORDS SENT TO SUPREME COURT.
       327, 2005
103    09/06/2005
       RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
```

000027

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    13
                       ( as of  12/21/2006 )

State of Delaware v.  MUSTAFE WHITFIELD                DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

       Event
No.    Date          Event                          Judge
------------------------------------------------------------------------
       327, 2005
104  01/12/2006
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 327, 2005
       SUBMITTED: OCTOBER 7, 2005
       DECIDED: DECEMBER 13, 2005
       BEFORE STEELE, CHEIF JUSTICE, BERGER, AND RIDGELY, JUSTICES.
105  11/21/2006
       DEFENDANT'S REQUEST FILED.
       REFERRED TO JUDGE DEL PESCO
       REQUEST FOR ASSISTANCE OF COUNSEL TO FILE RULE 61 MOTION
106  12/04/2006                               DEL PESCO SUSAN C.
       LETTER/ORDER ISSUED BY JUDGE: DEL PESCO.
       RE: YOU HAVE WRITTEN TO ME REQUESTING THE APPOINTMENT OF COUNSEL TO
       ASSIST YOU IN POSTCONVICTION RELIEF. YOU HAVE NOT SHOWN GOOD CAUSE FOR
       SUCH A REQUEST AND I FIND NONE. YOUR REQUEST IS DENIED.
       IT IS SO ORDERED.

              *** END OF DOCKET LISTING AS OF  12/21/2006 ***
                  PRINTED BY: CSCKPRI
```

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                    :
                                      :
                    v.                :        ID # 0210009174
                                      :
MUSTAFA WHITFIELD                     :

# ORDER

This 13th day of June, 2003, it appearing to the Court:

1.      Defendant's motion to suppress has been scheduled for a hearing on Friday, July 18, 2003, at 10:00 a.m.

2.      The State shall file a response to the motion on or before July 11, 2003, which sets forth facts and legal authorities relied upon by the State in opposition to the motion. A courtesy copy of the response shall be delivered to Chambers. Failure of the State to file a response by this date may result in the Court's deeming the motion unopposed. The State shall also advise the Court of the status of any plea negotiations by July 11, 2003.

IT IS SO ORDERED.

_____
Judge Susan C. Del Pesco

Original to Prothonotary
xc:     Martin B. O'Connor, Esquire, Deputy Attorney General (Fax 577-2496)
        Joseph Bernstein, Esquire (Fax 656-9836)
        Elizabeth Brenhoch, Criminal Case Manager, Prothonotary's Office

This order is vacated. RR Cooch 7/10/03

27

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) ID # 0210009174 |
| | ) |
| MUSTAFA WHITFIELD | ) |

## *O R D E R*

This 7th day of July, 2003 it appearing to the Court:

1)   Defendant's June 10, 2003 Motion to Suppress has been scheduled for a hearing on Friday, August 15, 2003 at 10:00 a.m. before the undersigned judge.

2)   Defendant's Motion is entirely devoid of legal authorities relied upon. Accordingly, Defendant shall file an Amended Motion to Suppress containing such legal authorities by July 16, 2003. Failure of Defendant to file such Amended Motion to Suppress by that date may be deemed withdrawal of the motion.

The State shall file a Response to the motion on or before July 30, 2003 which sets forth facts and legal authorities relied upon by the State in opposition to the motion. A courtesy copy of the Response shall be delivered to chambers. Failure of the State to file a Response by this date may result in the Court's deeming the motion unopposed. The State shall also advise the Court of the status of any settlement negotiations by July 30, 2003.

*IT IS SO ORDERED.*

Richard R. Cooch, Judge

Original to Prothonotary
cc:    Martin B. O'Connor , Esquire, Deputy Attorney General (by facsimile)
       Joseph M. Bernstein , Esquire (by facsimile)
       Ms. Elizabeth Brenhoch, Prothonotary's Office

000030

Court:  Superior Court (New Castle)

**Service Count: 1**

48

*Return Date:* 1-29-04

CA#0210009174

**Court Date:**

**BRUCE L HUDSON, ESQ**
**vs.**
**MUSTAFA WHITFIELD**

**Return of Service to be made by:** _/_/_
Return of Service Mailed on: 1-29-04

Received Date:
Prepared by: TLopez

**Service On**

**JAMILA J REED**

830 SPRUCE STREET
WILMINGTON, DE  19801

**File Comments**

So Ans:
Sheriff  *Michael F. West*

Writ Returned

er *Tracy Lopez*
Deputy Sheriff

Attempted Service _____

Attempted Service _____

Attempted Service _____

Attempted Service _____

Attempted Service _____

**Service**
Served By _____
Served _____
Date Served _____ Time Served _____
Place Served _____
Substitute _____

**Attorney:**

BRUCE L HUDSON, ESQ

800 KING STREET
SUITE 302
Wilmington, DE 19801

**Description of Person Served**

Male        Female

Hair Color      Skin Color      Ethnicity

Height      Weight      Age

Other Identifying Marks

(302)656-9850

000031

JAN 3 2 REC'D

# IN THE SUPERIOR COURT OF DELAWARE

# SUBPOENA

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE:

     v.                     ID No. 0210009174

MUSTAFA WHITFIELD

**TO:**    **Jamila J. Reed**
        **830 Spruce Street**
        **Wilmington, DE 19801**

*(stamp: 2004 JAN 22 PM 3: 47 — IN SHERIFF'S HANDS NEW CASTLE COUNTY)*

       **YOU ARE COMMANDED** to appear in the Superior Court, New Castle County Courthouse, 500 N. King Street, Wilmington, Delaware on **Monday, February 2, 2004, at 10:00 a.m.,** to testify for the Defendant in the above case. **You should report to a Court bailiff for the courtroom location.**

       **BRING THIS SUBPOENA WITH YOU**

       **This Subpoena is continuing and remains in force until the termination of the above case. You will only be released from this subpoena by order of the Court.**

       **Returnable forthwith.**

       **Requested By:**
       **Joseph M. Bernstein, Esquire**
       **800 N. King Street, Suite 302**
       **Wilmington, DE 19801**
       **(302) 656-9850**
       **Attorney for Defendant**

_Joseph M Bernstein_ _____      1-22-04
Requesting Party's signature            Date

## By Order of the Prothonotary

000032

_Shaun Agnew_

Document No.: 02-03-10-99-04-03

# SUPERIOR COURT JUDGE'S
# NOTICE OF A PROCEEDING SCHEDULED

Please complete and send to Prothonotary's as soon as proceeding is scheduled.

JUDGE __DEL PESCO__ DATE _Fri 3/5/04_ HOUR _1:00 PM_

BRIEF CAPTION _State_

ACTION NUMBER ~~Mustafa White~~ _(021000917H); Akeem Coleman (021000866[3]); and Emmanuel Robinson (021000918[?])_ RESCHEDULED FROM _____

PLAINTIFF(S) ATTORNEY(S) _____

DEFENDANT(S) ATTORNEY(S) _James Bayard, Jos. Bernstein, Kevin O'Conne[ll]_

STATE'S DEPUTY _Martin O'Connor_

TYPE OF PROCEEDING: (PLEASE CHECK)

| | | | |
|---|---|---|---|
| OFFICE CONFERENCE | _____ | ISSUE | _____ |
| HEARING | _____ | ISSUE | _____ |
| ARGUMENT | X | ISSUE | _defendants' motion for new trial_ |
| OTHER | _____ | | |

JUDGE (HAS) (~~NEEDS~~) MOTION
JUDGE (HAS) (~~NEEDS~~) FILE (STRIKE INAPPLICABLE WORD)
JUDGE (NEEDS) (~~DOES NOT NEED~~) CLERK

_In courtroom, defendants to be transported_

BRIEF OR MEMO SCHEDULE _____

MOTIONS _Defense atty. J. Bernstein gave argument for a new trial due to the way the verdict came back. Defense attorneys, James Bayard and Kevin O'Connell agrees with Atty. J. Bernstein argument._

DECISION _Judge Dell Pesco, stated that the motion for a new trial is Denied and that the State had very strong evidences and no reason to believe that the jurors was trading votes._

COURT CLERK _Curtis_ COURT REPORTER _Donnelly_

000033

SCD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR New Castle COUNTY

49

04m-11-028

STATE OF DELAWARE                    *

                                     *        CR. A. NO. N/A

                                     *        ID. NO. 0210009174

                                     *

        V.                           *

                                     *

                                     *

Mustafa Whitfield                    *
DEFENDANT

2004 NOV -5 PM

FILED
PROTHONOTARY

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for Habeas Corpus
_____ will be presented to this Honorable Court at the
earliest possible convenience.


11/2/04
DATE

Mustafa Whitfield
317479

Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

000034

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _New Castle_ COUNTY

IN THE MATTER OF THE PETITION OF   )   C.A. NO.
                                   )   HABEAS CORPUS

THE STATE OF DELAWARE,

You are commanded:

      To have _____ who is allegedly detained in your custody, before
the Superior Court of the State of Delaware, at the County Court House at
_____ Delaware immediately after the receipt of this writ; and to abide any
order which the Court shall make concerning Petitioner.
      And further, to certify fully in writing under oath the true cause of said detention,
and to have there a copy of all process or Orders, if any, under which he is detained and
also this writ.


_____
                     Prothonotary

Dated: _____

To the above named Respondent:

      In case of your failure to produce _____ as above
commanded, and fully certify in writing under oath the true cause of his detention, with a
copy of all process or orders, if any, under which he is detained, within 3 days after
service hereof upon you if the place where he is detained is not more than 20 miles from
the County Court House, or within 6 days if such place is more than 20 miles, you may
be adjudged to be in contempt of court.


_____
                     Prothonotary


000035

State of Delaware

              ss.

_____ County

_____, Sheriff of _____ County, deposes and says that he served personally upon _____ the original Writ of Habeas Corpus of which the within is a true copy, by leaving the original Writ with _____ on _____, 20  .

SWORN TO AND SUBSCRIBED before me, _____, 20  .

 

                                            _____

                                                Prothonotary

IN THE <u>Superior</u> COURT OF THE STATE OF DELAWARE
IN AND FOR <u>New Castle</u> COUNTY

IN THE MATTER OF

C.A. No.

_____

for a Writ of Habeas Corpus

<u>MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS</u>

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1.  The Criminal Action Number in this case is _____.

2.  Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of
<u>Violations of his U.S. Constitutional Rights 4th Amendment,</u>
<u>Mustafa Whitfield was charged because he was suppose to</u>
<u>have been positively identified by two police officers as a</u>
<u>suspect in a crime. Those officers testified that they didn't see</u>
<u>the suspects faces. One officers testified he couldn't tell the suspects</u>
<u>face. Also : One officer testified he never saw the suspect again.</u>

WHEREFORE, petitioner prays the petition issue and the writ granted.

*Mustafa Whitfield*
317479
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: <u>1|2|04</u>

000037

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _____ COUNTY

_____,

      PLAINTIFF

v.

_____,

§
§
§
§
§
§
§
§
§

_____

O R D E R

      IT IS HEREBY ORDERED, this _____day of _____,

___ that the attached Motion for _____

has been read and considered.

      IT IS ORDERED that the Motion is hereby GRANTED/DENIED.

      IT IS FURTHER ORDERED THAT _____

_____

_____

_____

_____

JUDGE

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

|  |  |
|---|---|
| | ) |
| | ) |
| **IN THE MATTER OF** | ) **CIVIL ACTION NO.  04M-10-083** |
| | ) **CRIMINAL ID:       0210009174** |
| | ) |
| **MUSTAFA A. WHITFIELD** | ) |
| | ) |
| | ) |
| | ) **HABEAS CORPUS PETITION** |

## ORDER

This _____ 3 _____ day of _____ Nov _____, **2004**, upon review of the foregoing Petition for a Writ of Habeas Corpus and the record in this case, it is the decision of the Court that the Petition is hereby **DENIED.** Petitioner is legally detained. Petitioner fails to state a claim upon which such a writ may be issued. The relief requested is not  properly granted through a Writ of Habeas Corpus.

**IT IS SO ORDERED**

The Honorable Susan C. DelPesco

Orig:  Prothonotary
cc:     Defendant
         Department of Justice                    2004 NOV -4  PM 12: 35                   000039

FILED
PROTHONOTARY

In The Superior Court Of The State Of Delaware
In And For New Castle County

(86)

(1-5)

Mustafa A. Whitfield
Petitioner.

04M-10-083

Civil Action No. N/A

V.

Thomas Caroll, Warden
Delaware Correctional Center

2004 OCT 27 AM II: 09
FILED
PROTHONOTARY

## Petition For A Writ of Hebeas Corpus

Petitioner, Mustafa A. Whitfield, herewith requests that
this honorable Court issue a Writ of Hebeas Corpus to
Thomas Caroll, Warden, Delaware Correctional Center to test the
Validity of his continued incarceration. Herewith, Petitioner
asserts the following as facts and grounds supporting his cause.

### I. Jurisdiction

I. The Superior Court has jurisdiction to issue a Writ of
Hebeas Corpus pursuant to 10 Del. C. SS. 6902

### II. Parties

000040

II(2). The Petitioner, Mustafa A. Whitfield, is currently
incarcerated at the Delaware Correctional Center, 1181 Paddock
Road, Smyrna, DE.

(3). Respondent, Thomas Caroll, is Warden of the Delaware
Correctional Center, and is custodian of the Petitioner's detention

(2-5)

## III. Statement Of Facts

4. On October 15, 2002 the Petitioner was charged with the crimes he is in prison because a Detective Stephen Misetic typed in report, warrants, and affidavits he was positively identified (two officers) Those two officer were Matthew Derbyshire and David Prado.

The Petitioner, Mustafa Whitfield wrote Court back in December 2003 for lack of probable cause. Whitfield asserts that Derbyshire nor Prado never positively identified him.

In January, 2004 Derbyshire testified at Whitfield's trial that he didn't see the suspects faces. Derbyshire also testified that he never saw Whitfield on October 15, 2002 or later that day. Derbyshire said he only typed a report on what he and David Prado did that evening.

Also in January, 2004 David Prado testified he couldn't see what the suspects had on except dark clothing. Prado also testified that he couldn't tell the race of the suspects who he and Derbyshire saw running.

000041

It is believed that these officers told Detective Stephen Misetic the same thing on October 15, 2002 because Misetic testified a few days after them and never testified they said different. Meaning: Misetic never testified that on October 15, 2002 they told him they saw me and I was a suspect, but changed their minds during trial.

(3-5)                                                    000042

Somehow Misetic got positive identification out of "I didn't see him and I couldn't tell the face(s) of the suspects. If these officers never testified that they positively identified me as a suspect how can Misetic say they did.

5. Petitioner Mustafa Whitfield asserts that the prosecution denied him due process and obstruction of justice. Petitioner asserts that the State knew the probable cause for Whitfield's arrest was because he was supposed to have been positively identified. The State in opening arguments on Jan. 29, 2004 stated Derbyshire and Prado saw Whitfield running from the crime scene and jumping a wall. The State also said that as Whitfield was walking with Emmanuel Robinson he was recognized as a suspect by David Prado.

January 30, 2004 niether officer testified to that. On Febuary 5, 2004 in closing arguments the state never mention that Derbyshire and Prado positively identified me. In opening arguments the state said they did which means the state noticed that I wasn't positively identified.

Meaning: In opening argument the state said that Derbyshire and Prado will say they saw Mustafa Whitfield doing things that would justify his arrest and to be charged. After Derbyshire and Prado testified to something that basically they didn't positively identify me, the state in closing arguments didn't mention they did. So the state noticed they (officers Derbyshire and Prado) didn't see me and didn't inform the court. In fact on February 4, 2004 the Court asked if anyone wanted to bring anything to the courts attention, the State was

(4-5)                                                    000043

first to say no, knowing they should have told the court.

### IV. Statement Of Claim

6. A Writ Of "Habeas Corpus" is extraordinary remedy issuable by trial court to inquire into legality of persons detained or under restraint of their liberty. In Interest of Stevens, 652 A2d 18, (1995). Purpose of writ of habeas corpus is to benefit prisoners, and writ is designed to accomplish speedy inquiry into allegedly unlawful detention through summary judicial proceeding. 10 Del C. ss 6901.

7. Defendant asserts that his continued detention is illegal for the following reasons:

1) In order to issue a warrant sufficient facts must appear on the face of the affidavit so that an appellate court can verify the factual basis for the judicial officer's determination regarding the existence of probable cause.

Since Derbyshire and Prado never positively identified me the night I was arrested or at my trial probable cause didn't exist. If Prado and Derbyshire did positively identify me as a suspect the night of the crime, why didn't Detective Stephen Misetic testify that they did. He typed it in reports.

Which in result is a Violation of the Fourth Amendment and others

(5-5)

## V. Relief Sought

8. Wherefore, Defendant prays that a Writ of Habeas Corpus be issued forthwith directed to Warden Thomas Caroll, Delaware Correctional Center, requiring him to produce the body of the defendant - petitioner before a Judge of the Superior Court in and for New Castle County, together with the alleged grounds and the cause of this detention, so that the constitutionality and legality of his confinement and detention may be inquired into with respect to the law of the State of Delaware and such other rights guaranteed by the Constitution of Delaware and the United States. Upon deficiency, defendant prays for his immediate release from custody.

Dated: 10/19/04

Respectfully,

Mustafa A. Whitfield
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

000044

FILED
PROTHONOTARY
2004 OCT 27 AM 11:00

10/21/04

Dear Judge (Wilmington Superior Court) Peggy Ableman

Hello! My name is Mustafa Whitfield. I'm writing to request a open hearing infront of the court. Because my court appointed attorney doesn't want answer questions I need for representing myself in my appeal. My court appointed attorney sent me a letter telling me I should do certain things to put the motion in but refuses to answer my question I wrote him about to file the Motion.

Meaning: There are questions I asked him in a letter that I wrote that I need answers to, to write my Motion. The questions were:

1. When you took on my case in March 2003, who gave you the police report Detective Stephen Misetic? (Names if any or agency)

2. When you filed in court my supression hearing and severance hearing in May 2003 did you have all the warants.

3. If he read any of my pro-se motions in late 2003 about

000045

no probable cause. And if he did why didn't he file them.

Your Honor it comes to find out that probable cause didn't exist like I wrote in Dec. 2003. I wrote about two police officers never positively identified me like a detective wrote they did. Those officers came to trial a month later and never identified me

4. Why didn't he raise my no probable cause at trial, for a new trial or on appeal?

000046

5. Why didn't he raise my police officer perjury on appeal when I made it clear I wanted to?

6. Why didn't he raise any of my issues I wanted him to raise on appeal?

Mr. Bernstein (court appointed attorney) doesn't want to answer these questions for my motion. I'm asking the court to either grant my hearing so I can confront Mr. Bernstein on these issues or order him to respond to the question and send them within 72 hours after receiving them. Thank You.

Mustafa Whitfield

000047

# JOSEPH M. BERNSTEIN
### ATTORNEY-AT-LAW

800 N. KING STREET • SUITE 302
WILMINGTON, DELAWARE 19801
(302) 656-9850
FAX (302) 656-9836

. October 1, 2004

Mustafa Whitfield #317479
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

### Re: Whitfield v. State, No. 156, 2004

Dear Mr. Whitfield:

I have received several letters from you indicating that you want to "fire" me as you attorney and that you desire to represent yourself in the above appeal. If you want to pursue such a course of action, you will have to file a written motion with the Court. The Court's address is: Supreme Court of Delaware, P.O. Box 476, Dover, DE 19903. You also have to send a copy of the motion to me and the attorney for the State, Loren C. Meyers, Esquire, Department of Justice, Carvel State Building, 820 N. French Street, Wilmington, DE 19801.

Very truly yours,

Joseph M. Bernstein

JMB/jm
cc: Clerk, Supreme Court of Delaware
    Loren C. Meyers, Esquire

000048

*To: Kathy Bates*

RECEIVED

NOV 2 0 2004

JUDGE DELPESCO'S OFFICE

# REFERRAL TO JUDGE

**DATE:** _11/15/04_

| | |
|---|---|
| **TO:** _Judge Delpesco_ | **FROM: STEVE NAPIER**<br>**CRIMINAL DEPARTMENT**<br>**PROTHONOTARY OFFICE** |

The enclosed matter is being referred to you as:

☐    **Office Judge**

☑    **Sentencing Judge**      **Sentence Date:**

☐    **Specially Assigned Judge**

☐    **Other:** _This maybe a duplicate_

_See prev. order of J. Delpesco enjoining from filing._

_M. Green_
_11/20/04_

**When completed, please return to me in the attached folder, using the reverse side of this memo as a transmittal document.**

**If you have any questions, please call me at Ext. 50702.**

_(Thank you.)_

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| | : | C.A. No. 04M-11-028 |
| v. | : | and |
| | : | Criminal I.D. No. 0210009174 |
| MUSTAFA WHITFIELD | : | |

# ORDER

Pending before the Court are the following *pro se* applications filed by Mustafa Whitfield:

1.  Defendant's (second) petition for habeas corpus filed on November 5, 2004;
2.  Defendant's *pro se* motion to compel filed on November 5, 2004; and
3.  Defendant's letter to the Honorable Joseph R. Slights received on November 5, 2004.

It appears to the Court that:

1.  March 3, 2003, Joseph Bernstein, Esquire, was ordered to represent Mr. Whitfield.

2.  February 6, 2004, Mustafa Whitfield was convicted by a jury trial. He was sentenced on April 16, 2004, on the following charges:

| | |
|---|---|
| IN 03-01-2167 | Attempted Robbery First Degree; |
| IN 03-01-0735 | Assault Second Degree; |
| IN 03-01-2169 | Possession of a Deadly Weapon During the Commission of a Felony; |
| IN 03-01-2170 | Reckless Endangering First Degree; |
| IN 03-01-2171 | Possession of a Firearm During the Commission of a Felony; |
| IN 03-01-0736 | Wearing a Disguise During the Commission of a Felony; and |
| IN 03-01-0737 | Conspiracy Second Degree. |

3.  March 5, 2004, the Court denied defendant's motion for new trial and motion for judgment of acquittal.

4.  March 10, 2004, Mr. Whitfield filed a *pro se* appeal of his conviction.

5.      March 15, 2004, the Supreme Court sent a letter to Mr. Bernstein regarding his continuing obligation to represent Mr. Whitfield.

6.      April 8, 2004, by letter from Judge Susan C. Del Pesco to Mr. Whitfield, Mr. Whitfield was advised that "you continue to file numerous papers in this court even though you are represented by counsel. . . You are directed to cease filing papers in this court. Papers must be filed by your attorney."

7.      April 23, 2004, Mr. Bernstein filed appeal (No. 156, 2004) on behalf of Mr. Whitfield.

8.      May 10, 2004, *pro se* Supreme Court appeal [filed March 10, 2004, No. 96, 2004] dismissed.

9.      July 22, 2004, Mr. Whitfield's letter to Judge T. Henley Graves, Superior Court Sussex County, was forwarded to Superior Court New Castle County.

10.     July 30, 2004, Superior Court record sent to Supreme Court.

11.     August 3, 2004, letter from Mr. Whitfield to the court.

12.     October 14, 2004, defendant's *pro se* request for transcript filed.

13.     October 27, 2004, defendant's *pro se* petition for habeas corpus (04M-10-083) filed.

14.     November 2, 2004, defendant's letter referred to Mr. Bernstein.

15.     November 3, 2004, habeas corpus (04M-10-083) petition DENIED.

16.     November 5, 2004, defendant's *pro se* motion to compel filed.

17.     November 5, 2004, defendant's letter to Judge Joseph R. Slights.

18.     November 5, 2004, defendant's *pro se* petition for habeas corpus (04M-11-028) filed.

WHEREFORE, IT IS THE ORDER of this Court that:

1.      Defendant's petition for habeas corpus (04M-11-028) is DENIED, as frivolous and repetitive;

2.      Defendant's *pro se* motion to compel (filed November 5, 2004) is DENIED; and

2

000051

3.    Defendant is hereby ENJOINED from future filings *pro se* filings in this Court pending the decision of the Supreme Court appeal (No. 156, 2004).  The Prothonotary is directed to reject any such filings.

SO ORDERED this 17th day of November, 2004.

_____

Judge Susan C. Del Pesco

Original to Prothonotary
xc:    Mustafa Whitfield, Delaware Correctional Center
       Joseph Bernstein, Esquire
       Martin B. O'Connor, Esquire
       Deborah L. Webb, Chief Deputy Clerk, Supreme Court (No. 156, 2004)

2004 NOV 17  PM 2: 18
FILED
PROTHONOTARY

3

000052

## Green Marge (Courts)

| | |
|---|---|
| **From:** | Green Marge (Courts) |
| **Sent:** | Monday, November 15, 2004 1:22 PM |
| **To:** | McBride Rebecca (DOC) |
| **Cc:** | Bates Kathleen (Courts) |
| **Subject:** | FW: Habeas - Mustafa Whitfield, sbi# 00317479 |
| **Importance:** | High |

Please send me a copy of your response to the Court's request for information regarding Mr. Whitfield's pending habeas petition.

Thanks.

Margaret S. Green
Secretary to Judge Susan C. Del Pesco
Superior Court of Delaware
500 N. King St.
Wilmington, DE 19801
Phone: (302) 255-0659
Fax: (302) 255-2273
E-mail: Marge.Green@state.de.us

**From:** Bates Kathleen (Courts)
**Sent:** Monday, November 08, 2004 4:54 PM
**To:** McBride Rebecca (DOC)
**Cc:** DelPesco Susan (Courts); Green Marge (Courts)
**Subject:** Re: Habeas - Mustafa Whitfield, sbi# 00317479

This defendant has filed a Petition for Writ of Habeas Corpus. Please identify for the court all commitments on which this defendant is being held. Please provide in your response Case ID Numbers, Criminal Action Numbers, and amounts and types of bail if applicable, sentences being served, detainers, capiases and warrants, i.e. whatever is holding the defendant.

Please respond directly to Judge DelPesco to whom this Habeas Corpus petition has been assigned, with a copy to her secretary Marge Green and myself. A quick response may eliminate the need to have the defendant transported to the courthouse for a hearing.

Kathleen Bates
Judicial Case Processor Supervisor
New Castle County Superior Court
Prothonotary Office
(302) 255-0701

000053

11/15/2004

# REFERRAL TO JUDGE

**DATE:** _11/8/04_

**TO:** _Judge Del Pesco_      **FROM: KATHY BATES**
**CRIMINAL DEPARTMENT**
**PROTHONOTARY OFFICE**

**The enclosed matter is being referred to you as:**

RECEIVED

NOV – 8 2004

JUDGE DEL PESCO'S OFFICE

☐   **Office Judge**

☑   **Sentencing Judge**     **Sentence Date:**

☐   **Specially Assigned Judge**

☐   **Other:** _2nd Habeas Petition filed — Previous Petition_
_Sent up 11/1/04 — Denied 11/3/04_

**When completed, please return to me in the attached folder, using the reverse side of this memo as a transmittal document.**

**If you have any questions, please call me at Ext. 50701.**

000054

SUPERIOR COURT CRIMINAL DOCKET       Page   1
( as of  11/15/2004 )

State of Delaware v.  MUSTAFE WHITFIELD              DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD


Co-Defendants:  AKEEM COLEMAN , EMMANUEL ROBINSON

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0210009174 | N03010734 | ATT CARJACKING | DISM | 05/20/2003 |
| 002 | 0210009174 | IN03010735 | ASLT 2ND | TGAI | 02/06/2004 |
| 003 | 0210009174 | IN03010736 | DISGUISE | TG | 02/06/2004 |
| 004 | 0210009174 | IN03010737 | CONSP 2ND | TG | 02/06/2004 |
| 005 | 0210009174 | IN03012167 | ATT. ROBBERY 1S | TG | 02/06/2004 |
| 006 | 0210009174 | IN03012168 | PFDCF | TNG | 02/06/2004 |
| 007 | 0210009174 | IN03012169 | PFDCF | TG | 02/06/2004 |
| 008 | 0210009174 | IN03012170 | RECK END 1ST | TG | 02/06/2004 |
| 009 | 0210009174 | IN03012171 | PFDCF | TG | 02/06/2004 |
| 010 | 0210009174 | IN03012172 | PDWB JUVENILE | TNG | 02/06/2004 |
| 011 | 0210009174 | IN03012173 | POSS DRUG PARAP | NOLP | 08/14/2003 |
| 012 | 0210009174 | IN03010738 | TRF.COC.5-50G | NOLP | 08/14/2003 |
| 013 | 0210009174 | IN03010739 | PWITD NSI CS | NOLP | 08/14/2003 |
| 014 | 0210009174 | IN03010740 | PWITD NSII CS | NOLP | 08/14/2003 |
| 015 | 0210009174 | IN03010741 | MAINT DWELLING | NOLP | 08/14/2003 |

Event

| No. | Date | Event | Judge |
|-----|------|-------|-------|
| 1 | 01/14/2003 | CASE ACCEPTED IN SUPERIOR COURT. | |

CASE ACCEPTED IN SUPERIOR COURT.
ARREST DATE: 10/15/2002
PRELIMINARY HEARING DATE: WAVIED AT FAMILY COURT 12/19/03
BAIL: CASH BAIL              62,000.00
2  02/10/2003
INDICTMENT, TRUE BILL FILED.NO 19
SCHEDULED FOR ARRAIGNMENT AND BAIL REPRESENTATION 02/25/03 AT 9:30
CASE REVIEW 03/24/03 AT 9:00
3  02/10/2003
CASE CONSOLIDATED WITH:0210013334
4  02/10/2003
MEMORANDUM FILED, CONSOLIDATION FORM FAXED TO NCC DENTENTION CENTER.
5  02/28/2003
CONFLICT LETTER FILED BY WENDY RUEBECK.
6  03/05/2003
SUMMONS MAILED.
03/14/2003                        REYNOLDS MICHAEL P.


000055

SUPERIOR COURT CRIMINAL DOCKET     Page   2
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD               DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

| Event | | | |
|---|---|---|---|
| No. | Date | Event | Judge |

--------------------------------------------------------------------------

BAIL MODIFIED.  BAIL NOW SET AT
CASH BAIL              62,000.00 100%
   You are ordered to have no contact, direct or indirect
ANTHONY MEEK
(hereinafter the "Alleged Victim"), or with the alleged vict
residence, place of employment, school, church, or at any ot
   No direct or indirect contact means that you are not to
physical presence of the alleged victim.  Also, you cannot s
messages or notes to the alleged victim by mail, other perso
You cannot send messages to, or communicate with, the allege
telephone, or other electronic medium.  You cannot send pres
any other object to the alleged victim.  You are not to cont
victim in ANY way.  It is a violation of this order if you h
except your attorney, contact the alleged victim for you.
  ---
   You are to make no attempts to locate the alleged victi
  ---
7   03/14/2003              REYNOLDS MICHAEL P.
  ARRAIGNMENT CALENDAR, ARRAIGNED.
8   03/14/2003              REYNOLDS MICHAEL P.
  ORDER:  JOSEPH BERNSTEIN, ESQ. APPOINTED TO REPRESENT DEFENDANT.
  03/24/2003              TOLIVER CHARLES H. IV
  CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 4/21/03 @ 1:45
9   04/10/2003
  MOTION TO TRANSFER DETENTION OF DEFENDANT FROM
  NEW CASTLE COUNTY DETENTION CENTER TO GANDER HILL.
  (CHRISTINA SHOWALTER, DAG.)
10  04/15/2003
  MOTION FOR TRANSFER GRANTED. DEFENDANT TO BE TRANSFERRED FROM
  NEW CASTLE COUNTY DETENTION CENTER TO GANDER HILL.
11  04/21/2003              BABIARZ JOHN E. JR.
  CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED.
  DEFENDANT'S REQUEST-DEFENSE ATTY IN TRIAL.
12  05/08/2003
  MOTION FOR REDUCTION OF BAIL FILED.
  BY JOSEPH BERNSTEIN, ESQ
  SCHEDULED FOR 5/20/03 AT 9:30.
  05/19/2003              JURDEN JAN R.
  FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
13  05/19/2003
  ORDER SCHEDULING TRIAL FILED.
  TRIAL DATE:__7/22/03

000056

SUPERIOR COURT CRIMINAL DOCKET        Page    3
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

Event
No.   Date      Event                   Judge
--------------------------------------------------------------------------------
CASE CATEGORY:_____1
ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): RRC
UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
CONTINUANCE REQUESTS WILL BE DENIED.

14  05/20/2003                VAVALA MARK STEPHEN
MOTION FOR REDUCTION OF BAIL GRANTED.
BAIL SET IN THE AMOUNT OF
SECURED BAIL-HELD           107,000.00 100%

15  06/12/2003
MOTION TO SUPPRESS FILED J BERNSTEIN

16  06/12/2003
MOTION FOR SEVERANCE OF CHARGES FILED BY J BERNSTEIN

17  06/12/2003
LETTER FROM J BERNSTEIN TO JUDGE COOCH
RE: MOTIONS FILES WITH THE COURT  TO BE HEARD PRIOR TO TRIAL

18  06/13/2003                DEL PESCO SUSAN C.
ORDER: 1. DEFENDANT'S MOTION TO SUPPRESS HAS BEEN SCHEDULED FOR A
HEARING ON FRIDAY, JULY 18TH 2002 AT 10:00AM
2. THE STATE SHALL FILE A RESPONSE TO THE MOTION ON OR BEFORE JULY 11,
2003 WHICH SETS FORTH FACTS AND LEGAL AUTHORITIES RELIED UPON BY THE
STATE IN OPPOSITION TO THE MOTION. THE STATE SHALL ALSO ADVISE THE
COURT OF THE STATUS OF ANY PLEA NEGOTIONS BY JULY 11, 2003.
SEE FULL ORDER IN FILE
IT IS SO ORDERED.

30  06/18/2003      ·             COOCH RICHARD R.
LETTER FROM: JUDGE COOCH     TO: MARTIN O'CONNOR, ESQ. & JOSEPH
BERNSTEIN, ESQ.
RE: DEFENDANT HAS FILED A MOTION FOR SEVERANCE OF CHARGES. THE STATE
SHALL FILE A RESPONSE TO THE MOTION ON OR BEFORE JUNE 27, 2003. I
WILL HEAR THE MOTION (IN CHAMBERS) ON WEDNESDAY, JULY 9 AT 9:00AM (IF
THIS DATE IS NOT CONVENIENT TO COUNSEL, PLEASE ADVISE MY SECRETARY
IMMEDIATELY).  MS. BRENHOCH ADVISES ME THAT DEFENDANT'S NEWLY FILED
MOTION FOR SUPPRESSION WILL BE SEPARATELY SCHEDULED BY HER AND HEARD
POTENTIALLY BY ANOTHER JUDGE.  TRIAL IS SCHEDULED FOR JULY 22, 2003.

20  06/23/2003                COOCH RICHARD R.
COPY OF LETTER FROM JOSEPH BERNSTEIN, ESQ. TO JUDGE COOCH
RE: THE ABOVE CASE IS A CATEGORY #1 CASE THAT IS ASSIGNED TO YOUR
HONOR. ENCLOSED ARE COPIES OF THE FOLLOWING MOTIONS WHICH HAVE
BEEN FILED WITH THE COURT:
1. MOTION FOR SUPPRESSION OF EVIDENCE;

SUPERIOR COURT CRIMINAL DOCKET     Page    4
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD            DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

```
    Event
No. Date    Event              Judge
------------------------------------------------------------------
```

    2. MOTION FOR SEVERANCE OF CHARGES
    TRIAL IS SCHEDULED ON JULY 22, 2003. LEAVE WAS GRANTED BY THE COURT
    AT FINAL CASE REVIEW ON MAY 19, 2003 TO FILE THESE MOTIONS OUT OF
    TIME.
74  06/27/2003
    LETTER FROM: MARTIN B. O'CONNER, DAG.  TO: JUDGE COOCH.
    RE:_THE STATE HAS HAD AN OPPORTUNITY TO REVIEW THE ABOVE DEFENDANT'S
    MOTION FOR SEVERANCE OF CHARGES. BY LETTER DIRECTIVE OF THIS COURT,
    THE STATE WAS TO RESPOND BY JUNE 27, 2003 TO THE DEFENDANT'S MOTION.
    (SEE LETTER IN FILE).
19  06/30/2003
    SUBPOENA(S) MAILED.
25  07/01/2003
    LETTER FROM M. O'CONNOR TO JOH
    RE: STATE'S REQUESTING THE TRIALS BE CONTINUED AND THAT THE COURT SET
    A SCHEDULING CONFERENCE TO ASSIGN A NEW TRIAL DATE
21  07/03/2003
    THE STATE IS REQUESTING THAT THE ABOVE REFERENCE TRIALS BE CONTINUED,
    AND THAT THE COURT SET A SCHEDULING CONFERENCE TO ASSIGN A NEW TRIAL
    DATE. FILED BY MARTIN B. O'CONNOR, DAG
    FILED ON 0210009174, 0210008663, 0210009188
24  07/03/2003
    LETTER FROM M. O'CONNOR TO RRC
    RE: COURT REQUESTED THE STATE TO NOTIFY IT AS TO WHAT SET OF CHARGES
    WILL BE TRIED FIRST. STATE REQUESTED A CONTINUANCE ON 6/27/03 IN THE
    SHOOTING CASE. IF GRANTED THE STATE WILL BE CONTENT TO GO FORWARD
    WITH THE NARCOTICS CHARGES
28  07/03/2003                    COOCH RICHARD R.
    COPY OF LETTER FROM JOSEPH BERNSTEIN, ESQ. TO JUDGE COOCH
    RE: I RECENTLY RECEIVED THE ENCLOSED ORDER DATED JULY 7, 2003 WHICH
    INDICATES THAT THE SUPPRESSION HEARING IS SCHEDULED ON AUGUST 15,
    2003. THIS CONFLICTS WITH INFORMATION I PREVIOUSLY RECEIVED THAT THE
    SUPPRESSION HEARING WAS SCHEDULED ON JULY 18, 2003 WITH JUDGE DELPESCO
    PLEASE CLARIFY THIS CONFLICT.  IN ANY EVENT, I WILL PROVIDE THE COURT
    WITH AN AMENDED MOTION IN ACCORDANCE WITH THE ORDER DATED JULY 7, 2003
    TO BE FILED ON OR BEFORE JULY 16, 2003.
22  07/07/2003
    SUBPOENA(S) MAILED.
27  07/07/2003                    COOCH RICHARD R.
    ORDER: CONCERNING SCHEDULED & DEADLINES FOR COUNSEL TO FILE RESPONCE
    ******ORDER VACATED 07/10/03
23  07/09/2003

000058

SUPERIOR COURT CRIMINAL DOCKET      Page   5
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD              DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.       MUSTAFA A WHITFIELD


    Event
No. Date      Event              Judge
-----------------------------------------------------------------------------
    HEARING, MOTION FOR SEVERANCE.  THE MOTION WAS PREVIOULSY GRANTED PER
    JUDGE COOCH.
39  07/10/2003
    EMAIL FILED TO:MARTIN O'CONNOR, ESQ. FROM JUDGE COOCH
    RE: THE SUPPRESSION  HEARING WILL BE HELD FRIDAY, JULY 18TH AT
    10 AM BEFORE JUDGE SLIGHTS. DEFENDANT SHALL FILL AN AMENDED MOTION
    TO SUPPRESS BY 5 PM ON JULY 14. STATE SHALL FILE RESPONSE BY NOON
    ON JULY 17TH.
26  07/14/2003
    AMENDED MOTION TO SUPPRESS FILED
29  07/15/2003                HERLIHY JEROME O.
    ORDER: 1. TRIAL DATE OF 07/22/03 IS CONTINUED TILL 10/03 PER STATE'S
    REQUEST 2. STATE TO COMPLETE DNA TESTING BY 10/03/03 3. CASE TO BE
    REASSIGNED TO ANY JUDGE IN THE CRIMINAL ROTATION 4. NO DEFENSE OBJECTI
    ON TO CONTINUANCE. COURT SUGGESTED TO THE DAG THAT BECAUSE OF HIS AND
    DEFENSE COUNSEL'S CAPITAL CASE SCHEDULES, THE STATE MAY HAVE TO ARRANG
    E FOR A POSSIBLE PICK-UP.
32  07/16/2003
    LETTER FROM M. O'CONNOR TO JRS.
    RE: STATE'S RESPONSE TO DEFT'S MOTION
31  07/18/2003                SLIGHTS JOSEPH R. III
    TRIAL CALENDAR/SUPPRESSION HEARING:  MOTION GRANTED
    DRUG CHARGES TO BE DROPPED
33  07/25/2003
    ORDER SCHEDULING TRIAL FILED.
    TRIAL DATE: 10/15/03
    CASE CATEGORY: #1
    ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): HLA
    UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
    OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
    FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
    CONTINUANCE REQUESTS WILL BE DENIED.
34  08/01/2003
    MOTION FOR REDUCTION OF BAIL FILED.
    BY JOSEPH BERNSTEIN, ESQ.
    SCHEDULED FOR 08/12/03 9:30AM
35  08/12/2003                REYNOLDS MICHAEL P.
    MOTION FOR REDUCTION OF BAIL GRANTED.
    BAIL SET IN THE AMOUNT OF
    SECURED BAIL-HELD        88,000.00 100%
36  08/13/2003
    CASE REVIEW PLEA HEARING:  SET FOR TRIAL


                                                    000059

SUPERIOR COURT CRIMINAL DOCKET    Page    6
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD            DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

```
     Event
No.  Date      Event              Judge
-----------------------------------------------------------------------
```

37  08/14/2003
    EMAIL FILED TO: MARTIN O'CONNOR (DAG) FROM: C. LEMIEUX
    RE: INCORRECT CASE NUMBER ON NOLLE PROSEQUI. PERMISSION GRANTED TO
    CHANGE THE CASE NUMBER.
38  08/15/2003
    NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
    AS TO: IN03-01-0738, 0739, 0740, 0741 & 2173
    REASON: (20) EVIDENCE SUPRESSED
40  09/29/2003
    SUBPOENA(S) MAILED.
    10/09/2003                    GEBELEIN RICHARD S.
    TRIAL CALENDAR-JURY TRIAL-CONTINUED. PROSECUTION REQUEST.
    DAG IN TRIAL OFFICE CONFERENCE TO BE SCHEDULED PER RSG.
    *APPROVED BY RSG ON 10/09/03 TRIAL IS SCHEDULED FOR 10/15/03.
41  11/07/2003
    ORDER SCHEDULING TRIAL FILED.
    TRIAL DATE:TRIAL IS SCHEDULED FOR THURSDAY, 01/29/2004.
    CASE CATEGORY:THIS MATTER IS A CATEGORY # 1 CASE.
    ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):TO JUDGE JOESPH R. SLIGHTS III.
    UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
    OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
    FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
    CONTINUANCE REQUESTS WILL BE DENIED.
44  11/26/2003
    DEFENDANT'S LETTER FILED.
42  12/15/2003
    DEFENDANT'S LETTER FILED.
    TO: JUDGE SLIGHTS
43  12/19/2003                SLIGHTS JOSEPH R. III
    LETTER FROM JUDGE SLIGHTS    TO JOSEPH BERNSTEIN, ESQ. RE: SUPERIOR
    COURT CRIMINAL RULE 47 PROVIDES IN PERTINENT PART, THE COURT WILL NOT
    CONSIDER PRO SE APPLICATIONS BY DEFENDANTS WHO ARE REPRESENTED BY
    COUNSEL. PLEASE NOTIFY YOUR CLIENT THAT FURTHER CORRESPONDENCE OR
    MOTIONS SHOULD BE MAILED DIRECTLY TO YOUR OFFICE FOR APPROPRIATE
    ACTION.
46  12/30/2003
    DEFENDANT'S LETTER FILED.
45  01/05/2004
    SUBPOENA(S) MAILED.
47  01/29/2004                DEL PESCO SUSAN C.
    TRIAL CALENDAR- WENT TO TRIAL JURY
48  01/29/2004

                                                    000060

SUPERIOR COURT CRIMINAL DOCKET        Page    7
( as of  11/15/2004 )

State of Delaware v.  MUSTAFE WHITFIELD              DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

```
      Event
No.  Date      Event                    Judge
-----------------------------------------------------------------
      SUBPOENA(S) SERVED BY SHERIFF.
49  02/03/2004
      MOTION FOR JUDGEMENT OF ACQUITTAL FILED.
      FILED BY JOSEPH BERNSTEIN,ESQ
      SENT UP TO JURY TRIAL JUDGE DEL PESCO
50  02/06/2004                DEL PESCO SUSAN C.
      CHARGE TO THE JURY FILED.
51  02/06/2004                DEL PESCO SUSAN C.
      JURY TRIAL HELD. JURY SELECTED AND SWORN 1/29/04. ON 2/06/04 JURY
      FOUND DEFENDANT GUILTY OF (2167) ATT. ROB. 1ST; (0735) ASSAULT 2ND;
      (2169) PFDCF; (2170) REC. END. 1ST; (2171) WEARING DISGUISE DURING
      COM. FELONY; (0737) CONSP. 2ND. JURY FOUND DEFENDANT NOT GUILTY OF
      (2168) PFDCF AND (2172) PDWBPP. DEFENDANT REPRESENTED BY JOSEPH
      BERNSTEIN, ESQ. ATTORNEYS FOR STATE, MARTIN O'CONNOR, ESQ. AND
      JOHN DONAHUE, ESQ. PSI ORDERED. SENTENCING DATE TO BE DETERMINED.
      ALL EXHIBITS RETAINED BY PROTH. DEPT.  CR/BAIRD/GARRI/HONAKER
      CC/SHERR/BENNETT
54  02/10/2004
      MOTION TO AUTHORIZE PAYMENT FOR TRANSCRIPTS FILED.
      FILED BY JOSEPH M BERNSTEIN,ESQ
53  02/11/2004
      TRANSCRIPT FILED.
      VERDICT-FEBRUARY 6, 2004
      BEFORE: HONORABLE SUSAN C. DEL PESCO AND JURY
      (ORIGINAL TRANSCRIPT IN CASE # 0210008663)
52  02/12/2004                DEL PESCO SUSAN C.
      MOTION AND ORDER TO AUTHORIZE PAYMENT FOR TRANSCRIPTS: IT IS ORDERED
      THAT THE COST OF PREPARATION OF THE TRIAL TRANSCRIPTS IN THE ABOVE
      ACTION BE BORNE BY THE STATE, IN LIGHT OF THE INDIGENCY OF THE
      DEFENDANT.
55  02/17/2004
      MOTION FOR NEW TRIAL FILED.
      BY JOSEPH M BERNSTEIN,ESQ
      REFERRED TO ISO FOR TRIAL JUDGE DEL PESCO (02/18)
60  03/03/2004
      LETTER FROM: MARTIN O'CONNER AND JOHN DONAHUE, DAG.
      TO: JUDGE DELPESCO.
      LETTER MEMORANDUM AS THE STATE'S RESPONSE TO THE ABOVE REFERENCED
      DEFENDANT'S MOTION FOR NEW TRIAL.
      THE STATE SUBMITS THAT THE DEFTS. MOTION FOR A NEW TRIAL BE DENIED.
      *SEE FULL LETTER IN FILE*
56  03/05/2004                DEL PESCO SUSAN C.
```

SUPERIOR COURT CRIMINAL DOCKET       Page   10
( as of  11/15/2004 )

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.       AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

Event
No.  Date       Event                    Judge
--------------------------------------------------------------------------------
        SENTENCED BY JUDGE SUSAN C. DELPESCO. THEREFORE, YOUR CORRESPONDENCE
        IS BEING FORWARDED TO NEW CASTLE COUNTY FOR ANY ACTION DEEMED
        NECESSARY.
76  07/29/2004
        LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
        RE: TRANSCRIPT AND RECORD ARE DUE 08/02/04.
        174, 2004
        (ALSO WHITFIELD 156, 2004 AND COLEMAN 208, 2004)
75  07/30/2004
        LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
        RE: TRANSCRIPT AND RECORD DUE AUGUST 2, 2004
        156, 2004
        (ALSO ROBINSON 174, 2004 AND COLEMAN 208, 2004)
     07/30/2004
        RECORDS SENT TO SUPREME COURT.
77  08/02/2004            DEL PESCO SUSAN C.
        LETTER FROM JUDY GOFF, SECRETARY TO JUDGE T. HENLEY GRAVES
        TO DEFENDANT
        RE: YOUR LETTER ADDRESSED TO JUDGE T. HENLEY GRAVES WAS FORWARDED TO
        SUSSEX COUNTY SUPERIOR COURT, WHERE JUDGE GRAVES PRESIDES.
        YOUR CASE IS A NEW CASTLE COUNTY SUPERIOR CASE, AND YOU WERE
        SENTENCED BY JUDGE SUSAN C. DEL PESCO. THEREFORE, YOUR CORRESPONDENCE
        IS BEING FORWARDED TO NEW CASTLE COUNTY FOR ANY ACTION DEEMED
        NECESSARY.
78  08/03/2004
        DEFENDANT'S LETTER FILED.
        LETTER REGARDING WHAT WAS DONE WRONG AT THE TRIAL.
        *SEE FULL LETTER IN FILE.
80  08/06/2004
        RECEIPT OF RECORD ACKNOWLEDGED BY SUPREME COURT
81  10/06/2004
        TRANSCRIPT FILED.
        TRIAL- FEBRUARY 6, 2004
        BEFORE JUDGE DEL PESCO AND JURY
82  10/07/2004
        TRANSCRIPT FILED.
        TRIAL- FEBRUARY 6,2004
        BEFORE JUDGE DEL PESCO AND JURY
83  10/14/2004
        DEFENDANT'S REQUEST FILED.
        REQUEST FOR COMPLETE COPY OF TRANSCRIPT.  FEBRUARY 3RD PORTION OF THE
        TRANSCRIPT NOT GIVEN.  COPY OF LETTER REFERRED TO THE COURT REPORTERS

Supr. Ct. 156, 2004

SUPERIOR COURT CRIMINAL DOCKET       Page   11
( as of  11/15/2004 )

State of Delaware v.  MUSTAFE WHITFIELD              DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.     AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.       MUSTAFA A WHITFIELD

```
     Event
No.  Date    Event                 Judge
--------------------------------------------------------------------------
     OFFICE.
86   10/27/2004
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE DELPESCO.
     DATE REFERRED: 11/01/04
     CIVIL CASE NO: 04M-10-083
84   11/02/2004
     DEFENDANT'S LETTER FILED, CONCERNING CASE.
85   11/02/2004
     REFERRAL MEMORANDUM. REFERRED TO JOSEPH BERNSTEIN, ESQ. BY JUDGE
     DELPESCO.
     REF.# 84
87   11/03/2004
     ORDER: HABEAS CORPUS PETITION 04M-10-083 IS DENIED.
88   11/05/2004
     MOTION TO COMPEL FILED PRO SE.  REFERRED TO JUDGE DEL PESCO
```

        *** END OF DOCKET LISTING AS OF  11/15/2004 ***
          PRINTED BY: CSCMGRE

SUPERIOR COURT CRIMINAL DOCKET        Page    9
( as of  11/15/2004 )

State of Delaware v.  MUSTAFE WHITFIELD                    DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.      AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

```
     Event
No.  Date      Event             Judge
-----------------------------------------------------------------
     $50.00 ATTORNEY FEE.
64   04/21/2004              DEL PESCO SUSAN C.
     SENTENCE: ASOP ORDER SIGNED & FILED 4/21/04.
66   05/10/2004
     MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
     SUPREME COURT CASE NO: 96, 2004
     SUBMITTED: MARCH 26, 2004
     DECIDED: APRIL 20, 2004
     BEFORE HOLLAND, STEELE AND JACOBS, JUSTICES
     *PURSUANT TO SUPREME COURT RULE 29(B) THE WITHIN APPEAL IS DISMISSED
67   06/29/2004
     LETTER FROM SUPREME COURT TO MICHELE HONAKER, COURT REPORTER
     RE: AN EXTENSION TO FILE THE TRANSCRIPT IS GRANTED, THE
     TRANSCRIPT IS NOW DUE JULY 22, 2004.
     156, 2004
     07/20/2004
     RECORDS SENT TO SUPREME COURT.
69   07/22/2004
     TRANSCRIPT FILED.
     TRIAL TRANSCRIPT - JANUARY 30, 2004
     BEFORE JUDGE DEL PESCO
70   07/22/2004
     TRANSCRIPT FILED.
     TRIAL TRANSCRIPT - JANUARY 29, 2004
     BEFORE JUDGE DEL PESCO
71   07/22/2004
     TRANSCRIPT FILED.
     TRIAL TRANSCRIPT - FEBRUARY 3, 2004
     BEFORE JUDGE DEL PESCO
72   07/22/2004
     TRANSCRIPT FILED.
     TRIAL TRANSCRIPT - FEBRUARY 6, 2004
     BEFORE JUDGE DEL PESCO
73   07/22/2004
     TRANSCRIPT FILED.
     VERDICT - FEBRUARY 6, 2004
     BEFORE JUDGE DEL PESCO
79   07/22/2004
     LETTER FROM JUDY F. GOFF        TO MUSTAFA WHITFIELD
     YOUR LETTER ADDRESSED TO JUDGE T. HENLEY GRAVES WAS FORWARDED TO
     SUSSEX COUNTY SUPERIOR COURT, WHERE JUDGE GRAVES PRESIDES.
     YOUR CASE IS A NEW CASTLE COUNTY SUPERIOR COURT CASE, AND YOU WERE
```

000064

SUPERIOR COURT CRIMINAL DOCKET    Page    8
( as of  11/15/2004 )

State of Delaware v. MUSTAFE WHITFIELD                DOB: 05/10/1985
State's Atty: MARTIN B O'CONNOR , Esq.    AKA: MUSTAFA A WHITFIELD
Defense Atty: JOSEPH M BERNSTEIN , Esq.        MUSTAFA A WHITFIELD

|        | Event |       |       |
|--------|-------|-------|-------|
| No.    | Date  | Event | Judge |

---------------------------------------------------------------------

HEARING HELD: MOTION FOR A NEW TRIAL BEFORE JUDGE DEL PESCO.
DEFENSE ATTORNEY JOSEPH BERNSTEIN GAVE ARGUMENT FOR A NEW TRIAL, DUE
TO THE WAY THE VERDICT CAME BACK, DEFENSE ATTORNEYS, JAMES BAYARD AND
KEVIN O'CONNELL AGREES WITH ATTORNEY JOSEPH BERNSTEIN ARGUMENT.
JUDGE DEL PESCO, STATED THAT A MOTION FOR A NEW TRIAL IS DENIED AND
THAT THE STATE HAD VERY STRONG EVIDENCES AND NO REASON TO BELIEVE THAT
THE JURORS WAS TRADING VOTES.

57  03/05/2004                    DEL PESCO SUSAN C.
ORDER: MOTION FOR JUDGEMENT OF ACQUITTAL: DENIED.

65  03/11/2004
LETTER FROM: MARTIN O'CONNOR AND JOHN DONAHUE, DAG.
TO: JUDGE DEL PESCO.
PLEASE ACCEMPT THIS LETTER MEMORANDUM AS THE STATE'S RESPONSE TO THE
ABOVE REFERENCED DEFT. MUSTAFA WHITFIELD'S MOTION FOR A NEW TRIAL
FILED ON OR ABOUT FEBRUARY 2, 2003. IT APPEAR THAT THE MOTION IS
BASED ON AN ARGUMENT THAT THE COURT'S ALLEN CHARGE PRODUCED A
COMPROMISE VERDICT. AS IS DISCUSSED IN THIS MEMORANDUM, DEFENDANTS
ARE IN FACT NOT ENTITLED TO A NEW TRIAL, AND THE COURT SHOULD DENY
THE MOTION.
*SEE FULL LETTER IN FILE*

58  03/18/2004
LETTER FROM SUPREME COURT TO JOSEPH BERNSTEIN, ESQ.
RE: CONTINUING OBLIGATION.

59  04/05/2004
MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE DEL PESCO.

61  04/05/2004
AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS FILED
PRO SE.  REFERRED TO JUDGE DEL PESCO

62  04/08/2004                    DEL PESCO SUSAN C.
LETTER FROM: JUDGE DEL PESCO          TO: MR WHITFIELD
    YOU CONTINUE TO FILE NUMEROUS PAPERS IN THIS COURT EVEN THOUGH
YOU ARE REPRESENTED BY COUNSEL.  IT IS A WASTE OF THE TIME OF THE
COURT TO PROCESS YOUR PAPERS.  A PERFECT EXAMPLE IS THE FACT THAT YOU
FILED A MOTION TO PROCEED IN FORMA PAUPERIS AND A MOTION FOR A
TRANSCRIPT WHEN I PREVIOUSLY SIGNED AN ORDER AUTHORIZING THE
TRANSCRIPT IN RESPONSE TO A MOTION FILED BY MR. BERNSTEIN ON FEBRUARY
9, 2004.  YOU ARE DIRECTED TO CEASE FILING PAPERS IN THIS COURT.
PAPERS MUST BE FILED BY YOUR ATTORNEY.

63  04/16/2004                    DEL PESCO SUSAN C.
SENTENCING CALENDAR: DEFENDANT SENTENCED.

68  04/16/2004                    DEL PESCO SUSAN C.
CORRECTED ASOP ORDER SIGNED AND FILED. CORRECTION TO REFLECT

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle COUNTY

#95

STATE OF DELAWARE

V.

Mustafa Whitfield
Name of Movant on Indictment

Mustafa Alexander Whitfield
Correct full name of Movant

❋
❋
❋
❋    No. 0210009174
❋    PN 03-01-0735-R1, 0736-R1
❋    0737-R1, 2167-R1, 2169-R1
❋    2170-R1, 2171-R1
❋
❋
❋
❋

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)    This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)    All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)    Additional pages are not permitted. If more room is needed, use the reverse side of the sheet.

(4)    No citation of authorities is required. If legal arguments are submitted, this should be done in a separate memorandum.

(5)    Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)    When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered. No fee is required.

(7)    The motion will be accepted if it conforms to these instructions. Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

000066

1.    County in which you were convicted  New Castle County

2.    Judge who imposed sentence  Judge Susan C. Del Pesco

3.    Date sentence was imposed  April 16, 2004

4.  Offense(s) for which you were sentenced and length of sentence(s):
    _Attempted Robbery 1st Degree, Assault 2nd Degree, PFDCF,_
    _Reckless Endangering 1st Degree, Conspiracy 2nd Degree, PDWPP,_
    _Wearing A Disguise During Commission Of A Felony, PFDCF, PFDCF_

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because
    of the judgment(s) under attack in this motion?    YES ____    NO _✓_
    If your answer is "yes" give the following information:
    Name and location of court(s) which imposed the other sentence(s).

    _____
    _____
    _____
    Date sentence(s) imposed: _April 16, 2004_____
    Length of sentence(s): _11 years_____

6.  What was the basis for the judgment/s of conviction? (check one)
    ( ) Plea of guilty
    ( ) Plea of guilty without admission of guilty  (Robinson Plea)
    ( ) Plea of nolo contendere
    (✓) Verdict of jury
    ( ) Finding of judge  (nonjury trial)

7.  Judge who accepted plea or presided at trial _Judge Susan Del Pesco_

8.  Did you take the witness stand and testify?  (check one)
    No trial ( )   Yes (✓)   No ( )

9.  Did you appeal from the judgment of conviction?   YES _✓_   NO ____
    If your answer is "yes" give the following information:
    Case number of appeal _No. 156, 2004_____
    Date of court's final order or opinion _~~September 20, 2004~~_ March 7, 2005

10. Other than a direct appeal from the judgment(s) of conviction, have you filed
    any other motion/s or petitions/s seeking relief from the judgment/s in state or
    federal court?   Yes ( )   No (✓)     How many? ( )
    If your answer is "yes", give the following information as to each:
    Nature of proceeding/s _N/A_____
    _____
    Grounds raised _N/A_____
    _____
    _____          000067
    _____
    Was there an evidentiary hearing? _____
    Case number of proceeding/s _____
    Date/s of court's final order/s or opinion/s _____
    Did you appeal the result/s? _____

11.  Give the name of each attorney who represented you at the following stages of
the proceedings relating to the judgment/s under attack in this motion:

At plea of guilty or trial _Joseph M. Bernstein_____

On appeal _Joseph M Bernstein_____

In any postconviction proceeding _____

12.  State every ground on which you claim that your rights were violated. If you fail
to set forth all grounds in this motion, you may be barred from raising additional
grounds at a later date. You must state facts in support of the ground/s which
you claim. For your information, the following is a list of frequently raised
grounds for relief (you may also raise grounds that are not listed here): double
jeopardy, illegal detention, arrest, or search and seizure, coerced confession or
guilty plea; uninformed waiver of the right to counsel, to remain silent, or to
speedy trial, denial of the right to confront witnesses, to subpoena witnesses, to
testify, to ineffective assistance of counsel, suppression of favorable evidence, or
unfulfilled plea agreement.

Ground one: _Illegal Arrest And Detention_____

Supporting Facts: (state facts briefly, without citing cases)

_Defendant asserts arrest is illegal due to identification_
_issues, the Police even testified at trial they did not ever_
_see defendant's face nor could the Police even say what_
_race the perpetrator's were, nor could the victim identify_
_the defendant as one of the supposed perpetrators_

Ground two: _Search And Seizure In Violation Of The 4th Amendment_

Supporting Facts: (state facts briefly, without citing cases)

_Defendant was seized by Police with no probable cause or_
_evidence linking defendant to the shooting, no fingerprints,_
_no forensic evidence at the crime scene or evidence tests_
_to check if defendant had fired or discharged a pistol or any_
_type of reliable identification. The police just assumed guilt._

Ground three: _____

Supporting Facts: (state facts briefly, without citing cases)

_____

_____

_____            000068

_____

If any of the grounds listed were not previously raised, state briefly what
grounds were not raised, and give your reason/s for not doing so: _____

_____

_____

Wherefore, movant asks this court to grant him all relief to which he may be
entitled in this proceeding.

I declare the truth of the above under penalty of perjury.

Date _____        _____

                                              Signature of Movant

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

000069

STATE OF DELAWARE,                    :
                                      :
         v.                           :    Criminal I.D. No. 0210009174
                                      :    IN 03-01-0735R1, 0736R1, 0737R1,
MUSTAFA WHITFIELD                     :    2167R1, 2169R1, 2170R1, 2171R1

Submitted: March 17, 2005
Decided: June 27, 2005

WHEREAS, this 27th day of June 2005, the defendant's motion for postconviction relief having been duly considered, it appears:

1.     On February 6, 2004, the defendant was found guilty of attempted robbery first degree, assault second, degree, two counts of possession of a firearm during the commission of a felony, reckless endangerment first degree, wearing a disguise during the commission of a felony, and conspiracy second degree. The defendant was sentenced to eleven years of incarceration followed by a period of probation.

2.     The defendant appealed the conviction. In a very detailed and comprehensive opinion, the Supreme Court reviewed the facts of the indicent and addressed the issues raised on appeal.[1]

3.     In his postconviction motion, the defendant raises two issues:

> Defendant asserts arrest is illegal due to identification issues, the police even testified at trial they did not ever see defendant's face or could the police even say what race the perpetrator's were, nor could the victim identify the defendant as one of the supposed perpetrators.

> Defendant was seized by police with no probable cause or evidence linking defendant to the shooting, no fingerprints, no forensic evidence at the crime scene or evidence tests to check if defendant had fired or discharged a postol or any type of reliable identification. The police just assumed guilt.

4.     Whitfield argued at trial that he was not the person involved in the crime. His identification as a perpetrator was an issue at trial which was presented to the jury. There was abundant circumstantial evidence to implicate him in the crime. The jury made the factual finding of guilt. That conviction has been affirmed. The argument that there must be other or

---

[1]*Whitfield v. State*, Del. Supr., No. 156, 2004, Holland J. (Dec. 29, 2004).

*State of Delaware v. Mustafa Whitfield*
June 27, 2005
Page Two


additional evidence is simply frivolous.

      WHEREFORE, the motion for postconviction relief is summarily DISMISSED pursuant to Super. Ct. Crim. Rule 61(d)(4).

      IT IS SO ORDERED.

                                     Judge Susan C. Del Pesco

Original to Prothonotary
xc:    Mustafa Whitfield, Delaware Correctional Center
       Martin B. O'Connor, Esquire, Deputy Attorney General
       Investigative Services File

000070

IN THE SUPREME COURT OF THE STATE OF DELAWARE

156 , 2004

| J. M. BERNSTEIN | MUSTAFA WHITFIELD,<br>Defendant Below,<br>Appellant,<br>v. |
|---|---|
| E. R. MCFARLAN<br>G. E. SMITH | STATE OF DELAWARE,<br>Plaintiff Below,<br>Appellee. |

DF $ 00.00

2004

| 1 | Apr | 23 | Notice of appeal from the convictions and sentences dated 04/16/04 in the Superior Court in and for New Castle County, by Judge Del Pesco with designation of transcript, in Cr. ID No. 0210009174; Cr. A. Nos. IN03-01-0735 through -0737, and IN03-01-2167, -2169 through -2171 (served by hand 4/23/04) (service shown on court reporter by hand 4/23/04) (mfm) (afb). |
|---|---|---|---|
| 2 | Apr | 23 | Affidavit under Rule 26(c) by Joseph M. Bernstein, Esquire. (served by hand 04/23/04) (mfm) |
| 3 | Apr | 27 | Letter dated 4/27/04 from Assistant Clerk to Kathleen Feldman, transcript is due to be filed by 6/2/04 (afb). (co-defendant to 208, 2004 and 174, 2004-due 6/22/04) (156, 2004, 208, 2004 and 174, 2004 transcript being filed on 6/22/04)(dlw) |
| 4 | Jun | 25 | Letter dated 6/22/04 from Michele Honaker to Chief Deputy Clerk, requesting an extension to file the transcript. (eas) |
| 5 | Jun | 25 | Letter dated 6/25/04 from Senior Court Clerk to Michele Honaker, granting an extension to file the transcript by 7/22/04. (eas) |
| 6 | Jul | 27 | Court reporter's final transcript log entry: Prothonotary received 7/22/04. (eas) |
| 7 | Jul | 27 | Letter dated 7/27/04 from Senior Court Clerk to Prothonotary, record is due to be filed by 8/2/04. (eas) |
| 8 | Aug | 04 | Record w/ transcript. (eas) |
| 9 | Aug | 04 | Brief schedule issued. (opening brief due 9/3/04) (eas) |
| 10 | Aug | 23 | Letter dated 8/21/04 from Mustafa Whitfield to Clerk, requesting a Supreme Court docket sheet and Superior Court docket sheet. (sent) (eas) |
| 11 | Aug | 26 | Motion under Rule 15(b) by appellant. (served by hand |

| | | | |
|---|---|---|---|
| 12 | Aug | 26 | Order dated 8-26-04 by Clerk, appellant's opening brief and appendix are due 9-13-04. (clh) |
| 13 | Aug | 30 | Letter dated 8/26/04 from appellant to Clerk, requesting copies from the Superior Court record. (eas) (sent 9/2/04) |
| 14 | Sep | 08 | Motion under Rule 15(b) by appellant. (served by hand 09/08/04) (mfm) |
| 15 | Sep | 09 | Order dated 9-9-04 by Clerk, appellant's opening brief and appendix are due 9-20-04. (clh) |
| 16 | Sep | 13 | Letter dated 9/8/04 from Mustafa Whitfield to Clerk, regarding his appeal. (eas) |
| 17 | Sep | 14 | Letter dated 9/14/04 from Senior Court Clerk to Joseph Bernstein, Esquire, forwarding Mr. Whitfield's letter for appropriate disposition. (eas) |
| 18 | Sep | 20 | Appellant's opening brief and appendix. (served by hand 9/20/04) (dlw) |
| 19 | Sep | 22 | Brief deficiency notice dated 9/22/04 from Assistant Clerk to appellant (corrections due 9/29/04) (afb). |
| 20 | Sep | 23 | Letter dated 9/21/04 from Mustafa Whitfield to Clerk, requesting to proceed pro se. (eas) |
| 21 | Sep | 24 | Letter dated 9/24/04 from Senior Court Clerk to Joseph M. Bernstein, Esquire, forwarding Mr. Whitfield's letter for appropriate. (eas) |
| 22 | Sep | 27 | Letter dated 9/24/04 from Joseph M. Bernstein, Esquire to Assistant Clerk, enclosing appellant's brief corrections. (eas) |
| 23 | Oct | 04 | Copy of letter dated 10/1/04 from Joseph M. Bernstein, Esquire to Mustafa Whitfield, directing him to file an appropriate motion if he wishes to proceed pro se. (eas) |
| 24 | Oct | 20 | State's answering brief. (served by mail 10/20/04) (mfm) |
| 25 | Oct | 21 | Notice dated 10-21-04 from Clerk to counsel, the case will be submitted for decision on briefs as of 11-17-04 (clh) (RJH,JBJ,HDR) |
| 26 | Nov | 03 | Appellant's reply brief. (served by hand 11/03/04) (mfm) |
| 27 | Nov | 03 | Letter dated 11/1/04 from Mustafa Whitfield to Clerk, regarding his appeal. (eas) |
| 28 | Nov | 12 | Letter dated 11/12/04 from Senior Court Clerk to Joseph |

for appropriate disposition. (eas)

| 29 | Nov | 19 | Copy of Order dated 11/17/04 by Judge Del Pesco, denying Mr. Whitfield's petition for habeas corpus, the motion to compel and enjoining Mr. Whitfield from future filings in the Superior Court pending the decision in this matter. (eas) |
|---|---|---|---|
| 30 | Dec | 10 | Letter dated 12/8/04 from Joseph M. Bernstein, Esquire to Clerk, advising that the appellants in Nos. 156, 2004, 208, 2004 and 174, 2004 were co-defendants who were tried jointly. (eas) |
| 31 | Dec | 29 | Opinion decided 12/29/04 by Holland, J., AFFIRMED. (RJH,JBJ,HDR) (eas) |

2005

| 32 | Jan | 04 | Memo dated 1/4/05 from Justice Holland to Clerk, enclosing two corrected pages to the Opinion decided on 12/29/04. (eas) |
|---|---|---|---|
| 33 | Jan | 11 | Motion for Rehearing en Banc (served by hand 1/11/05) (amc) |
| 34 | Feb | 04 | Order dated 2/4/05 by Holland, J., appellant's motion for rehearing en Banc is DENIED. (MTS,RJH,CB,JBJ,HDR) (eas) |
| 35 | Feb | 07 | Mandate to clerk of court below. Case Closed (record retained for appeal Nos. 174, 2004 and 208, 2004)(clh) |
| 36 | Feb | 18 | Prothonotary's receipt of mandate on 2-9-05. (clh) |
| 37 | Feb | 18 | Document entitled, "Motion Seeking a Hearing on Denial of Federal Constitutional Rights under Rule 61" by appellant (no service shown) (afb). |
| 38 | Feb | 18 | Letter dated 2/18/05 from Assistant Clerk to appellant advising that the Court will take no action with regard to his document filed 2/18/05 because the case is closed (afb). |
| 39 | Feb | 24 | Letter dated 2/22/05 from appellant, requesting docket sheets. (sent) (eas) |

2006

| 40 | Nov | 27 | Letter dated 11/19/06 from appellant to Clerk requesting copies. (copies sent) (docket sheet sent) (kms) |
|---|---|---|---|

000073

IN THE SUPREME COURT OF THE STATE OF DELAWARE

327 , 2005

| | |
|---|---|
| PRO SE<br>(DCC-317479) | MUSTAFA WHITFIELD,<br>Defendant Below,<br>Appellant,<br>v. |
| T. J. DONOVAN | STATE OF DELAWARE,<br>Plaintiff Below,<br>Appellee. |

DF $ 00.00

2005

| 1 | Jul 21 | Notice of appeal from the Order dated 6-27-05 in the Superior Court in and for New Castle County, by Judge Del Pesco, in Cr.ID No. 0210009174, without designation of transcript. (no service shown-copy sent)(clh) |
|---|---|---|
| 2 | Jul 21 | Appellant's opening brief and appendix. (no service shown-copy sent)(clh) |
| 3 | Jul 21 | Letter dated 7-21-05 from Clerk to appellee, the answering brief is now due to be filed by 8-22-05. (clh) |
| 4 | Jul 21 | Letter dated 7-21-05 from Clerk to Prothonotary, record is due to be filed by 8-15-05. (clh) |
| 5 | Jul 25 | Letter dated 7/21/05 from appellant, attaching an affidavit to be filed with his appeal. (eas) (docket sheet sent) |
| 6 | Aug 18 | Letter dated 8/16/05 from Linda Jablonski to Clerk, requesting a 15-day extension to file the record. (eas) |
| 8 | Aug 18 | Motion under Rule 15(b) by appellee. (served by mail 08/18/05) (mjd) |
| 9 | Aug 18 | Letter dated 8/18/05 from Senior Court Clerk to Linda Jablonski, granting an extension to file the record by 9/6/05. (eas) |
| 10 | Aug 19 | Order dated 08/18/05 by Jacobs, J., appellee's Answering Brief is due 08/29/05. (mjd) |
| 11 | Aug 23 | Letter dated 8/21/05 from appellant, objecting to the State's request for an extension to file the answering brief. (eas) |
| 12 | Aug 23 | Letter dated 8/23/05 from Senior Court Clerk to appellant, advising him that the Court is not going to consider his objections and will take no further action with respect to his letter since the issues therein are moot. (eas) |
| 13 | Aug 29 | Appellee's answering brief (served by mail 8/29/05) |

| 14 | Sep | 07 | Record as ordered. (dlw) (filed on 9/6/05) |
| 15 | Sep | 16 | Appellant's reply brief. (no service shown-copy sent) (clh) |
| 16 | Sep | 26 | Notice dated 9-26-05 from Clerk to parties, the case will be submitted for decision on briefs as of 10-7-05. (clh) |
| 17 | Dec | 13 | Order dated 12/13/05 by Steele, C.J., AFFIRMED. (MTS,CB,HDR) (eas) |
| 18 | Dec | 21 | Motion for Rehearing en Banc by appellant. (no service shown-copy sent) (eas) |

2006

| 19 | Jan | 09 | Order dated 1/9/06 by Steele, C.J., appellant's Motion for Rehearing en Banc is DENIED. (MRS,RJH,CB,JBJ,HDR) (eas) |
| 20 | Jan | 10 | Record and mandate to clerk of court below. Case Closed (afb). |
| 21 | Jan | 23 | Letter dated 1/18/06 from appellant to Clerk, requesting a copy of the Superior Court's Order and the Supreme Court Order. (sent) (eas) |

000075

096 , 2004

PRO SE                          MUSTAFA WHITFIELD,
(GH-317479)                         Defendant Below,
                                    Appellant,
                                    v.

L. C. MEYERS                    STATE OF DELAWARE,
                                    Plaintiff Below,
                                    Appellee.

DF $ 00.00

2004

1   Mar  11   Letter dated 03/05/04 from Mustafa Whitfield to Court
              regarding his Superior Court trial (no service shown)
              (mfm) (filed 03/10/04) (deemed to be appeal of decision
              by Judge Del Pesco of 3/5/04 in Cr. ID No. 021009174)
              (afb).

2   Mar  15   Letter dated 3/15/04 from Assistant Clerk to Joseph M.
              Bernstein, Esquire, requesting him to recognize his
              continuing obligation and file a formal notice of
              appeal and, if appropriate, directions to court
              reporter by 3/25/04 (afb).

3   Mar  18   Letter dated 3/17/04 from Joseph M. Bernstein, Esquire,
              advising that Mr. Whitfield is currently pending
              sentencing, which is scheduled for 4/16/04, and that he
              intends to file an appeal after Mr. Whitfield is
              sentenced (service shown) (afb).

4   Mar  18   Notice to show cause issued to appellant. (afb)

5   Mar  26   Appellant's certified receipt of notice to show cause
              on 3/22/04. (eas)

6   Mar  26   Letter dated 3/24/04 from appellant to Assistant Clerk,
              responding to the notice to show cause. (eas)

7   Apr  20   Order dated 4/20/04 by Holland, J., DISMISSED
              (RJH MTS JBJ) (afb).

8   May  06   Certified copy of Order dated 4/20/04 to clerk of
              court below.  Case Closed. (afb)

9   May  20   Prothonotary's receipt of certified copy of Order on
              5/10/04 (afb).

10  Aug  17   Letter dated 8/4/04 from appellant to Clerk, requesting
              a Supreme Court and Superior Court docket sheet. (sent)
              (eas)

11  Aug  30   Letter dated 8/26/04 from appellant to Clerk,
              requesting copies from the Superior Court record.

000076

. 005

12   Feb   24        Letter dated 2/22/05 from appellant, requesting a
                     docket sheet. (sent) (eas)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MUSTAFA WHITFIELD, | § | |
| | § | No. 156, 2004 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | Cr.A. No. 0210009174 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 17, 2004
Decided:  December 29, 2004

Before **HOLLAND**, **JACOBS** and **RIDGELY**, Justices.

Upon appeal from the Superior Court.  **AFFIRMED**.

Joseph M. Bernstein, Esquire, Wilmington, Delaware, for appellant.

Elizabeth R. McFarlan, Esquire and Gregory E. Smith, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

000078

The defendant-appellant, Mustafa Whitfield and co-defendants, Emmanuel Robinson and Akeem Coleman were jointly indicted on the following charges: (I) Attempted Robbery in the First Degree; (II) Possession of a Firearm During Commission of a Felony; (III) Assault in the Second Degree; (IV) Possession of a Firearm During Commission of a Felony ("PFDCF"); (V) Reckless Endangering in the First Degree; (VI) Possession of a Firearm During Commission of a Felony ("PFDCF"); (VII) Wearing a Disguise During Commission of a Felony; (VIII) Conspiracy in the Second Degree; and (IX) Possession of a Deadly Weapon by a Person Prohibited ("PDWPP"). Following a joint trial by jury, all of the defendants were convicted of all of the charges except Counts II and IX, as to which all of the defendants were found "not guilty."

Whitfield has raised three issues on appeal. First, he contends that the trial judge should have granted his Motion for Acquittal. Whitfield argues that the offenses of Reckless Endangering and Assault in the Second Degree (and the accompanying weapons charges) are "included" in the offense of Attempted Robbery in the First Degree and did not constitute separate offenses. Second, Whitfield submits the question whether the offenses of Reckless Endangering, Assault in the Second Degree (and the accompanying weapons charges) and Attempted Robbery in the First Degree constituted a

single offense or separate multiple offenses should have been submitted to the jury and that the trial court abused its discretion in refusing to instruct the jury pursuant to this Court's decision in *Washington v. State*.[1]  Third, Whitfield argues that the verdicts returned by the jury were inconsistent and amounted to "compromise verdicts" which are invalid as a matter of law.

We have concluded that each of the issues raised by Whitfield is without merit.  Therefore, the judgments of the Superior Court must be affirmed.

### Procedural History

At the close of the prosecution's case, Whitfield made an oral and then written motion for judgment of acquittal.  The Superior Court reserved decision on the motion for judgment of acquittal.  The matter continued to the defendants' case-in-chief.  The jury returned verdicts in which Whitfield (as well as his two co-defendants) were found guilty of:  Attempted Robbery in the First Degree; Assault in the Second Degree; Wearing a Disguise During the Commission of a Felony; two counts of PFDCF; Reckless Endangering in the First Degree; and Conspiracy in the Second Degree.  The jury acquitted all three co-defendants of PDWPP and one count of PFDCF.

---

[1] *Washington v. State*, 836 A.2d 485 (Del. 2003).

000080

3

Whitfield moved for a new trial. That motion alleged one ground for relief: that the jury's verdicts represented a compromise verdict which was the product of coercion and the court's decision to give the jury an *Allen* charge over the defendants' objection. Whitfield's motion for a new trial was denied.

Following a pre-sentence investigation, the Superior Court sentenced Whitfield to: seven years at Level V, suspended after four years for decreasing levels of supervision on the count of Attempted Robbery; four years at Level V, suspended after one year for decreasing levels of supervision on the count of Assault Second; three years at Level V on one count of PFDCF; three years at Level V, suspended immediately for decreasing levels of supervision on the count of Reckless Endangering; three years at Level V on the second count of PFDCF; two years at Level V, suspended immediately on the count of Wearing a Disguise During the Commission of a Felony; and two years at Level V, suspended immediately on the count of Conspiracy.

### *Facts*

Anthony Meek arrived home at about 11:30 p.m. on October 14, 2002. He parked his Chevy Cavalier behind his house. While parking the

000081

4

car, Meek noticed three black males walking around the corner heading toward him. Two of the males had something wrapped around their faces.

The three men came around the front of Meek's car while he was getting out of it. One of the men, the one without anything covering his face, was holding a black semiautomatic handgun. The gunman told Meek to "Give up the keys."

When Meek began arguing, the gunman told one of the other men to grab the keys. Meek was holding the keys in his hand. As the man grabbed for the keys, Meek wrapped his arm around the man's neck and a struggle ensued. Meek tripped and the two of them fell back on the curb. The third assailant tried to pull his companion off of Meek while telling the gunman to shoot. The gunman fired toward Meek and the three would-be robbers took off running.

Meek began to chase his assailants. As they were running down the street, the gunman turned and fired at Meek again. Meek immediately felt pain in his foot and gave up the chase. Meek was subsequently treated at the hospital for a gunshot wound to his foot.

At about 11:50 p.m., two Wilmington police officers spotted three black males running a few blocks away. As the police approached to question the men, two of them jumped over a six-foot high brick wall and

5

000082

ran away. The third man, Akeem Coleman, was stopped and a black 9mm handgun was retrieved from the sidewalk near where Coleman was taken into custody. The shell casings found near Meek's car were later shown to have been fired by that gun.

About five to ten minutes after Coleman was taken into custody, police saw two black men, one without a shirt, walking toward an apartment complex a few blocks from where the men had gone over the wall. Believing it odd that the men were not wearing coats in the cold weather and were sweating, the police suspected that these were the two men who had fled. The police stopped the two men who were identified as Mustafa Whitfield and Emmanuel Robinson. A white t-shirt found near Meek's car contained DNA that matched that of Robinson.

At trial, Whitfield testified in his own defense, explaining that he was on his way to meet a girl he had met on a chat line at an apartment building near where he was detained. Whitfield said that he had run into Robinson shortly before being approached by police. Coleman and Robinson elected not to testify.

Whitfield and his co-defendants were each charged with several criminal offenses as a result of their attempt to rob Meek. At trial, and on appeal, Whitfield argues that the Attempted Robbery in the First Degree,

6

Assault in the Second Degree and Reckless Endangerment in the First Degree convictions constituted a single offense of Attempted Robbery in the First Degree rather than three distinct offenses. Whitfield also contends that all of the related weapons offenses should be merged into the attempted robbery offense.

The Superior Court found that the evidence was sufficient to support separate charges for attempted robbery, assault and reckless endangerment. The Superior Court also determined that permitting separate convictions for the weapons offenses relating to the underlying felony offenses was supported by the evidence and the prior decisions of this Court. We have concluded that both of those determinations are correct.

Whitfield submits that his actions on the night of October 14-15 constitute a continuous course of conduct for which he may properly be convicted only once. It is well-established that "prosecutors may not manufacture additional counts of a particular crime by the 'simple expedient of dividing a single crime into a series of temporal or spatial units.'"[2] However, where a defendant's actions are "sufficiently separated in location

---

[2] *Handy v. State*, 803 A.2d 937, 940-41 (Del. 2002) (quoting *Brown v. Ohio*, 432 U.S. 161, 169 (1977)).

000084

and time" and where the defendant formed "distinct intents," that conduct can constitute distinct criminal acts.[3]

### *Acquittal Motion Properly Denied*

It is unnecessary to address Whitfield's arguments that these crimes would constitute lesser-included offenses if the charges were attributable to a single criminal act. The record reflects that Whitfield and his co-defendants committed three distinct offenses during a continuum of criminal activity. Therefore, we conclude that Whitfield could properly be charged and convicted of all three offenses.

Whitfield and his co-defendants initially attempted to rob Meek of his car. As the three men approached Meek, Coleman displayed a handgun and directed Meek to relinquish the keys to his car. Accordingly, the record reflects the three men attempted to rob Meek by depriving him of his property through the threat of force, i.e., Attempted Robbery in the First Degree.

Meek refused to give up his keys and shouted at the would-be robbers. Coleman then told one of his confederates to take the keys. Meek resisted and a struggle ensued. Meek put his arm around the neck of his assailant and used the man as a shield. The third would-be robber separated the

---

[3] *Washington v. State*, 836 A.2d 485, 487 (Del. 2003); *Feddiman v. State*, 558 A.2d 278 (Del. 1989).

struggling men.  Coleman then fired a shot in Meek's direction.  At this point, the State submits, Coleman was no longer trying to rob Meek, but was trying to protect his confederates.  The record supports the State's assertion that, when Coleman shot at Meek, it was a distinct act that could properly be charged as a separate offense, i.e., Reckless Endangerment in the First Degree.

After the shot was fired, the fight broke up.  The three would-be robbers fled the scene.  Meek began to chase them.  As all four men were running down the street, Coleman turned and fired at Meek, hitting him in the foot.  This shot was separated by several minutes and occurred some distance away from the scene of the original attempted robbery.

The State submits that wounding Meek was a separate offense.  The record supports the State's position.  Coleman had to consciously decide to stop and shoot at Meek, with an intention of inflicting physical injury.  At that point, the attempted robbery was over.  The keys to Meek's car were lying on the street.  When Coleman fired the second shot that hit Meek in the foot, the record reflects that it was a separate and distinct criminal act, i.e., Assault in the Second Degree.

The Superior Court properly concluded "there's a perfectly logical basis, in fact, for the three separate charges."  Under the facts of this case,

000086

the two shots fired by Coleman constituted two additional criminal offenses and should not be merged with the attempted robbery offense. The record reflects that the three charged offenses of attempted robbery, reckless endangering and assault were all separate and distinct criminal actions.

### *Jury Instruction Discretionary*

Whitfield's second argument is that, as a result of this Court's decision in *Washington*,[4] he was entitled to a jury instruction permitting the jury to determine whether the counts of Attempted Robbery in the First Degree, Assault in the Second Degree, and Reckless Endangering in the First Degree were separate offenses or part of the same conduct. In *Washington*, this Court stated that "[i]f the trial judge makes an independent determination that sufficient evidence has been submitted to support separate convictions, defense counsel can ask for a jury instruction on those factual issues or the trial judge may *sua sponte* decide to give such an instruction."[5] Whitfield's trial attorney made such a request, which the trial judge denied.

In denying Whitfield's motion for a judgment of acquittal, the Superior Court explained why it was exercising its discretion to deny Whitfield's request for a jury instruction based upon the *Washington* decision:

---

[4] *Washington v. State*, 836 A.2d 485, 491-92 (Del. 2003).
[5] *Id.* at 491-92.

10

With regard to this motion for judgment of acquittal, I think that the defendants misread *Washington*. The judgment of acquittal on Assault Second and Reckless Endangering on the grounds that the crimes were a single course of conduct, not distinct acts, which permitted multiple counts. The testimony of the victim provides separate convictions of Robbery First and Assault Second. The Robbery First allegedly occurred near the victim's car. When he was told to give up his keys, he resisted, a scuffle ensued and a firearm was discharged. The three perpetrators could not have foreseen the victim would chase them.

Consequently, no perpetrator formed the state of mind a second time until the situation arose. When the victim gave chase – the victim gave chase and one of the perpetrators turned and fired a second time.

It is the second firing which forms the basis for the charge of Assault in the Second Degree.

There's a factual issue as to whether the victim was injured at that final time or at the time of the first shot or at the time of the second shot.

He said he didn't feel any pain in his foot – until the second shot was fired, but he had been able to run until that point. . . .

There was a separation of the two incidents between time and some place. There's also a factual basis for a separate intent for the intent to shoot a second time, which could not have been formed until the victim undertook to pursue the perpetrators.

I'm not going to give any instruction that's related to the *Washington* case. . . .

So I think that there's a perfectly logical basis, in fact, for the three separate charges.

There's reason here. There's no double jeopardy issue[s]. And really the simplest explanation that the State argued is this isn't

11

multiple counts of the same crime. These are different crimes. It is not this scenario where there are multiple acts of rape or multiple acts of robbery, such as the *Washington* case was.

Our holding in *Washington* did not mandate giving the jury instructions at issue whenever a request is made by defense counsel.[6] In this case, the Superior Court provided a logical legal and factual basis for denying Whitfield's requested jury instruction. That instruction was not required by our holding in *Washington* and, under the facts of this case, the Superior Court's decision to deny Whitfield's request constituted a proper exercise of its discretion.

### *Jury's Verdicts Reflect Lenity*

Whitfield submits the verdicts that were returned in this case were impermissible "compromise verdicts;" that is verdicts which result "from the surrender by some jurors of their conscientious convictions in return for some like surrender by the others."[7] Such verdicts are invalid.[8]

In examining "compromise verdict" claims, this Court conducts a two-part analysis. First, we must determine whether the jury verdicts are inconsistent as a matter of law. Second, if the verdicts are legally

---

[6] *Washington v. State*, 836 A.2d 485 (Del. 2003). *Compare Weber v. State*, 547 A.2d 948, 959 (Del. 1988) (holding that "in every case when a defendant is charged with kidnapping in conjunction with an underlying crime, a specific instruction requiring the jury to find that the movement and/or restraint is independent of and not incidental to the underlying crime is mandatory.").

[7] *Wilson v. State*, 305 A.2d 312, 317 (Del. 1973).

[8] *Id.*

000089

12

inconsistent, we must determine whether the outcome could have been the result of jury lenity, in which case the verdicts will remain undisturbed.[9]

The jury found all three defendants guilty of Attempted Robbery in the First Degree. To do so, the jury necessarily had to find that the defendants "threatened the immediate use of force upon Meek with intent to prevent or overcome resistance to the taking of property" or that they displayed what appeared to be a deadly weapon. The evidence that Coleman displayed a gun was not disputed. Thus, the State's evidence established the elements of Attempted Robbery in the First Degree. It is not logical for the jury to find that the elements of Attempted Robbery in the First Degree had been proved, yet to find the defendants "not guilty" of possessing the same handgun during the commission of Attempted Robbery in the First Degree, as charged in Count II.

Although the jury found the defendants "not guilty" as to Count II, the jury found the defendants "guilty" of two counts of PFDCF in Counts IV and VI. Nevertheless, the jury found all of the defendants "not guilty" of PDWPP in Count IX, even though it was undisputed that all of the defendants were under the age of 18. The "not guilty" verdicts as to Counts

---

[9] *See Davis v. State*, 706 A.2d 523, 525 (Del. 1998).

000090

II and IX are not logical in light of the guilty verdicts as to Counts IV and VI.

Whitfield argues that "the only logical explanation for the verdict is that some of the jurors traded votes. They agreed to vote 'guilty' as to some or all of the charges in which guilty verdicts were returned in exchange for 'not guilty' votes on the remaining charges. By definition, that is a compromise verdict which must be set aside."

The State acknowledges apparent inconsistencies in the jury's verdicts. Nevertheless, the State submits that the Superior Court properly concluded the logical inconsistencies in the jury's verdicts did not invalidate the remaining convictions because the judgments of acquittal constituted a demonstration of jury lenity. This Court has recognized the phenomenon of jury lenity and has upheld convictions that are part of arguably logically inconsistent judgments of acquittal.

In *Brown v. State*,[10] for example, the jury convicted the defendant of PFDCF but acquitted him of the underlying felony, robbery.[11] In affirming the weapons conviction this Court held that no requirement existed that a defendant be convicted of the underlying felony in order to uphold a firearm

---

[10] *Brown v. State*, 729 A.2d 259 (Del. 1999).
[11] *Id.* at 266.

14

000091

offense.[12]  In support of the proposition that a defendant may be convicted of one crime while the jury simultaneously acquits him of another logically connected crime, we relied upon prior decisions of this Court and the United States Supreme Court addressing the issue of jury lenity.[13]

In *Davis*,[14] this Court considered legally inconsistent jury verdicts in which a defendant was convicted of delivery and distribution of a narcotic within one thousand feet of a school, but was acquitted of possession with intent to deliver.[15]  In *Davis*, we attempted to reconcile the incongruous verdicts, but concluded that regardless of the logical inconsistencies, when a jury's verdicts can be explained by jury lenity the conviction will be sustained.[16]  "Even if a defendant is convicted of a compound offense predicated upon a lesser offense, of which the defendant is acquitted, the verdict will stand so long as there was sufficient evidence in the record to support a conviction of the lesser offense."[17]

Our holdings in *Brown* and *Davis* both relied upon this Court's decision in *Tilden*.[18]  The State charged the defendant in *Tilden* with two

---

[12] *Id.*

[13] *Id.* (*citing Tilden v. State*, 513 A.2d 1302 (Del. 1986), and *United States v. Powell*, 469 U.S. 57 (1984)).

[14] *Davis v. State*, 706 A.2d 523 (Del. 1998).

[15] *Id.* at 525.

[16] *Id.*

[17] *Id.*

[18] *Tilden v. State*, 513 A.2d 1302 (Del. 1986).

000092

counts of Robbery in the First Degree and two counts of PFDCF.[19] The jury

convicted the defendant of both weapons charges, but then convicted only of

the lesser-included offense of Robbery in the Second Degree.[20]  In affirming

Tilden's inconsistent convictions, this Court determined that the Superior

Court had properly considered the verdicts to be an exercise of jury lenity.[21]

   In Whitfield's case, the jury had deliberated for approximately three

hours when they came back into the courtroom and began a recitation of its

verdicts that started with a response of "hung" as to the first charge.   The

Superior Court then provided an approved *Allen* charge in which it

specifically directed the jurors not to surrender their conscientious

convictions.  Approximately one hour-and-a-half later, the jury returned with

its verdicts.   In denying the defendants' motion for new trial, the Superior

Court stated:

> [I]t seemed to me there was enough language in our standard
> instruction against any coercive effect, did not suggest to me
> there was any coercive effect, did not suggest to me there was
> any coercive effect or vote trading when it took them another
> hour and a half before they reached a verdict.  This case was
> relatively simple.  The most complicated thing about the case
> was there were three defendants, but the evidence was very
> strong, the State's evidence, because the individual, three
> defendants, were found in relatively close proximity to the

---

[19] *Id.* at 1305.
[20] *Id.*
[21] *Id.* at 1307.

000093

events, shortly after they occurred. And there w[ere] certainly other factors that implicated each of them.

The facts in Whitfield's case are analogous to the proceedings reviewed by this Court in *Wilson*. In *Wilson*, the jury reported that they were unable to reach a verdict.[22] The trial judge instructed the jurors to return to their deliberations, but simultaneously emphasized that no juror should surrender his or her conscientious convictions.[23] In *Wilson*, the jurors then spent an additional hour deliberating and returned a verdict of guilty as to one count of Conspiracy, but failed to render a unanimous verdict on remaining count.[24] In rejecting the claim that the verdicts represented a compromise, this Court concluded that "[t]his speculation [regarding the inconsistency of the verdict] is useless, however; the pertinent point is that their verdict shows a finding that all three appellants participated in planning the attack."[25]

In *Tilden*, this Court held that "the controlling standard for testing a claim of inconsistent verdicts is the rule of jury lenity now approved coupled with the sufficiency of evidence standard."[26] In Whitfield's case, the prosecution presented sufficient evidence to support each of the charges of

---

[22] *Wilson v. State*, 305 A.2d 312, 317 (Del. 1973).
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Tilden v. State*, 513 A.2d 1302, 1307 (Del. 1986).

17

which the jury convicted Whitfield.   Since the State presented sufficient evidence to establish the basis for the crimes of which the jury found Whitfield guilty, the convictions will stand despite their apparent inconsistency with the verdicts acquitting Whitfield on other charges.[27]

The record reflects that the inconsistent verdicts can be explained as a product of jury lenity.   Therefore, contrary to Whitfield's assertion, the jury's verdicts did not amount to an illegal compromise.[28]   The Superior Court correctly denied Whitfield's motion for a new trial.

### *Conclusion*

The judgments of the Superior Court are affirmed.

000095

---

[27] *Id.*

[28] *See Wilson v. State*, 305 A.2d 312, 317 (Del. 1973).

18

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MUSTAFA WHITFIELD, | § | |
| | § | |
| Defendant Below- | § | No. 327, 2005 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID. 0210009174 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 7, 2005
Decided: December 13, 2005

Before **STEELE**, Chief Justice, **BERGER**, and **RIDGELY**, Justices.

## O R D E R

This 13th day of December 2005, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Mustafa Whitfield, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to Whitfield's appeal. Accordingly we affirm the Superior Court's judgment.

(2)    The record reflects that, in February 2004, a Superior Court jury convicted Whitfield and two codefendants of multiple offenses including attempted first degree robbery and weapon charges. The Superior Court sentenced Whitfield to eleven years in prison followed by decreasing

levels of supervision. This Court affirmed Whitfield's convictions and sentences on direct appeal.[*] In his motion for postconviction relief, Whitfield asserted two claims entitled, respectively, "Illegal Arrest and Detention" and "Search and Seizure in Violation of the Fourth Amendment." In essence, however, both claims challenge the veracity of the arresting officers' testimony and the lack of forensic evidence linking him to the crime. The Superior Court noted that Whitfield's identity as one of the perpetrators was argued vigorously at trial. The Superior Court concluded that the circumstantial evidence that tied Whitfield to the crime was abundant and thus sufficient for the jury to find him guilty beyond a reasonable doubt.

(3) After careful consideration of the parties' respective positions and the record below, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated June 27, 2005. The Superior Court did not err in concluding that Whitfield's motion for postconviction relief was without substantive merit. Moreover, because the sufficiency of the evidence was challenged on direct appeal, Whitfield's postconviction motion is barred as previously adjudicated under Superior Court Criminal Rule 61(i)(4).

---

[*] *Whitfield v. State*, 867 A.2d 168 (Del. 2004).

000097

2

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele
Chief Justice

000098

HABEAS, PaperDocuments

## U.S. District Court
### District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:06-cv-00137-GMS

000099

Whitfield v. Carroll et al
Assigned to: Honorable Gregory M. Sleet
Related Cases: 1:06-cv-00541-GMS
              1:06-cv-00512-GMS
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 03/01/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Mustafa A. Whitfield**

represented by **Mustafa A. Whitfield**
SBI#317479
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
PRO SE

V.

**Respondent**

**Warden Thomas Carroll**

represented by **Elizabeth Roberts McFarlan**
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8400
Email: elizabeth.mcfarlan@state.de.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Attorney General of the State of Delaware**

represented by **Elizabeth Roberts McFarlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/01/2006 | 1 | PETITION for Writ of Habeas Corpus ( Filing fee $ 5, receipt number 142589.)- filed by Mustafa A. Whitfield.(mwm, ) (Entered: 03/02/2006) |
| 03/01/2006 | 2 | REDACTED VERSION of 1 Petition for Writ of Habeas Corpus by Mustafa A. Whitfield. (Attachments: # 1 Appendix)(mwm, ) (Entered: 03/02/2006) |
| 03/01/2006 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction |

| | | |
|---|---|---|
| | | (mwm, ) (Entered: 03/02/2006)                    000100 |
| 03/08/2006 | | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb, ) (Entered: 03/08/2006) |
| 03/30/2006 | 4 | ORDER notifying petitioner that AEDPA applies to petition and petitioner must file attached election form with the court. (Copy to pet. with AEDPA Form) Notice of Compliance deadline set for 5/1/2006. Signed by Judge Gregory M. Sleet on 3/30/06. (mmm) (Entered: 03/30/2006) |
| 04/06/2006 | 5 | Letter to Clerk of the Court from Mustafa A. Whitfield regarding request for copywork and docket sheet. (mmm) (Entered: 04/07/2006) |
| 04/06/2006 | 6 | AEDPA Election Form filed by petitioner requesting to amend 2254 to include a Memorandum of Law. (mmm) (Entered: 04/07/2006) |
| 04/28/2006 | 7 | MOTION for Extension of Time to and including May 15, 2006, to amend 2254 petition - filed by Mustafa A. Whitfield. (mmm) (Entered: 04/28/2006) |
| 07/10/2006 | 8 | ORDER granting 7 Motion for Extension of Time by Mustafa A. Whitfield. Amended memorandum due 7/14/2006. Signed by Judge Gregory M. Sleet on 7/10/06. (mmm) (Entered: 07/10/2006) |
| 09/28/2006 | 9 | ORDER, Clerk shall serve by certified mail a copy of the petition, the order dated March 30, 2006, the AEDPA election form, the order granting the petitioner's motion to extend the time for filing an amended habeas petition, and this order upon the Warden and the Attorney General. Within 45 days of receipt, respondents shall respond as directed. (Copy to petitioner, Warden & AG). Signed by Judge Gregory M. Sleet on 9/28/06. (mmm) (Entered: 09/29/2006) |
| 10/02/2006 | 10 | Postal Receipt(s) for the mailing of process to Attorney General of the State of Delaware. (mmm) (Entered: 10/02/2006) |
| 10/02/2006 | 11 | Postal Receipt(s) for the mailing of process to Thomas Carroll. (mmm) (Entered: 10/02/2006) |
| 10/02/2006 | 12 | ACKNOWLEDGEMENT OF SERVICE Executed as to 9 Order (AEDPA), and Service Order (2254). Acknowledgement filed by Thomas Carroll. (mmm) (Entered: 10/03/2006) |
| 10/03/2006 | 13 | ACKNOWLEDGEMENT OF SERVICE Executed as to 9 Order (AEDPA) Service Order (2254). Acknowledgement filed by Attorney General of the State of Delaware. (mmm) (Entered: 10/03/2006) |
| 11/13/2006 | 14 | First MOTION for Extension of Time to File Answer re 1 Petition for Writ of Habeas Corpus - filed by Thomas Carroll, Attorney General of the State of Delaware. (Attachments: # 1 Text of Proposed Order) (McFarlan, Elizabeth) (Entered: 11/13/2006) |
| 11/13/2006 | | SO ORDERED, re 14 First MOTION for Extension of Time to File |

| | | Answer re 1 Petition for Writ of Habeas Corpus filed by Thomas Carroll, Attorney General of the State of Delaware, Set/Reset Answer Deadlines: Thomas Carroll answer due 12/22/2006; Attorney General of the State of Delaware answer due 12/22/2006. Ordered by Judge Gregory M. Sleet on 11/13/06. (asw) (Entered: 11/13/2006) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2006 12:30:04 | | | |
| **PACER Login:** | ci0009 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-00137-GMS Start date: 1/1/1970 End date: 12/21/2006 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

000101

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MUSTAFA A. WHITFIELD,                          :
                                               :
                        Plaintiff,             :
                                               :
            v.                                 :    C.A. No. 06-541 GMS
                                               :
WILMINGTON POLICE DEPARTMENT,  :
                                               :
                        Defendant.             :

CERTIFICATE OF SERVICE

I, Andrea J. Faraone, Esquire, hereby certify that on this 8th day of January, 2007, I filed the

Appendix to the Opening Brief In Support of Defendant Wilmington Police Department's Motion

to Dismiss, or in the Alternative for Summary Judgment Vol. I with the Clerk of Court using

CM/ECF which will send notification of such filing(s) that this document is available for viewing

and downloading from CM/ECF, I also mailed via U.S. Mail, postage pre-paid one copy to the

following:


Mustafa A. Whitfield
S.B.I. #317479
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977



     /s/ Andrea J. Faraone
Andrea J. Faraone, Esquire (I.D. #3831)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant