**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MUSTAFA A. WHITFIELD,           :
                                :
            Plaintiff,          :
                                :
    v.                          :        C.A. No. 06-541 GMS
                                :
WILMINGTON POLICE DEPARTMENT,   :
                                :
            Defendant.          :

**DEFENDANT WILMINGTON POLICE DEPARTMENT'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW**

Defendant Wilmington Police Department ("Defendant" or "WPD"), by and through its undersigned counsel, respectfully requests that this Honorable Court deny Plaintiff's Motion to Withdraw and dismiss this action with prejudice. In support of its position, Defendant states as follows:

**I.     Background**

Plaintiff's Complaint in this action asserts claims pursuant to 42 *U.S.C.* § 1983 against the Wilmington Police Department ("WPD"). *See* Complaint, Appendix to Defendants' Opening Brief in Support of Their Motion to Dismiss, or in the Alternative, for Summary Judgment at 1-5.[1] On January 8, 2007, WPD responded to Plaintiff's Complaint by filing a Motion to Dismiss, or in the Alternative, for Summary Judgment, along with a supporting opening brief and appendix. *See* Ex. 1 hereto, Docket Nos. 10-14. Rather than filing an answering brief in opposition to Defendant's motion, Plaintiff filed a document entitled "Motion to Withdrawl" [sic]. *See* Motion to Withdraw, Ex. 2 hereto. That document essentially appears to be a motion for voluntary dismissal of this action

---

[1] Citations to the Appendix to Defendants' Opening Brief in Support of Their Motion to Dismiss, or in the Alternative, for Summary Judgment shall hereinafter be referred to as "A-____".

without prejudice.  Plaintiff's Motion to Withdraw states:

> I would like to withdrawl [sic] my lawsuit against the Wilmington Police Department and reserve my right to bring it back in the futur [sic] after I change it.  New things have been bought [sic] to my attention and I would rather withdrawl [sic] my complaint.

*Id*.  WPD opposes the Motion to Withdraw and requests dismissal of this action with prejudice for the reasons explained below.

## II.    Argument

Pursuant to *Fed.R.Civ.P.* 41(a)(1)(i), a plaintiff may dismiss an action by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment, whichever occurs first.  *See Fed.R.Civ.P.* 41(a)(1)(i).  Unless otherwise stated in the notice of dismissal, the dismissal is without prejudice.  *Fed.R.Civ.P.* 41(a)(1)(ii).  The purpose of Rule 41(a)(1)(i) is to "fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right."  *Maleski v. DP Realty Trust*, 162 F.R.D. 496, 497 (E.D. Pa. 1995)(quoting *Safeguard Business Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990)).

Under Rule 41(a)(2), however, once the defendant has filed an answer or motion for summary judgment, an action cannot "be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  *See Fed.R.Civ.P.* 41(a)(2); *In re: Diet Drugs Products Liability Litig.*, 2004 U.S. App. LEXIS 528, at *4-5 (3d. Cir.).  The decision to grant or deny a voluntary dismissal under Rule 41 (a)(2) is addressed to the sound discretion of the Court.  *Id*. at *5; *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d. Cir. 1991).  The Court may impose a condition on the voluntary dismissal requiring that it be with prejudice.  8 *James*

W. Moore, et al., *Moore's Federal Practice* § 41.40[10][d][vii] (3d ed. 2003)[2]; *see Schandelmeier v. Otis Div. of Baker-Material Handling Corp.,* 143 F.R.D. 102, 103 (W.D. Pa. 1992)(denying plaintiff's motion for voluntary dismissal without prejudice and dismissing complaint with prejudice); *Davenport v. St. Mary's Hosp.*, 633 F.Supp. 1228, 1230-31 (E.D. Pa. 1986)(denying motion for voluntary dismissal without prejudice of claims against improperly named defendant and dismissing those claims with prejudice). The Court's discretion extends to whether the dismissal should be with or without prejudice. *Id.* § 41.40[2]; *Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288, 289-90 (D. N.H. 1993); *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990).

A dismissal without prejudice should be denied when it would result in "plain legal prejudice" to the defendant. 8 *Moore's Federal Practice* § 41.40[5][a]; *United States v. Eighteen Various Firearms*, 148 F.R.D. 530, 531 (E.D. Pa. 1993). The factors considered in determining whether dismissal without prejudice would cause plain legal prejudice to the defendant include: (1) the extent to which the suit has progressed, including the defendant's effort and expense in preparing a dispositive motion or preparing for trial*, see* 8 *Moore's Federal Practice* § 41.40[6], [10][d]; *Schandelmeier*, 143 F.R.D. at 103; *Maleski*, 162 F.R.D. at 498; (2) the plaintiff's diligence in prosecuting the action or in bringing the voluntary dismissal motion, *see id*; (3) the duplicative expense of re-litigation, *see* 8 *Moore's Federal Practice* § 41.40[6]; *Maleski*, 162 F.R.D. at 498; (4) the adequacy of plaintiff's explanation for the need to dismiss, *see* 8 *Moore's Federal Practice* § 41.40[6], [10][d]; *Schandelmeier*, 143 F.R.D. at 103; (5) whether the motion was made after the defendant made a dispositive motion or at some other critical juncture in the case, *see* 8 *Moore's Federal Practice* § 41.40[6]; *Schandelmeier*, 143 F.R.D. at 103; (6) any vexatious conduct or bad

---

[2] Hereinafter, "Moore's Federal Practice".

faith on the part of the plaintiff, *see* 8 *Moore's Federal Practice* § 41.40[6]; *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D 584, 588 (S.D.N.Y. 1997); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.), *cert denied*, 498 U.S. 899 (1990); and (7) whether the action or claim sought to be voluntarily dismissed is meritorious, *see* 8 *Moore's Federal Practice* § 41.40[10][d]; *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995); *Davenport*, 633 F.Supp. at 1230-31 (dismissing with prejudice non-meritorious claims against improperly named defendant). These same factors are applied to determine whether the dismissal should be permitted at all, and whether the dismissal should be with prejudice. 8 *Moore's Federal Practice* § 41.40[10][d]. A motion for voluntarily dismissal should generally be denied when the purpose is to avoid an adverse determination on the merits of the action. *Id.* § 41.40[7][b] and n.57 (collecting cases).

Courts within the Third Circuit have held that a plaintiff's right to voluntary dismissal as of right under Rule 41(a)(1)(i) is not extinguished by the filing of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987)*; Lodge No. 5 of the Fraternal Order of Police v. City of Philadelphia*, 1995 U.S. Dist. LEXIS 14782, at *3-4 (E.D. Pa.). However, a plaintiff's right to voluntary dismissal pursuant to Rule 41(a)(1)(i) is extinguished by a Rule 12(b)(6) motion that has been converted to one for summary judgment. 8 *Moore's Federal Practice* § 40.33[5][c][B]*; Manze*, 817 F.2d at 1066; *see Davenport*, 633 F.Supp. at 1231; *Jorgensen v. Prudential Ins. Co. of Am.,* 852 F.Supp. 255, 258-60 (D.N.J. 1994). In the cases refusing to treat a motion to dismiss as a motion for summary judgment for purposes of Rule 41(a)(1)(i), the court concluded that the defendant did not actually intend a motion for summary judgment, either because the motion was styled only as

a "motion to dismiss" and the form of order attached to the motion sought only dismissal and not summary judgment in the alternative, or because the motion was directed exclusively to and assumed as true the facts alleged in the complaint. *See Lodge No. 5*, 1995 U.S. Dist. LEXIS 14782, at * 3-4; *Manze*, 817 F.2d at 1066.

Courts within the Third Circuit have adopted the view that a formal, court ordered conversion is required to transform a pending, undecided motion to dismiss into one for summary judgment for purposes of Rule 41(a)(1)(i). *See* 8 *Moore's Federal Practice* § 41.33[5][c][B] and n.56; *Lodge No. 5*, 1995 U.S. Dist. LEXIS 14782, at *3-4; *Jorgensen*, 852 F.Supp. at 259 (construing *Manze*, 817 F.2d at 1066); *Maleski*, 162 F.R.D at 498. Thus, the plaintiff's ability to voluntarily dismiss an action as of right under Rule 41(a)(1)(i) is extinguished only after the court has actually reviewed the Rule 12(b)(6) motion to dismiss, determined whether to include or exclude matters extraneous to the pleadings, notified the parties of the conversion to summary judgment and expressly afforded the parties a reasonable opportunity to present materials relevant to a motion for summary judgment. *See id.* However, courts within the Third Circuit have made this determination **after** the plaintiff's filing of a notice or motion for voluntary dismissal, deciding at that time to convert the defendant's Rule 12(b)(6) motion into one for summary judgment and either vacate the plaintiff's notice of voluntary dismissal or deny the plaintiff's motion for voluntary dismissal. *See Jorgensen*, 852 F.Supp. at 259-60 (vacating a notice of voluntary dismissal filed after the defendant's Rule 12(b)(6) motion was fully briefed, even though the court had not previously decided whether to exclude extraneous matters and treat the 12(b)(6) motion as a motion for summary judgment); *Davenport*, 633 F.Supp. at 1231-38 (denying the plaintiff's motion for voluntary dismissal upon the court's determination that an affidavit submitted with the defendant's Rule 12(b)(6) motion should be

considered and not excluded, and therefore the Rule 12(b)(6) motion should be converted to one for summary judgment); *see also* 8 *Moore's Federal Practice* § 41,33[5][c][B] and n.59.

Defendant WPD clearly did intend to file motion for summary judgment and its Motion to Dismiss, or in the Alternative, for Summary Judgment should be treated as such by the Court. Defendant's case dispositive motion was entitled a "Motion to Dismiss, or in the Alternative, for Summary Judgment", and the form of order attached to the motion sought dismissal with prejudice pursuant to Rule 12(b)(6) or summary judgment in the alternative. *See* Docket No. 10. Further, matters extraneous to the Complaint were relied on in Defendant's case dispositive motion and included in the accompanying appendix. *See* Docket Nos. 11-14. These matters included Detective Misetic and the other arresting officers' investigative reports, Detective Misetic's summary judgment affidavit and the transcript of Plaintiff's criminal trial. *See* A-136-305; A-313-317. Because Defendant's case dispositive motion should be treated as a motion for summary judgment, Plaintiff is not entitled to voluntary dismissal without prejudice as of right pursuant to Rule 41(a)(1)(i).

Application of the relevant factors demonstrates that dismissal without prejudice would result in plain legal prejudice to the Defendant. Therefore, Plaintiff's motion for voluntary dismissal without prejudice should be denied and the action should be dismissed **with** prejudice.

This suit has progressed to a point where the Defendant has already filed a motion to dismiss, or in the alternative, for summary judgment, as well as a supporting opening brief and appendix. *See* Ex. 1 hereto, Docket Nos. 10-14. It required a great deal of effort and expense for the Defendant to research the relevant legal authorities, draft the dispositive motion and the supporting opening brief and obtain and review the materials included in the appendix.

Plaintiff was not sufficiently diligent in prosecuting this action because, as explained in

6

Defendant's Opening Brief in Support of Its Motion to Dismiss, or in the Alternative, for Summary Judgment, nearly all of Plaintiff's claims are barred by the applicable statute of limitations. *See* Opening Brief, Docket No. 11, at pp. 10-12. Nor was Plaintiff diligent in bringing his voluntary dismissal motion. Plaintiff waited until Defendant had filed a case dispositive motion and a supporting opening brief and appendix to request voluntary dismissal. *See* Ex. 1 hereto, Docket Nos. 10-15. Although Plaintiff's motion asserts that "new things have been brought to [his] attention", it does not specify any details about the nature of these allegedly "new" facts or evidence. *See* Motion to Withdraw, Ex. 2 hereto. Plaintiff obviously possessed or had access to copies of the documents relating to his criminal trial and Detective Misetic's investigation because many of these documents, including the warrant affidavits, the trial transcript, the transcript of Misetic's interview with the victim and the reports prepared by Misetic, are either quoted in Plaintiff's Complaint in this action or attached to Plaintiff's federal habeas corpus petition. *See* A-2-4; A-102-135. Therefore, Plaintiff was aware or should have been aware of all of the facts relating to this action long before the Defendant filed its case dispositive motion and opening brief.

If the Court allows voluntary dismissal without prejudice, the Defendant will be subjected to the duplicative expense of re-litigation because it will most likely have to file another motion to dismiss, or in the alternative, for summary judgment in response to Plaintiff's "new" claims.

Plaintiff has not offered an adequate explanation for the need to dismiss without prejudice. Plaintiff asserts that "new" things have been brought to [his] attention" and that he wants to "withdrawl [sic] [his] lawsuit . . . and reserve [his] right to bring it back in the future after [he] change[s] it." *See* Motion to Withdraw, Ex. 2 hereto. However, Plaintiff does not describe the nature of these allegedly "new" facts or evidence. *See id.* Moreover, as previously explained,

Plaintiff clearly had access to copies of the documents relating to his criminal trial and Detective Misetic's investigation before he filed the present lawsuit. *See supra*, p. 7. Thus, Plaintiff was aware or should have been aware of all of the relevant facts at the time he filed his Complaint.

Plaintiff's motion for voluntary dismissal without prejudice was not made until after the defendant made a case dispositive motion. *See* Ex. 1 hereto, Docket Nos. 10-15. Plaintiff did not file any response to Defendant's case dispositive motion. *See* Docket, Ex. 1 hereto. The motion for voluntary dismissal was filed at a critical juncture – several days after Plaintiff's answering brief in opposition to Defendant's case dispositive motion was due. *See id.*; D. Del. L.R. 7.1.2(a). It, thus, appears to have been filed to prevent the issuance of an order granting Defendant's case dispositive motion and dismissing this action with prejudice.

Plaintiff has a history of engaging in vexations conduct involving the filing of numerous frivolous and repetitive applications with Delaware courts. For example, on April 8, 2004, Delaware Superior Court Judge Del Pesco directed Plaintiff to cease filing numerous frivolous *pro se* applications with the court at a time when he was represented by counsel. *See* A-23. Just a few months later, on November 17, 2004, the Delaware Superior Court denied Plaintiff's state habeas corpus petition as frivolous and repetitive and enjoined Plaintiff from future *pro se* filings in the Superior Court pending the Delaware Supreme Court's issuance of a decision in his direct appeal. *See* A-26; A-52. Plaintiff's request to dismiss his Complaint with leave to re-file it at a later time is merely an attempt to continue this vexatious pattern of filing frivolous and repetitive applications with the courts as a means of harassing his opponents.

Further, the claims Plaintiff seeks to voluntarily dismiss without prejudice are not meritorious. Several of the grounds asserted in Defendant's Motion to Dismiss, or in the Alternative,

8

for Summary Judgment would warrant dismissal of Plaintiff's claims in this action with prejudice. *See* Defendants' Opening Brief, Docket No. 11, at pp. 10-12, 13-21, and 26-30. Those grounds include the statute of limitations, collateral estoppel, qualified immunity and Plaintiff's inability to establish any constitutional violation, which is an essential element of his § 1983 claims. *See id.*

Finally, the timing of Plaintiff's Motion to Withdraw suggests that Plaintiff's purpose in requesting voluntary dismissal is to avoid an adverse determination on the merits. Plaintiff filed his Motion to Withdraw after Defendant filed a case dispositive motion and the supporting opening brief and appendix, and several days after Plaintiff's response to the case dispositive motion was due. *See* Ex. 1 hereto, Docket Nos. 10-15; D. Del. L.R. 7.1.2(a). Plaintiff never responded to Defendant's case dispositive motion (*see* Docket, Ex. 1 hereto) and appears to have requested voluntary dismissal without prejudice to prevent the Court from dismissing his claims with prejudice pursuant to Rule 12(b)(6) or Rule 56.

WHEREFORE, for the foregoing reasons, Defendant Wilmington Police Department respectfully requests that this Honorable Court deny Plaintiff's motion for voluntary dismissal without prejudice and dismiss the above-captioned action with prejudice.

                                       /s/ Andrea J. Faraone
                                       Andrea J. Faraone (I.D. #3831)
                                       City of Wilmington Law Department
                                       Louis L. Redding City/County Building
                                       800 French Street, 9th Floor
                                       Wilmington, Delaware 19801-3537
                                       (302) 576-2175
                                       Attorney for Defendant WPD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MUSTAFA A. WHITFIELD,         :
                                :
               Plaintiff,       :
                                :
      v.                    :     C.A. No. 06-541 GMS
                                :
WILMINGTON POLICE DEPARTMENT, :
                                :
           Defendant.     :

**ORDER**

      The Court having considered Plaintiff's motion for voluntary dismissal without prejudice

and Defendant's opposition thereto,

      IT IS HEREBY ORDERED this ___ day of _____, 2007, that

Plaintiff's request for voluntary dismissal without prejudice is DENIED, and the above-captioned

action is dismissed WITH PREJUDICE.


                                _____

                                  Judge Gregory M. Sleet

# EXHIBIT 1

PaperDocuments

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00541-GMS

Whitfield v. Wilmington Police Department et al
Assigned to: Honorable Gregory M. Sleet
Related Cases: 1:06-cv-00137-GMS
                1:06-cv-00512-GMS
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/01/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Mustafa A. Whitfield**
                represented by **Mustafa A. Whitfield**
SBI#317479
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
PRO SE

V.

**Defendant**

**Wilmington Police Department**
                represented by **Andrea Jeane Faraone**
City of Wilmington Law Department
800 French St.
9th Floor
Wilmington, DE 19801
(302) 576-2175
Fax: (302) 571-4565
Email: afaraone@ci.wilmington.de.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Delaware Attorney Generals Office**
*TERMINATED: 11/16/2006*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2006 | 1 | MOTION for Leave to Proceed in forma pauperis - filed by Mustafa A. Whitfield. (Attachments: # 1 6 Months Account Statement)(ead, ) (Entered: 09/05/2006) |
| 09/01/2006 | 2 | COMPLAINT filed pursuant to 42:1983 against Wilmington Police Department, Delaware Attorney Generals Office - filed by Mustafa A. Whitfield.(ead, ) (Entered: 09/05/2006) |

| 09/01/2006 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (ead, ) (Entered: 09/05/2006) |
|---|---|---|
| 09/13/2006 | | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb, ) (Entered: 09/13/2006) |
| 09/14/2006 | | CORRECTING ENTRY: The nature of suit has been changed from 440 to 550. (mwm, ) (Entered: 09/14/2006) |
| 09/14/2006 | 4 | ORDER granting Motion to Proceed IFP. Filing Fee of $350.00 assessed. An initial partial filing fee of $6.87 shall be required. Plaintiff shall return the attached payment authorization within 30 days. Failure to return payment authorization shall result in dismissal of action without prejudice. (Copy to pltf.). Notice of Compliance deadline set for 10/16/2006. Signed by Judge Gregory M. Sleet on 9/14/06. (mmm) (Entered: 09/14/2006) |
| 09/28/2006 | 5 | Authorization by Mustafa A. Whitfield requesting Prison Business Office to disburse payments to the Clerk of the Court. (copy of assessment order and authorization to Prison Business Office) (mmm) (Entered: 10/02/2006) |
| 11/16/2006 | 6 | MEMORANDUM AND SERVICE ORDER. The claim against the defendant Delaware Attorney General's Office is DISMISSED WITHOUT PREJUDICE. The claim against the defendant Wilmington Police Department will be allowed to proceed. The plaintiff shall return to Clerk original USM 285 form(s). Upon receipt, the U.S. Marshal shall serve process as directed by plaintiff. (Copy to pltf.). Signed by Judge Gregory M. Sleet on 11/16/06. (mmm) (Entered: 11/16/2006) |
| 12/11/2006 | | USM 285 forms received for the following defendants: the Wilmington Police Department, as well as for the chief executive officer for the City of Wilmington, Delaware. (rpg) (Entered: 12/11/2006) |
| 12/11/2006 | 7 | Letter to Mustafa A. Whitfield from Clerk of the Court. The court has received all required U.S. Marshal 285 forms. The forms, along with copies of the complaint, will be forwarded to the U.S. Marshal for service in accordance with the Court's Orders. (mmm) (Entered: 12/13/2006) |
| 12/13/2006 | | Exit USM 285 forms to U.S. Marshal. (mmm) (Entered: 12/13/2006) |
| 12/20/2006 | 8 | USM 285 Returned Executed. Wilmington Police Department served on 12/19/2006, answer due 1/8/2007. (mmm) (Entered: 12/20/2006) |
| 12/20/2006 | 9 | USM 285 Returned Executed. Chief Executive Officer for the City of Wilmington served on 12/19/06. (mmm) (Entered: 12/20/2006) |
| 01/08/2007 | 10 | MOTION to Dismiss for Failure to State a Claim - filed by Wilmington Police Department. (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service)(Faraone, Andrea) (Entered: 01/08/2007) |
| 01/08/2007 | 11 | OPENING BRIEF in Support re 10 MOTION to Dismiss for Failure to State a Claim filed by Wilmington Police Department.Answering |

| | | Brief/Response due date per Local Rules is 1/26/2007. (Attachments: # 1 Certificate of Service)(Faraone, Andrea) (Entered: 01/08/2007) |
|---|---|---|
| 01/08/2007 | 12 | APPENDIX re 10 MOTION to Dismiss for Failure to State a Claim, 11 Opening Brief in Support by Wilmington Police Department. (Attachments: # 1 Certificate of Service)(Faraone, Andrea) (Entered: 01/08/2007) |
| 01/08/2007 | 13 | APPENDIX re 12 Appendix, 10 MOTION to Dismiss for Failure to State a Claim, 11 Opening Brief in Support by Wilmington Police Department. (Attachments: # 1 Certificate of Service)(Faraone, Andrea) (Entered: 01/08/2007) |
| 01/08/2007 | 14 | APPENDIX re 12 Appendix, 10 MOTION to Dismiss for Failure to State a Claim, 11 Opening Brief in Support, 13 Appendix by Wilmington Police Department. (Attachments: # 1 Certificate of Service)(Faraone, Andrea) (Entered: 01/08/2007) |
| 01/23/2007 | 15 | MOTION to Dismiss Complaint - filed by Mustafa A. Whitfield. (mmm) (Entered: 01/25/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/29/2007 10:25:27 | | | |
| **PACER Login:** | ci0009 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-00541-GMS Start date: 1/1/1970 End date: 1/29/2007 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT 2

For The District Of Delaware    — JAN 23 2007

Mustafa A. Whitfield
            Plaintiff

        V.                          Civ. No. 06-541-GMS

Wilmington Police Department
and Delaware Attorney Generals
Office

### Motion to Withdrawl

   I would like to withdrawl my lawsuit against the Wilmington
Police Department and reserve my right to bring it back in the
futur after I change it. New things have been bought to my
attention and I would rather withdrawl my complaint.

                                    Mustafa Whitfield
                                    317479

1-14-07

Certificate of Service

I, Mustafa A. Whitfield, States that I have
caused a copy of the enclosed motion to be mailed
to the following party by way of U.S. Postal Service


Andrea J. Faraone, Esquire (I.D. #3831)
Assistant City Solicitor
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE. 19801
(302) 576-2175
Attorney for Defendant Wilmington Police Department

85 Fed. Appx. 845, *; 2004 U.S. App. LEXIS 528, **

LEXSEE 2004 U.S. APP. LEXIS 528

Analysis
As of: Jan 29, 2007

**IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION SCOTT RUBIN, Appellant**

**No. 03-1601**

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

*85 Fed. Appx. 845; 2004 U.S. App. LEXIS 528*

**December 10, 2003, Submitted Under Third Circuit Lar 34.1(a)**
**January 14, 2004, Filed**

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Eastern District of Pennsylvania (Dist. Court No. MDL 1203). District Judge: Hon. Harvey Bartle III.

*Brown v. Am. Home Prods. Corp. (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.), 2003 U.S. Dist. LEXIS 3033 (E.D. Pa., Jan. 31, 2003)*

**DISPOSITION:** Affirmed.

**COUNSEL:** For Scott Rubin, Appellant: Berry S. Mittelberg, Mittelberg & Nicosia, Ft. Lauderdale, FL.

For AMER HOME PROD CORP, a foreign corporation, Appellee: Robert D. Rosenbaum, Arnold & Porter, Washington, DC. Peter L. Zimroth, Arnold & Porter, New York, NY.

For Plffs Mgt Comm, Appellee: Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA.

**JUDGES:** Before: AMBRO, FUENTES and CHERTOFF, Circuit Judges.

**OPINION BY:** CHERTOFF

**OPINION:** [*846] CHERTOFF, Circuit Judge.

This case is a small chapter in the larger body of litigation involving two diet drugs, "Pondimin" and "Redux," that American Home Products Corporation (now called "Wyeth") produced until it pulled them from the market in 1997. Rubin brought suit against Wyeth seeking damages for injuries he allegedly sustained from ingesting the diet drugs. Rubin appeals from the District Court's order denying [**2] his motion for voluntary dismissal without prejudice and granting Wyeth's motion for summary judgment. For the following reasons, we will affirm.

I.

Because we write solely for the parties' benefit, we relate only those facts necessary to apprise them of the bases for our decision.

In September of 1999, Rubin brought suit against Wyeth in Florida state court, alleging that his ingestion of Pondimin and Redux caused him to suffer neurological and heart damage. Wyeth removed the case to federal district court, and in November of 2000 the Judicial Panel on Multidistrict Ligitation transferred the case to the Eastern District of Pennsylvania District Court ("MDL Court") handling all federal diet drug cases against Wyeth.

The MDL Court's Pre-Trial Order Number 1467 ("PTO 1467"), which it had entered on October 18, 2000, required Rubin to designate case-specific witnesses and

85 Fed. Appx. 845, *; 2004 U.S. App. LEXIS 528, **

provide expert disclosures by April 1, 2001. Rubin identified his expert witnesses on September 5, 2001, more than five months past the deadline. But although he identified his expert witnesses, Rubin failed to provide the expert reports required by PTO 1467 and *Federal Rule of Civil Procedure 26(a)(2)(B)* [**3]   . Wyeth therefore sought dismissal of Rubin's case, and the MDL Court scheduled a show cause hearing for September 24, 2001.

Prior to the hearing, Rubin provided Wyeth with the expert report of his sole causation expert, Dr. Dennis Bowsher. The report stated Dr. Bowsher's opinion that the diet drugs caused Rubin's injuries. Wyeth and Rubin then entered into an agreement whereby Wyeth agreed not to seek dismissal of Rubin's complaint and Rubin agreed to (1) use only Dr. Bowsher as a causation expert, and (2) limit his claims to those set forth in Dr. Bowsher's expert report. Despite the agreement (and without seeking leave from the MDL Court), Rubin filed an additional expert witness disclosure for Dr. Harold Palevsky on October 4, 2001.

Wyeth deposed Dr. Bowsher on December 20, 2001. At the deposition, Dr. Bowsher denied that he had been asked to serve as an expert witness in the case. When confronted with his expert report, Dr. Bowsher indicated that the statement regarding causation was "simply not correct" and that he "should not have signed here." Wyeth thereafter moved for summary judgment, arguing that Rubin could not establish that the diet drugs caused him injury.

Two weeks [**4] after Wyeth moved for summary judgment and more than two months after Dr. Bowsher's deposition, Rubin filed a motion to designate Dr. Palevsky as an additional causation expert. Rubin invoked *Federal Rule of Civil Procedure 56(f)*. Wyeth opposed Rubin's motion, and the MDL Court referred Rubin's request to a Special Discovery Master.

The Special Master issued a "Decision and Recommendation" recommending that the MDL Court deny Rubin's motion to designate an additional expert. Despite having the opportunity to appeal the Special [*847] Master's decision, Rubin failed to do so. As a result, the MDL Court affirmed the Special Master on October 16, 2002 and ordered that Rubin's expert disclosure of Dr. Palevsky be stricken from the record.

On November 12, 2002, Rubin filed a motion for voluntary dismissal without prejudice pursuant to *Federal Rule of Civil Procedure 41(a)(2)*. The MDL Court denied Rubin's motion to dismiss without prejudice and granted Wyeth's motion for summary judgment. Rubin timely appealed.

II.

Once an answer or motion for summary judgment is filed in a case, a party who seeks dismissal of [**5] the case without prejudice must obtain an order from the district court. See *Fed. R. Civ. P. 41(a)(2)*. The decision whether to grant a motion for voluntary dismissal under *Rule 41* is within the district court's sound discretion. See *Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)*. As a general matter, a district court considering a plaintiff's motion for voluntarily dismissal must "decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." *Id. at 29*.

Here, the MDL Court considered several factors that counseled denying Rubin's motion. The Court noted that the case had been pending for over two years, for example, and that Rubin sought dismissal eleven months after Wyeth filed a motion for summary judgment. The Court also found that Rubin demonstrated a "complete lack of diligence" by failing to follow the Court's prescribed deadlines. Also important, the Court found that Wyeth would suffer prejudice because it had agreed not to press for dismissal in exchange for Rubin's promise that he would rely solely on the expert testimony of [**6] Dr. Bowsher. The MDL Court's decision to deny Rubin's motion for voluntary dismissal without prejudice was not an abuse of discretion.

III.

Rubin does not dispute the District Court's conclusion that under Florida law he must present expert testimony regarding causation in order to sustain his suit and defeat Wyeth's motion for summary judgment. See *Crest Prods. v. Louise, 593 So. 2d 1075, 1077 (Fla. Dist. Ct. App. 1992)*. And Dr. Bowsher's repudiation of his expert report at the deposition renders Rubin's claim against Wyeth deficient in that respect. Rubin seeks to avoid summary judgment, however, by arguing that the MDL Court erred by declining to delay judgment pursuant to *Federal Rule of Civil Procedure 56(f)* and allow him to designate Dr. Palevsky as an expert witness. We review the MDL Court's refusal to withhold ruling on Wyeth's summary judgment motion for abuse of discretion. See *Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 458 (3d Cir. 2003)*.

In *Koplove v. Ford Motor Co.*, we found that a party asserting that it could not designate an expert witness within the time prescribed by [**7] the district court "has an obligation to provide the court with a record which affirmatively demonstrates, with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts." *795*

85 Fed. Appx. 845, *; 2004 U.S. App. LEXIS 528, **

*F.2d 15, 18 (3d Cir. 1986)*; see also *Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir. 1989)*; *Turner v. Schering-Plough Corp., 901 F.2d 335, 341 n. 4 (3d Cir. 1990)*. Here, the record is replete with indicia of Rubin's lack of diligence. He failed, for example, to designate his expert witnesses until five months after the April 1, 2001 deadline, and he sought leave to designate an additional expert witness almost three months after Dr. Bowsher's deposition. Moreover, **[*848]** Rubin did not avail himself of the opportunity to appeal to the MDL Court the Special Master's Decision and Recommendation declining to allow him to designate Dr. Palevsky as an expert witness. The MDL Court did not abuse its discretion.

IV.

For the reasons stated above, we will affirm the District Court's order denying appellant's motion for voluntary dismissal and granting appellee's motion for summary judgment.

/s/Michael Chertoff **[**8]**

Circuit Judge

1995 U.S. Dist. LEXIS 14782, *

LEXSEE 1995 U.S. DIST. LEXIS 14782

Cited
As of: Jan 29, 2007

**LODGE NO. 5 OF THE FRATERNAL ORDER OF POLICE, et al. v. CITY OF PHILADELPHIA, et al.**

**CIVIL ACTION NO. 95-3819**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1995 U.S. Dist. LEXIS 14782*

**October 5, 1995, Decided
October 5, 1995, FILED; October 6, 1995, ENTERED**

**COUNSEL:** [*1] For LODGE NO. 5 OF THE FRATERNAL ORDER OF POLICE, RICHARD COSTELLO, in his capacity as a Philadelphia Police Officer and in his official capacity as President of the FRATERNAL ORDER OF POLICE LOGDE NO. 5, NICHOLAS M. DIPASQUALE, in his capacity as Philadelphia Police Officer, PLAINTIFFS: THOMAS H. KOHN, SAGOT, JENNINGS & SIGMOND, PHILA, PA.

For CITY OF PHILADELPHIA, EDWARD G. RENDELL, in his capacity as Mayor of Philadelphia, RICHARD NEAL, in his capacity as Philadelphia Police Commissioner, DEFENDANTS: E. JANE HIX, ASST. CITY SOLICITOR, PHILA, PA. JOHN P. STRAUB, CITY OF PHILA. LAW DEPT. PHILA, PA. For THE MAYOR'S POLICE ADVISORY COMMISSION, DEFENDANT: JAMES J. EISENHOWER, MONTGOMERY, MC CRACKEN, WALKER AND RHOADS, PHILA, PA. GERARD M. MC CABE, MONTGOMERY, MC CRAKEN, WALKER AND RHOADS, PHILA, PA.

**JUDGES:** John P. Fullam, Sr.J.

**OPINION BY:** John P. Fullam

**OPINION:**

MEMORANDUM AND ORDER

FULLAM, Sr.J.

OCTOBER 5, 1995

On October 29, 1993, Philadelphia Mayor Edward G. Rendell signed an Executive Order creating the Mayor's Police Advisory Commission. This Commission is an advisory board created pursuant to the Philadelphia Home Rule Charter, 351 Pa. Code § 1.1-100 et seq., the purpose [*2] of which is to investigate civilian complaints of police misconduct and to recommend reforms. On March 30, 1995, Lodge No. 5 of the Fraternal Order of Police, along with Richard Costello, its president, and Nicholas DiPasquale, a police officer, filed a complaint and request for injunctive relief in the Court of Common Pleas of Philadelphia County, alleging that the Commission was created and operates in violation the City Charter and the Pennsylvania Right to Know Act, 65 Pa. Cons. Stat. Ann. § 66.1 et seq. Defendants are the City, Mayor Rendell, the Commission, and Police Commissioner Richard Neal.

At oral argument on their motion for an injunction before the Honorable Joseph D. O'Keefe, plaintiffs raised for the first time the argument that the actions of the Commission deprived police officers of their due process rights, in that their refusal to testify before the Commission could subject them to departmental discipline. Plaintiffs obtained a temporary restraining order and subsequently amended their complaint to include a due process claim as well as numerous references to "constitutional" rights, whereupon defendants removed the action to this court. Plaintiffs now seek [*3] remand to the Court of Common Pleas; defendants have filed motions to dismiss for failure to

state a claim upon which relief may be granted.

Shortly before oral argument in this court on October 5, 1995, plaintiffs filed a notice of voluntary dismissal of their complaint pursuant to *Federal Rule of Civil Procedure 41(a)*. Rule 41(a) permits voluntary dismissal of an action without order of court at any time prior to the service by the adverse party of an answer or a motion for summary judgment. While defendants' motions to dismiss and plaintiffs' response did incorporate matters outside the pleadings, and thus for purposes of Rule 12(b)(6) may be considered as a motion for summary judgment and response, the relevant inquiry is whether defendants intended a Rule 56 motion. See *Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3d Cir. 1987)*. I note that each of the defendants' motions is styled "motion to dismiss," and that the forms of orders attached to each motion seek dismissal only, and not summary judgment in the alternative. Moreover, while I did not exclude matters outside the pleadings, I also did not specifically afford the parties an opportunity to present all material **[*4]** pertinent to a motion for summary judgment. See *Manze, supra.*

An Order follows.

ORDER

AND NOW, this 5th day of September, 1995, it is ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE.

John P. Fullam, Sr.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MUSTAFA A. WHITFIELD,          :
          :
        Plaintiff,          :
          :
      v.          :      C.A. No. 06-541 GMS
          :
WILMINGTON POLICE DEPARTMENT,  :
          :
        Defendant.          :

CERTIFICATE OF SERVICE

     I, Andrea J. Faraone, Esquire, hereby certify that on this 31st day of January, 2007, I filed the

Defendant Wilmington Police Department's Memorandum of Points and Authorities in Opposition

to Plaintiff's Motion to Withdraw with the Clerk of Court using CM/ECF which will send

notification of such filing(s) that this document is available for viewing and downloading from

CM/ECF, I also mailed via U.S. Mail, postage pre-paid one copy to the following:

          Mustafa A. Whitfield
          S.B.I. #317479
          Delaware Correctional Center
          1181 Paddock Road
          Smyrna, DE 19977

           /s/ Andrea J. Faraone
          Andrea J. Faraone, Esquire (I.D. #3831)
          City of Wilmington Law Department
          Louis L. Redding City/County Building
          800 N. French Street, 9th Floor
          Wilmington, DE 19801
          (302) 576-2175
          Attorney for Defendant