IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-541-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Mustafa A. Whitfield ("Whitfield"), a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Whitfield alleges his constitutional rights were violated when misrepresentations were made in a warrant affidavit to establish probable cause for his arrest on criminal charges, and the defendant, the Wilmington Police Department, refused to investigate the matter.

On January 8, 2007, the Wilmington Police Department filed a motion to dismiss, or in the alternative, for summary judgment with a supporting memorandum. (D.I. 10, 11.) In response, Whitfield filed a motion to withdraw his complaint which the court construes as a motion for voluntary dismissal. (D.I. 15.) The Wilmington Police Department objects to the motion and filed a motion for leave to file a memorandum in opposition to the motion for voluntary dismissal. (D.I. 16.)

For the reasons that follow, the court will grant the Wilmington Police Department's motion to dismiss, or in the alternative, for summary judgment and will and deny as moot

Whitfield's motion for voluntary dismissal.

## II. BACKGROUND

Whitfield alleges that in 2006 he made a request to the Wilmington Police Department[1] to investigate a complaint he made against Detective Stephan Misetic ("Misetic"). Whitfield alleges that in October 2002 Misetic "made up" information to justify Whitfield's arrest and that Misetic "lied" in an affidavit to support a finding of probable cause for an arrest warrant. Whitfield alleges that when he requested an investigation in May 2006, he was told that because three years had passed, no investigation would take place on his complaint that Misetic had lied in the affidavit of probable because it did not "fall under special circumstances." Whitfield asks the court to order the Wilmington Police Department to promptly investigate Misetic about his case, the false affidavit, and to file charges against Misetic.

The arrest warrant was obtained after three men attempted an armed robbery on October 14, 2002. (D.I. 12 at 81-81.) One of the suspects was identified as Whitfield, and he was taken into custody. (D.I. 12 at 83, 185, A-268.) The next day, after an informal interview of the robbery victim, Misetic prepared an affidavit in support of a warrant to arrest Whitfield. (D.I. 12, A-280, C-308-09.) Whitfield was formally arrested on October 15, 2002, and on December 19, 2003, he waived his preliminary hearing. (D.I. 12 at 16.)

On February 10, 2003, Whitfield and two other defendants were charged with several criminal offenses as a result of the actions on October 14, 2002, and Whitfield was arraigned on March 14, 2003. (D.I. 12 at 17, 78-98.) A jury trial commenced on January 29, 2004, and on

---

[1] Whitfield also named as a defendant the Delaware Attorney General's Office. The claims against it were dismissed on November 6, 2006. (D.I. 6.)

February 6, 2004, Whitfield was found guilty of most of the criminal charges. (D.I. 12 at 22.) He filed a direct appeal challenging rulings made by the Delaware Superior Court as well as his conviction. The Delaware Supreme Court affirmed the judgments of the Delaware Superior Court. (D.I. 78-95.); *Whitfield v. State*, 867 A.2d 168 (Del. 2004).

Whitfield next filed a motion for postconviction relief in the Delaware Superior Court. He asserted two claims: illegal arrest and detention, and search and seizure in violation of the Fourth Amendment. (D.I. 12 at 69, 97.) Both claims challenged the veracity of the arresting officer's testimony and lack of forensic evidence linking Whitfield to the crime. (D.I. 12 at 97.) The Delaware Superior Court denied the motion for postconviction relief noting that Whitfield's identity as one of the perpertrators was argued vigorously at trial, and concluding that the circumstantial evidence that tied Whitfield to the crime was abundant and sufficient for the jury to find him guilty beyond a reasonable doubt. (D.I. 12 at 69-70, 97.) On December 13, 2005, the Delaware Supreme Court affirmed the judgment of the Superior Court denying the motion for postconviction relief. (D.I. 12 at 96-98.)

Whitfield then sought relief in this court when he filed a petition for writ of habeas corpus on March 1, 2006. (D.I. 12, 99, 102-118.); *Whifield v. Carroll*, C.A. No. 06-137-GMS. One of the claims raised by Whitfield is that he was arrested and charged with robbery and other crimes because Misetic made misrepresentation in the warrant used to arrest him. He specifically contends that Misetic made false statements in the affidavit used to support the warrant that police officers identified Whitfield as one of the suspects in the attempted robbery. The case is currently pending.

The Wilmington Police Department moves for dismissal, or in the alternative, summary

judgment contending that: 1) Whitfield's claims for false arrest, false imprisonment, and abuse of process are barred by the applicable two year limitation period; 2) the complaint fails to state a claim for malicious prosecution under § 1983; 3) Whitfield cannot demonstrate that he was deprived of any constitutional right; 4) Whitfield's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 5) Whitfield's claims are barred by collateral estoppel; 6) the Wilmington Police Department is not a separate juridical entity from the City of Wilmington and is not subject to suit; 7) Whitfield lacks standing to obtain injunctive relief; 8) the complaint fails to allege any wrongful conduct on behalf of the Wilmington Police Department to hold it liable under § 1983; and 9) the complaint fails to state a claim for abuse of process.[2]

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d

---

[2]The court sees no need to address some of the issues raised by the Wilmington Police Department. Specifically, the court will not address the issues that Whitfield cannot demonstrate that he was deprived of any constitutional right, Whitfield's claims are barred by collateral estoppel, the Wilmington Police Department is a nonsuable entity, Whitfield lacks standing to obtain injunctive relief, and he has failed to state a claim for abuse of process. The case will be dismissed or summary judgment granted for other reasons as discussed herein.

663, 666 (3d Cir. 1988). In performing this task, however, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). On the other hand, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley*, 355 U.S. at 45-46). Finally, the Third Circuit has held that a district court may not dismiss a complaint with prejudice, and must permit amendment, where a plaintiff can remedy the complaint by an amendment, unless the amendment would be inequitable, futile, or untimely. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

### B. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. *Id.* at 247-48. An issue is genuine if a reasonable jury could possibly find in favor of

the non-moving party with regard to that issue. *Id.* at 249. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, the evidence is to be viewed in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *Blackburn v. United Parcel Serv.*, 179 F.3d 81, 91 (3d Cir. 1999).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Statute of Limitations

The court turns first to the statute of limitation issue. Liberally construing Whitfield's complaint, he appears to make claims of unlawful arrest, false imprisonment, malicious prosecution, abuse of process, and failure to investigate. The Wilmington Police Department argues that Whitfield's claims for false arrest, false imprisonment, and abuse of process are barred by the applicable two year limitation period.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* Del. Code Ann. tit. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). A § 1983 cause of action accrues on the date when a

plaintiff knew or should have known that his or her rights had been violated. *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. Delaware*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

"False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, – U.S. –, 127 S.Ct. 1091, 1094 (2007). Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* (citations omitted). A false imprisonment ends once the victim becomes held pursuant to legal process. *Id.* at 1096. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. *Id.* (citations omitted); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

Whitfield was indicted on February 10, 2003 and arraigned on March 14, 2003.[3] His complaint was not filed until September 1, 2006, over three years later. Because more than two years elapsed between the date of his formal arraignment and the filing of this complaint, his false arrest and false imprisonment claims are time-barred.

Whitfield also appears to raise an abuse of process claim. It, too, is time-barred. An abuse of process[4] claim accrues when the plaintiff first discovers his injury – typically the date

---

[3] The court believes it also could have considered the dates when a formal arrest warrant was issued or Whitfield's preliminary hearing was scheduled, January 14, 2003. (D.I. 12 at 16.) However, the court gives Whitfield the benefit of the doubt and instead looks to the later date when he was formally arraigned.

[4] An abuse of process arises when a prosecution is initiated legitimately but "thereafter is used for a purpose other than that intended by law." *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977).

that the plaintiff is arrested or when untoward threats are made. *Rose v. Bartle*, 871 F.2d 331, 350-52 (3d Cir. 1989). The warrant Whitfield complains of was issued on October 15, 2002, Whitfield was indicted in February 2003, and the criminal proceedings against him concluded on February 6, 2004. It is evident that, as to the abuse of process claims, the present complaint filed September 1, 2006, is time barred insofar as it alleges abuse of process as to the affidavit and issuance of warrant. Even assuming, arguendo, that the cause of action did not accrue until February 2004, when the criminal proceedings concluded, Whitfield's abuse of process claims are time barred, the complaint having been filed seven months after the expiration of the limitation period.

Accordingly, Whitfield's claims for false arrest, false imprisonment, and abuse of process are barred by the applicable limitation period. Therefore, the court will grant the motion to dismiss these claims as they are time-barred.

### B. Malicious Prosecution

The Wilmington Police Department argues that plaintiff does not, and cannot, allege all the elements of a § 1983 claims for malicious prosecution. Its position is well-taken.

To prove malicious prosecution under § 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Malicious prosecution "permits damages for confinement imposed pursuant to

legal process." *Montgomery v. De Simone*, 159 F.3d at 128-29.

The malicious prosecution claim fails for the simple reason that the complaint does not allege that the criminal proceeding at issue terminated in Whitfield's favor. Moreover, based upon the documents submitted to the court, Whitfield cannot prove that the criminal proceeding at issue terminated in his favor. Therefore, the court will grant the defendant's motion on the issue of malicious prosecution.

### C. Habeas Corpus

In reading the complaint, it is evident that Whitfield seeks an investigation of Misetic in an effort to demonstrate the invalidity of his criminal conviction. Indeed, Whitfield does not seek compensation, but rather seeks injunctive relief somewhat akin to relief provided in a habeas corpus case. To the extent that Whitfield attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Whitfield sought, and was denied, postconviction relief in State Court and now has a 28 U.S.C. § 2254 habeas corpus petition pending in this District Court.

Whitfield cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.D. Dep't of Law Public Safety Div.*, 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace v. Kato*, –U.S.–, 127 S.Ct. 1091 (2007) (cause of action accrues when

plaintiff is able to "file suit and obtain relief.").

Whitfield has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*. Nor has any § 1983 cause accrued. Moreover, Whitfield's claim against the Wilmington Police Department presents the type of claim addressed in *Heck*; that is, a finding that Whitfield's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. Therefore, the court will grant the motion to dismiss as Whitfield's claims are barred by *Heck v. Humphrey*.

### D. Municipal Liability

The Wilmington Police Department contends the allegations against it, as a municipal department,[5] must be dismissed inasmuch as the complaint does not allege any negligence or other wrongful acts or omissions on its part. It further argues that it cannot be held vicariously liable for violations of § 1983 under a respondeat superior theory.

The complaint alleges that in May 2006, a handwritten complaint was taken to the Wilmington Police Station indicating that Whitfield wished to file a complaint against Misetic for lying about the identification of Whitfield. Whitfield alleges he was told that, because the actions complained of were over three years old, there would be no investigation and that his complaint against Misetic did not fall under the special circumstances exception to departmental

---

[5] As correctly noted by the Wilmington Police Department in its motion, it is not a separate entity for purposes of suit, but is merely a department within the City of Wilmington, Delaware. *See Boyd v. Wilmington Police Dep't*, 439 F.Supp.2d 343 n.3 (D. Del. 2006); *Thomas v. Wilmington Police Dep't*, No. 92C-03-244, 1994 WL 315232 (Del. Super. Ct. June 3, 1994)(Wilmington Police Department, as a department of the City of Wilmington, is not suable as a separate entity). Even had Whitfield named the City of Wilmington, Delaware as a defendant, his complaint cannot withstand the Wilmington Police Department's motion to dismiss, or in the alternative, for summary judgment. Had any claims survived the motion, the court would have allowed Whitfield to amend his complaint to name the correct defendant.

rules governing requests for such an investigation.

"A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)). "Liability will be imposed when the policy or custom itself violates the Constitution, or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)). However, a municipality cannot be held liable under § 1983 on a respondeat superior theory. *Monell*, 436 U.S. at 691.

Whitfield alleges the Wilmington Police Department failed to investigate the actions of Misetic. The deliberate indifference standard applies to a plaintiff's allegations of failure to investigate. *Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995). Further, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

The Wilmington Police Department argues the complaint fails to state a claim because it neither alleges deliberate indifference on its part, and further, there are no facts from which deliberate indifference can be inferred. Indeed, the allegations are that the Wilmington Police Department took action. It considered the request, and determined not to investigate because the allegations complained occurred three years earlier and the complaint did not fall under the

special circumstances exception to departmental rules. Moreover, the court notes that by the time Whitfield sought the investigation in May 2006, he had been tried, found guilty, his conviction was upheld on direct appeal and affirmed by the Delaware Supreme Court, and his motion for postconviction relief had been denied and the denial upheld by the Delaware Supreme Court.

Finally, Whitfield did not respond to this issue or attempt to point the court to any evidence tending to support his *Monell* claims. Whitfield has failed to proffer any evidence or inferences that would allow a reasonable mind to rule in his favor. Whitfield's failures prevent him from meeting the burden that is necessary under the case law to substantiate his claim. Accordingly, the court finds that, with respect to the *Monell* claim and the issue of failure to investigate, dismissal is appropriate.

## V.   CONCLUSION

For the above stated reasons the court will grant the Wilmington Police Department's motion to dismiss, or in the alternative, for summary judgment. (D.I. 10.) The court will deny as moot Whitfield's motion for voluntary dismissal. (D. I. 15.) The court will deny as moot the Wilmington Police Department's motion for leave to file a memorandum in opposition to the motion for voluntary dismissal. (D.I. 16.) An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

Sept 25, 2007
Wilmington, Delaware

FILED

SEP 25 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-541-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

### ORDER

At Wilmington this 15th day of Sept., 2007, for the reasons set forth in the Memorandum issued this date

1. The Wilmington Police Department's motion to dismiss, or in the alternative for summary judgment (D.I. 10) is **GRANTED**.

2. Mustafa A. Whitfield's motion for voluntary dismissal of the complaint (D.I. 5) is **DENIED** as **moot**.

3. The Wilmington Police Department's motion for leave to file a memorandum in opposition to the plaintiff's motion for voluntary dismissal of the complaint (D.I. 16) is **DENIED** as **moot**.

UNITED STATES DISTRICT JUDGE



FILED

SEP 25 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE